## SOVEREIGN BANK

### GUARANTY
(Robert Higgins)

TO:   Sovereign Bank
75 State Street
Boston, Massachusetts 02109

      To induce you to make or continue to make loans, advances, or grant other financial accommodations to G. F. Higgins, Inc., a Massachusetts corporation (hereinafter called the "**Borrower**"), and in consideration thereof and for loans, advances or financial accommodations heretofore or hereafter granted by you to or for the account of the Borrower; the undersigned Guarantor guarantees the payment to you of all sums which may be presently due and owing and of all sums which shall in the future become due and owing to you from Borrower pursuant to the Transaction Documents (as defined below) (hereinafter the "**Obligations**"); and also guarantees the due performance by the Borrower of all its Obligations under all present and future contracts and agreements with you related to the Transaction Documents.

      Guarantor also agrees: to indemnify you and hold you harmless against all obligations, demands and liabilities, by whomsoever asserted, and against all losses in any way suffered, incurred or paid by you as a result of or in any way arising out of, or following, or consequential to transactions with the Borrower pursuant to the Loan and Security Agreement (All Assets) of even date and related documents (the "**Transaction Documents**"); that this Guaranty shall not be impaired by any modification, supplement, extension or amendment of any contract or agreement to which the parties thereto may hereafter agree, nor by any modification, release or other alteration of any of the Obligations hereby guaranteed or of any security therefor, nor by any agreements or arrangements whatever with the Borrower or anyone else; that the liability of Guarantor hereunder is direct and unconditional and may be enforced without requiring you first to resort to any other right, remedy or security; that Guarantor shall have no right of subrogation, reimbursement or indemnity whatsoever, nor any right of recourse to security for the debts and Obligations of the Borrower to you, unless and until all of said debts and Obligations have been paid in full; that if the Borrower or Guarantor should at any time become insolvent or make a general assignment, or if a petition in bankruptcy or any insolvency or reorganization proceedings shall be filed or commenced by, against or in respect of the Borrower or Guarantor, any and all Obligations of Guarantor shall, at your option, forthwith become due and payable without notice; that your books and records showing the account between you and the Borrower shall be admissible in any action or proceeding, shall constitute prima facie proof of the items therein set forth; that this Guaranty is a continuing guaranty which shall remain effective until expressly terminated as hereinafter provided; that this Guaranty may be terminated as to Guarantor only by giving you thirty (30) days' prior written notice by registered or certified mail, and thereupon this Guaranty shall terminate with respect to such Guarantor only at the expiration of said thirty (30) days period which shall then be the effective date of termination; that such termination shall be applicable only to transactions having their inception after the effective date of termination and shall not affect rights and Obligations arising out of transactions having their

4208

inception prior to such date; that the death of Guarantor shall not effect the termination of this Guaranty as to such deceased or as to any other guarantor; that termination by any Guarantor shall not affect the continuing liability hereunder of guarantors as do not give notice of termination; that nothing shall discharge or satisfy the liability of Guarantor hereunder except the full payment and performance of all of the Borrower's debts and Obligations to you with interest; that any and all present and future debts and obligations of the Borrower to Guarantor are hereby waived and postponed in favor of and subordinated to the full payment and performance of all present and future debts and obligations of the Borrower to you; and that all sums at any time to the credit of Guarantor and any of the property of Guarantor at any time in your possession may be held by you as security for any and all obligations of Guarantor to you, no matter how or when arising, whether absolute or contingent, whether due or to become due and whether under this Guaranty or otherwise.

Guarantor agrees to pay on demand all fees, costs, and expenses of every kind incurred by you for any purpose arising from, relating to, or in connection with the Transaction Documents subject to any limitations contained therein, including, without limitation, fees, costs and expenses incurred by you in enforcing this Guaranty.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time payment of all or any part of the Obligations guaranteed hereunder is rescinded or otherwise must be restored by you to the Borrower or to the creditors of the Borrower or any representative of the Borrower or representative of the Borrower's creditors upon the insolvency, bankruptcy or reorganization of the Borrower, or to the Guarantor or to the creditors of the Guarantor or any representative of the Guarantor or representative of the creditors of the Guarantor upon the insolvency, bankruptcy or reorganization of any Guarantor, or otherwise, all as though such payments had not been made.

Guarantor waives: notice of acceptance hereof, presentment and protest of any instrument, and notice thereof; notice of default; and all other notices to which Guarantor might otherwise be entitled. Guarantor also waives any and all defenses relating to or resulting from your failure to acquire or perfect any security interest and any ability of the Borrower or its creditors or any representative of them to avoid payment of the Obligations or the secured nature of the Obligations under any bankruptcy or insolvency laws or any law under which the Obligations or security therefor may or could be deemed a fraudulent transfer.

GUARANTOR AND YOU HEREBY KNOWINGLY AND VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS GUARANTY. GUARANTOR HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF YOURS HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT YOU WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL PROVISION. GUARANTOR ACKNOWLEDGES THAT YOU HAVE BEEN INDUCED TO ENTER INTO YOUR LENDING RELATIONSHIP WITH THE BORROWER BY, AMONG OTHER THINGS, THE PROVISIONS OF THIS PARAGRAPH.

4209

This Guaranty shall be binding upon the heirs, successors, representatives and assigns of the Guarantor and shall apply to all Obligations of the Borrower and any successor to the Borrower, including any successor by operation of law and shall inure to your benefit and the benefit of your successors and assigns.

This Guaranty shall be governed, construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts. The Guarantor submits to the jurisdiction of the Courts of the Commonwealth of Massachusetts for all matters in connection with this Guaranty as well as for all purposes in connection with any other relationship between you and the Guarantor. It is the intention of the Guarantor that the provisions of this Guaranty be liberally construed to the end that you may be put in as good a position as if the Borrower promptly, punctually and faithfully performed all of its Obligations to you and as if the Guarantor had promptly, punctually and faithfully performed hereunder.

The Guarantor shall furnish his personal financial statement (on the Bank's form) and a copy of his federal tax returns to the Bank annually, within ninety (90) days after the end of each calendar year.

The Guarantor certifies that the Guarantor has read this Guaranty prior to its execution.

Executed under seal and dated July _28_, 2004.

Witnessed By:

_____   _____
                              Robert Higgins, Individually as Guarantor
                              Address:

U:\BTG\Sovereign\GF Higgins-6170-68\Guaranty-RH.doc

-3-

real personal or of whatever kind or nature and wherever situated, now or hereafter belonging to or acquired by this Corporation, and for said purposes to execute and deliver any and all consignments, promissory notes, security agreements, financing statements, designations, schedules, mortgages, agreements, instruments of pledge and/or other instruments in respect thereof, and to do and perform all such other acts and things deemed by such officer or agent necessary, convenient or proper to carry out, modify or supplement any such agreement and arrangements made with said Secured Party, hereby ratifying, approving and confirming all than any of said officers or agents have done or may do in the premises;" and it was further

"RESOLVED, that until said Secured Party receives notice in writing of any change or limitations of authority of any officers or any agents of this Corporation. Said Secured Party is authorized to rely upon the authority and power set forth in these resolutions;" and it was further

"RESOLVED, that any one (1) of the officers and/or persons authorized by the foregoing Resolutions, acting singly, may by written instrument furnished the Bank delegate to any other officer or person the same authority which is vested (singly and individually - collectively) by said Resolutions in the person(s) or officer(s) so delegating authority, which written delegation shall be in such form as may be requested by the Bank and may be subject to such restrictions and limitations as may be indicated thereon."

The undersigned hereby FURTHER CERTIFIES that the following are the names and the officers and agents of said Corporation authorized and empowered to act in accordance with said Resolutions, and their specimen signatures are as follows, namely:

President and Treasurer: _____
Gerald F. Higgins

IN WITNESS WHEREOF, the undersigned has hereunto set his hand and affixed the seal of said corporation hereby as of the _____ day of August, 2002.

_____
Gerald F. Higgins, Clerk

U:\JCP\Client Files\Attorneys\BTG\Sovereign\G.H.Higgins\Clerk's Certificate.doc

4191

Witness:                                        G. F. HIGGINS, INC.

*[signature]*                                   By: *[signature]*
Michael M. Laffan                                   Gerald F. Higgins, President
Robert A. Lupien

> THIS NOTE IS SECURED PURSUANT TO A SECURITY AGREEMENT (ALL ASSETS) DATED JUNE 22, 1990.

U:\JCP\Client Files\Attorneys\BTG\Sovereign\G.H.Higgins\Comm. Promissory Note.doc



**Sovereign**

SOVEREIGN BANK NEW ENGLAND
*A Division of Sovereign Bank*

August 15, 2002

G. F. Higgins, Inc.
825 Washington Street
Pembroke, MA 02349
Attn: Mr. Gerald F. Higgins, President

Re: <u>Eleventh Amendment of Commercial Revolving Line of Credit Agreement dated June 3, 1993, as amended.</u>

Gentlemen:

Reference is made to that certain Commercial Revolving Line of Credit Agreement dated June 3, 1993 (together with all exhibits thereto and amendments thereof, the **"Agreement"**) by and between G. F. Higgins, Inc. (the **"Borrower"**) and Sovereign Bank (successor in interest to Fleet National Bank, the **"Bank"**). Notwithstanding any provisions of the Agreement to the contrary, the Agreement is hereby amended, effective immediately, as follows:

1. All capitalized terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Agreement.

2. Section 2.1 of the Agreement is hereby deleted in its entirety and the following substituted therefor:

"2.1 **The Line of Credit.** Pursuant to the terms of this Agreement and upon the satisfaction of the conditions precedent referred to in Section 4 hereof, the Bank may, in its sole discretion, lend to the Borrower, and the Borrower may, in its sole discretion, borrow from the Bank, advances not to exceed the lesser of (i) Four Million ($4,000,000.00) Dollars (the **"Credit Limit"**) or (ii) the **"Borrowing Base"** (as hereinafter defined). If any discretionary advances are made during the period from the date hereof until May 31, 2004 (as such date may be extended in writing from time to time in the Bank's sole and absolute discretion, the **"Termination Date"**), unless an Event of Default occurs, the Borrower may borrow, repay and reborrow under this Agreement; provided, however, that all outstanding principal plus accrued and unpaid interest shall be paid in full on the Termination Date. The term **"Borrowing Base"** as used herein shall mean:

(a) seventy-five percent (75%) of the Borrower's uninsured accounts receivable under sixty (60) days from the invoice date thereof deemed eligible by Bank in its sole discretion; plus

4187

August 15, 2002

Gerald F. Higgins
41 Templewood Drive
Duxbury, MA 02332

  Re: <u>Reaffirmation of Unlimited Guaranty dated June 3, 1993</u>

Dear Gerry:

  Reference is made to your Unlimited Guaranty dated June 3, 1993 entitled "Guaranty Agreement" (hereinafter "**Guaranty**") pertaining to the obligations of G. F. Higgins, Jr. (the "**Borrower**") to Sovereign Bank (successor in interest to Fleet National Bank, the "**Bank**").

  The Guaranty was executed and delivered by you to the Bank in conjunction with certain financing arrangements between the Borrower and the Bank, which financing arrangements have been extended and amended as of the date hereof. Those financing arrangements have been amended as of the date hereof, pursuant to an Eleventh Amendment of Loan Agreement by and between Borrower and the Bank dated as of the date hereof.

  This letter will confirm that your Guaranty remains in full force and effect as of the date hereof without offset, counterclaim, or defense.

  Please acknowledge your agreement to the matters contained herein by signing this letter in the space provided and returning it to the undersigned.

           Very truly yours,

           SOVEREIGN BANK

           By: _____
           Robert A. Lupien, Senior Vice President

ACCEPTED AND AGREED TO:

_____
Gerald F. Higgins, Individually as Guarantor

U:\JCP\Client Files\Attorneys\BTG\Sovereign\G.H.Higgins\Reaff-Gty.doc

4189


# Sovereign Bank

July 28, 2004

G. F. Higgins, Inc.
825 Washington Street
Pembroke, MA 02349
Attn: Mr. Gerald F. Higgins, President

Re: <u>Twelfth Amendment of Commercial Revolving Line of Credit Agreement dated June 3, 1993, as amended</u>.

Gentlemen:

Reference is made to that certain Commercial Revolving Line of Credit Agreement dated June 3, 1993 (together with all exhibits thereto and amendments thereof, the **"Agreement"**) by and between G. F. Higgins, Inc. (the **"Borrower"**) and Sovereign Bank (successor in interest to Fleet National Bank, the **"Bank"**). Notwithstanding any provisions of the Agreement to the contrary, the Agreement is hereby amended, effective immediately, as follows:

1. All capitalized terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Agreement.

2. Section 2.1 of the Agreement is hereby deleted in its entirety and the following substituted therefor:

"2.1 **The Line of Credit**. Pursuant to the terms of this Agreement and upon the satisfaction of the conditions precedent referred to in Section 4 hereof, the Bank may, in its sole discretion, extend advances in the form of direct loans or letters of credit and acceptances issued for the account of the Borrower (together **"Letters of Credit"**), provided that the aggregate amount of such advances or Letters of Credit extended by the Bank to or for the account of the Borrower shall not exceed the lesser of (i) Three Million ($3,000,000.00) Dollars (the **"Credit Limit"**) or (ii) the **"Borrowing Base"** (as hereinafter defined). In addition, the Bank may extend discretionary advances of up to One Hundred Thousand ($100,000.00) Dollars in the aggregate in excess of the Borrowing Base (but not in excess of the Credit Limit) (the **"Overadvance"**). If the Borrower requests and the Bank extends any Overadvance(s) to the Borrower from time to time, such Overadvance(s) shall be repaid in full within sixty (60) days of the date that it is extended to the Borrower. Letters of Credit shall be issued by the Bank to the Borrower within the terms of the Borrowing Base and the Credit Limit in an aggregate amount not to exceed One Million ($1,000,000.00) Dollars. If any discretionary advances are made during the period from the date hereof until May 31, 2005 (as such date may be extended in writing from time to time in the Bank's sole and absolute discretion, the **"Termination Date"**), unless an Event of Default occurs, the