UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PROCAPUI-PRODUTORES de CAMAROES de
ICAPUI LTDA.

                                                                                                 07 Civil Action
                  Plaintiff,                        File No. 6627-BSJ

              v.

MARCIAL GERALD LAYANI, G. F. HIGGINS,
INC., THERESA HIGGINS, as Executrix of
THE ESTATE OF GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN,

                  Defendants.
------------------------------------------------------------x

REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIGGINS DEFENDANTS'
MOTION TO DISMISS

INTRODUCTION

      This Memorandum is in reply to the papers filed by Plaintiff on September 15, 2007 in opposition to the Motion of Defendants G.F. Higgins, Inc., Theresa Higgins, as Executrix of the Estate of Gerald Francis Higgins, Thomas Higgins and Robert Higgins (hereinafter the "Higgins Defendants or the "Higgins Parties") to dismiss pursuant to Rule 12 F.R.Civ.P.

# POINT I

## OBJECTION TO MATTERS OUTSIDE THE PLEADINGS

As part of its opposition papers, Plaintiff attaches an affidavit of Jozef Anavian and eleven exhibits. Its brief in opposition makes reference to many of them and bases important parts of its arguments on those documents. The Higgins Defendants object to the use of any materials other than (i) the Complaint itself, (ii) documents attached to the Complaint (there were seven exhibits to the Complaint none of which is among the papers annexed to the opposition papers) and (iii) matters of public record or matters as to which the Court may otherwise take judicial notice. Pursuant to Rule 12(b)(6), the Court may consider, on a Rule 12(b)(6) motion **ONL**Y such materials. *Paulemon v. Tobin*, 30 F. 3d 307 (2d Cir. 1994); *Hirsch v. Arthur Andersen & Co.*, 72 F. 3d 1085 (2d Cir. 1995); 1 Moore's Federal Practice § 12.34[2]. Rule 12(b)(6) reads as follows in pertinent part:

> . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of a pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion pursuant to Rule 56.

Under the above Rule, the Court must either ignore the improperly annexed materials in their entirety, including the arguments based on those materials in

counsel's brief, or it must notify the parties that it intends to treat the motion as one for summary judgment and provide an opportunity to provide such additional proof as may be required. Since, according to the allegations of the Complaint, this action involves a series of international business transactions over a period of years and involves claims of fraud and RICO violations, extensive discovery would be needed and any such converted motion would thus be subject to the provisions of Rule 56(f) requiring needed discovery to be taken first. Since the action is at a very preliminary stage and one in which the Higgins Defendants have not answered and no other named Defendant has appeared, this action is especially unsuited to such treatment. The Complaint must stand or fall on its own. Turning over a basket of papers and documents in the hope of convincing the Court that there must be something in there somewhere is not the answer to a motion which says that the Complaint is facially defective.

The Higgins Defendants object to the use of any material, other than the Complaint itself on this Motion and to the Court's consideration of the same in its determination and respectfully request the Court to exclude such materials from its consideration of the Motion.

The Higgins Defendants also object to the conversion of this Motion to a Rule 56 motion at this very preliminary stage. See 1 Moore's Federal Practice §

12.34[3][a].  If, however, the Court determines to convert the motion to a Rule 56 Motion, the Higgins Defendants request the maximum possible notice of its intent to do so and opportunity to supply affidavits and other proof or to conduct needed discovery.

To avoid any implication of waiver of their objections, the Higgins Defendants will not contravene the factual assertions made (or the surmise, guesswork, suspicion and speculation purportedly derived from those assertions) by Plaintiff in the improperly included materials at this time and no admission or concession with respect to those materials is intended.  The Court should be aware that the Higgins Defendants have a vastly different set of facts to offer to the Court and that they will deny the material allegations of the Complaint if and when required to answer a properly pleaded complaint.

## POINT II

### OBJECTION TO INADMISSIBLE MATERIALS AND AFFIDAVITS

Apart from the wholesale impropriety of attaching the documents at all, if the Court were to convert the Motion to a Summary Judgment motion, the documents filed with the opposition papers do not, in any event, comply with the provisions of Rule 56(e) F.R.Civ.P. requiring that the materials annexed be admissible in evidence.  Many of the documents, including the affidavit of Jozef

Anavian, are either entirely hearsay or are replete with hearsay. Other than Exhibits 4, 8, 8A, 8B and 11, the others are all subject to hearsay objections on the part of the Higgins Defendants, in some cases double or triple hearsay especially the incomplete "Extermination Report", Exhibit 9. None of the supposedly sworn documents from Brazil comply remotely with the requirements for authentication of foreign documents contained in 28 U.S.C. §§ 1740-1742, Rule 44(a)(2) F.R.Civ.P. or Rule 902(3) F.R.Ev. In particular, the unsupported assertions in footnote No. 4 on the fifth page of the Anavian declaration do not substitute for the actual authentication of the document under the above Rules nor do they make the document, even if properly authenticated, anything other than bald hearsay. (It may or may not be an admission on the part of Mr. Layani, if properly authenticated, but it is certainly not an admission by the Higgins Defendants and is hearsay as to them.) Even the documents which are not subject to hearsay and authentication exclusion are of doubtful relevance.

Thus, the documents filed with the responsive papers are inadmissable and may not be considered by the Court even if inclined to take the Motion as one for Summary Judgment.

## STATUTE OF LIMITATIONS ISSUES

Although the Higgins Defendants raised the Statute of Limitations issue so

as to be certain not to waive it and to highlight the total absence of particularity in the complaint (we can't tell if the statute has run absent clear allegations as to when things are alleged to have happened), Plaintiff nevertheless finds fault with the Higgins Defendants' assertions in this regard. The Complaint is of no assistance since it does not allege when the Plaintiff discovered its claimed injuries.

There is agreement between the parties that the Statute of Limitations applicable to civil RICO claims is four years, *Agency Holding Corporation v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L. Ed. 2d 121 (1987), and that it begins to run with the "injury" as defined in *Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed. 2d 1047 (2000). There the Supreme Court made clear that the Plaintiff did not need to discover that there was a RICO pattern or that the injury was part of a RICO pattern to start the clock running on his claim, only that he had been injured. "But in applying a discovery accrual rule, we have been at pains to explain that **discovery of the injury**, not discovery of the other elements of a claim, **is what starts the clock.**" *Rotella, supra*, at 555. [Emphasis added.]

While this issue cannot be fully examined given the paucity of detail in the Complaint, the Court should keep in mind that it is PROCAPUI, not Jozef

Anavian, which is the Plaintiff. In any examination of injury discovery, it is when Procapui knew of the injury, not when Jozef Anavian claims to have figured it out, that starts the period running. (The Complaint is framed, however, as if Anavian and the other shareholders were the Plaintiffs, not Procapui. See Complaint ¶¶ 29, 31, 34 and 39 where allegations are offered as to when Anavian knew or learned of various claimed facts.) The claimed injury arose, if at all, when Procapui sent shellfish or money to the Higgins company, for which they say they were not paid, or for which payment was allegedly discounted or diverted. Procapui knew of these alleged events as they occurred, instantly. The allegations of the Complaint show that Plaintiff's theory is that Defendant Layani, a claimed RICO conspirator, was running the business of Procapui. (See, e.g., Complaint ¶ 38.) Any actual or allegedly inaccurate invoices were generated solely by Procapui and not by Higgins. Instructions as to payments of funds allegedly diverted from Procapui came from Procapui. Anavian, one of Procapui's shareholders, may or may not have known of certain facts (in all of which the Higgins Defendants deny any involvement) but Procapui, through its then principal manager, Layani, was the principal alleged active participant and did allegedly know. The Complaint contains absolutely no allegation of discovery of the injury BY Procapui, much less when it occurred. The Complaint, therefore, is defective on this point, in

addition to many others. Anavian's claimed lack of knowledge at some unspecified time, as distinguished from Procapui's certain knowledge at the time of , however, cannot cure this.

The Higgins Defendants, lacking the details as to when Plaintiff claims the injuries occurred, cannot be more specific in their Motion founded on limitations grounds. Their Motion seeks a direction that any injury prior to July 24, 2003 be dismissed as barred.

## POINT III

### THE MOTION FOR A STAY SHOULD BE GRANTED

Plaintiff contests the Higgins Defendants' conditional application for a stay of this action pending the resolution of a two year old action in state court which is ready for trial. Of course, if the Court determines to grant our dismissal motion, this issue becomes moot. The Court is requested to take judicial notice of the proceedings in State Supreme Court and its proceedings as described below.

Plaintiff here is one of the Defendants in the State Court action, the other being Jozef Anavian. The Defendants have moved in the State Court action seeking precisely the reverse relief, asking the State Court to defer to this Court and this action. In that motion, it has asserted that this action, an action in which numerous Defendants have not even been served with process as yet, ought to take

priority. In other words, an action commenced in July, 2007 ought to trump one brought in September 2005 in which discovery is virtually complete and in which the Plaintiff here has made no counterclaim or other claim for relief and which is ready for trial. Plaintiff Procapui has told the State Court that it should defer to this action even though that action is ready for trial. The Court should not tolerate the manipulation of two Courts and their calendars.

Procapui could have filed a counterclaim in the State Court action but chose not to do so. It could have then counterclaimed and removed the case to this Court had they acted quickly. They chose not to do so. Instead, they delayed, telling the State Court and their adversaries over and again that they were going to Federal Court but never doing so until the last minute. They did not initiate discovery until March 15, 2007, a year and a half after the State Court action was begun. Now they seek to use the fruits of the State Court discovery to bring a Federal action and then to use its commencement as a reason to stay the State Court action. This cynical and inequitable course of proceeding should not be tolerated.

Plaintiff's counsel argues that the Higgins Defendants and their counsel have known that the Federal Court RICO action was part of Plaintiff's litigation plan. Of course, since last Fall when Mr. DeMaio was substituted as Procapui's counsel in the State Court action, he has been saying he intended to do so but did

not do so, month after month. In the meantime, discovery continued and was concluded. The State Court ordered that Plaintiff place the action on the trial calendar by August 1, 2007 and this was done. Finally, a few days before the July 31 discovery cutoff and the August 1 Note of Issue deadline, Procapui filed its RICO action on July 24. A few weeks ago, Procapui moved to stay the State Court action. The only fair inference is that Procapui having made no State Court counterclaim

    Procapui's counsel argues that the Higgins Defendants can get complete relief in the Federal Court action asserting the Higgins Defendants can bring a Third Party Claim against Jozef Anavian who is a Defendant in the State Court action. Of course, nothing of the kind can be done. A third party complaint may be used only where the party against whom the claim is asserted is liable to the Defendant/Third Party Claimant for the liability the Defendant may owe to the Plaintiff. Rule 14 (a) F.R.Civ.P. That is not the case here. It may be possible to bring in Anavian as an additional party under Rules 13, 19 and 20 F.R.Civ.P. but the Higgins Defendants, who have a perfectly valid and subsisting claim against him now in State Court should not be required to navigate the issues involved in such processes only to arrive where they are now. Further, of course, Anavian may well not be diverse from some of the named Defendants in this action and we

contend that Michael Layani is not diverse from anyone. If the Court were to dismiss the Federal claims and retain the State law claims, this jurisdictional issue would be made even more complex. Again, the Higgins Defendants have an action where they have jurisdiction and which is on the trial calendar. For Procapui to require the Higgins Defendants to undergo these additional procedures and risks and uncertainty is entirely unfair. Counsel's offer to accept service on Anavian (assuming Anavian has authorized it) solves only one part of the numerous problems.

The Court should stay this action and permit the State Court action to proceed.

## POINT IV

## THE COMPLAINT LACKS PARTICULARITY

The Higgins Defendants' main brief discusses the utter lack of particularity in the Procapui complaint and, particularly, those claims alleging RICO by Mail fraud, wire fraud and common law fraud. There is no dispute that particularity under Rule 9(b0 F.R.Civ.P. is required in such claims.

Procapui's answering brief does not contradict the Higgins parties' description of the allegations of the Complaint. In fact, its brief merely repeats the language and allegations which the Higgins parties point to as defective.

Procapui's counsel merely argues that the allegations are, in fact, sufficiently particular. The case law makes manifest that he is wrong. The allegations fail as a matter of law.

"When a complaint charges fraud, it must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Evercrete Corporation v. H-Cap Limited*, 429 F. Supp. 2d 612, 622 (S.D.N.Y. 2006), *quoting Harsco v. Segui*, 91 F. 3d 337, 347 (2d Cir. 1996).

In an even more recent decision by Judge Swain of this Court, she spells out the deficiencies of the complaint in *Caytas v. Maruszak*, 2007 WL 2456956 (S.D.N.Y., August 22, 2007) which are, in many respects very similar to those here. "Even this listing [of certain facts] lacks, however, the requisite specificity as to statements and speakers, and as to the respects in which particular statements are claimed to have been fraudulent. Caytas' pleadings of fraud thus fail to satisfy the particularity requirements of Rule 9(b)." Judge Swain quotes *Moore v. Paine Webber, Inc.*, 189 F. 3d 165, 173 (2d Cir. 1999) "In the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the

statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." In *Caytas*, the decision also criticizes the "Enterprise" allegations "... insofar as [plaintiff] contends that the alleged 'Maruszak Enterprise" is a group of individuals associated in fact, he has neither explained how the association in fact statutory concept applies to a group that allegedly consists of both individuals and artificial entities nor identified the governance or operational structure of the alleged association in fact enterprise in any consistent way, ...".

All of the defects found by Judge Swain in *Caytas* apply equally to the Complaint in this action.

Plaintiff, in its answering papers, does not disagree with the requirements of Rule 9(b) or the case law. Its position is that its Complaint does, in fact, meet those requirements. It does not.

Each Defendant's Actions.

The Complaint names seven Defendants including one corporation. Restricting ourselves to the Higgins Defendants, there is not a single allegation in the Complaint which says which of them did what. Was it Gerald or Thomas or Robert? Did the actions alleged occur when Gerald was even alive? What did Rubin or Blackman do which is being attributed to the Higgins Defendants, if

anything? Plaintiff has named each of them separately. It has the obligation to say what each of them did.

When?

Plaintiff in its arguments merely repeats the same language of the Complaint challenged by the Higgins Defendants regarding allegations of time. 'Between 2000 and 2004' and similar language does not tell anyone what is being claimed. Suppose, for example, one of the Higgins family was deceased or on vacation or in the hospital when a particular conversation or transaction occurred. Plaintiff's argument that it has bracketed a time period and said it applies to all is precisely what Rule 9(b) forbids.

Misrepresentations or omissions.

There is not one word in the Complaint in which any Defendant is alleged to have said or omitted anything - not one word. There are allegations of false invoices but no particulars as to which invoices on what dates, how they were "false" and what the "true" facts were. There are two invoices annexed to the Complaint, both of which evidence transactions as to which the four year limitations period has expired. Both of these are on Procapui letterhead and are in Portugese. They are Procapui documents, not those of the Higgins Defendants. If they and others like them are "false" in some respect, it is Procapui which

committed the falsehood. Were there other invoices which were wholly accurate? If so, which is which? While the Complaint attempts to allege that the Higgins Defendants "contrived" to have these invoices "doctored and altered" (Complaint, ¶¶ 55-61), it does not tell us what it was that each defendant did, when they did it, how they did it or what they did to so "contrive". Since the invoices were prepared by Procapui, not Higgins, if Plaintiff has any details concerning contentions as to the Higgins parties' role, it ought to allege them so that they can prepare to defend them.

## CONCLUSION

The Higgins Defendants believe that the Plaintiff has not made the necessary allegations because it cannot do so. It has no facts to detail or to support its allegations because there are none and that is because the events defectively alleged as to the Higgins Defendants simply did not happen. The entire theory of a "conspiracy" is a fiction and an attempt to evade and avoid the proper and legitimate lawsuit in State Court pursuant to which the Higgins parties expect to recover over $1.1 million due them from Procapui. Procapui, in its answering papers accuses the Higgins parties of being "disingenuous" and otherwise less than careful with the facts. The reverse is the truth.

Dated: New York, NY
       September 25, 2007

                                    Yours, etc.
                                    John J. Phelan, III, P.C.


                                    By/S/_____
                                       John J. Phelan, III(JP8632)
                                   Attorney for the Higgins Defendants
                                   1285 Avenue of the Americas
                                      Suite 3500
                                   New York, NY 10019
                                   (212) 315-3082
                                   Email: jphelaniii@att.net

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**PROCAPUI-PRODUTORES de CAMAROES de**
**ICAPUI LTDA.**

                              **Plaintiff,**

            v.

**MARCIAL GERALD LAYANI, G. F. HIGGINS,**
**INC., THERESA HIGGINS, as Executrix of**
**THE ESTATE OF GERALD FRANCIS HIGGINS,**
**THOMAS HIGGINS, ROBERT HIGGINS,**
**RICHARD RUBIN and NOEL BLACKMAN,**

                            **Defendants.**
-------------------------------------------------------------------x

**07 Civil Action**
**File No. 6627-BSJ**

**CERTIFICATE**
**OF SERVICE**

JOHN J. PHELAN, III, hereby certifies as follows:

    1.  I am attorney of record for The Higgins Defendants in the within action and am a member of the bar of this Court.

    2.  On September 25, 2007, I served the within Reply Memorandum of Law upon Luigi DeMaio, Esq, DeMaio & Hughes, 330 East 30th Street, New York, NY 10016, attorneys for Plaintiff, by filing such papers with the Clerk by electronic means on the Court's CM/ECF system.

Dated:  New York, NY
        September 25, 2007

                              Yours, etc.
                              John J. Phelan, III, P.C.


                              By /S/_____
                                 John J. Phelan, III (JP8632)
                              Attorney for Higgins Defendants
                              1285 Avenue of the Americas, # 3500
                              New York, NY 10019
                              Tel:  (212) 315-3082
                              Fax: (212) 315-3028
                              email: jphelaniii@att.net