UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
**PROCAPUI-Productores de Camaroes de Icapui Ltda.,**

                              Plaintiffs,

    -against-                                    **Case No.**  07 Civ 6627 (BSJ)

**MARCIAL GERALD LAYANI, G.F. HIGGINS
INC.,  THERESA HIGGINS as Executrix of
THE ESTATE OF GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN**

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
**G.F. HIGGINS, INC.,  THERESA HIGGINS as
Executrix of  THE ESTATE OF GERALD FRANCIS
HIGGINS, THOMAS HIGGINS, ROBERT HIGGINS**,

    Third-Party and Supplemental Plaintiffs,

    -against-

**JOZEF ANAVIAN,**

    Third-Party Defendant.
-------------------------------------------------------------------------X

**PLAINTIFF'S AND THIRD-PARTY AND SUPPLEMENTAL DEFENDANT'S
REPLY TO COUNTERCLAIM AND ANSWER TO CROSS-CLAIMS**

    Plaintiff and Supplemental Defendant, answering the Third-Party Complaint herein and Reply to the Counterclaim herein:

**AS TO THE FIRST COUNTERCLAIM,
SUPPLEMENTAL OR ADDITIONAL CLAIM**

    1.  Deny the allegations of paragraph 105 of the Answer to Complaint, Counterclaims, Third-Party Claims, Supplemental Claims and Cross-claims of Third-Party and Supplemental

Plaintiffs, hereinafter referred to as ( the "Answer").

2. Deny knowledge of information as to the allegations contained in paragraph 107 of the Answer.

3. Deny each and every allegation contained in paragraph 108 of the Answer but state that the document therein referred to speaks for itself.

4. Deny each and every allegation contained in paragraph 109 of the Answer but state that the document therein referred to speaks for itself.

5. Deny each and every allegation contained in paragraph 110 of the Answer but state that the document therein referred to speaks for itself.

6. Deny each and every allegation contained in paragraph 111 of the Answer but state that the document therein referred to speaks for itself.

7. Deny each and every allegation contained in paragraphs 112 and 113 of the Answer.

**AS TO THE SECOND COUNTERCLAIM,
SUPPLEMENTAL OR ADDITIONAL CLAIM**

8. Deny each and every allegation contained in paragraph 115 of the Answer except state that G.F. Higgins wired sums of money to various recipients.

9. Deny each and every allegation contained in paragraph 116, 117, 118 and 119 of the Answer.

## AS TO THE THIRD COUNTERCLAIM, SUPPLEMENTAL OR ADDITIONAL CLAIM

10.  Deny each and every allegation contained in paragraph 121 of the Answer.

11.  Deny each and every allegation contained in paragraph 122 of the Answer but state that the letter referred to was obtained through fraudulent means in furtherance of the arrangements orchestrated by the Higgins defendants.

12.  Deny each and every allegation contained in paragraph 123 of the Answer.

13.  Deny each and every allegation contained in paragraph 124 of the Answer.

14.  Deny each and every allegation contained in paragraph 125 of the Answer.

## AS TO THE FIRST SUPPLEMENTAL CLAIM

15.  Deny each and every allegation contained in paragraph 127 of the Answer but state that the document therein referred to speaks for itself.

16.  Deny each and every allegation contained in paragraph 128 of the Answer.

17.  Deny each and every allegation contained in paragraph 129 of the Answer but state that the document therein referred to speaks for itself.

18.  Deny each and every allegation contained in paragraph 130 of the Answer.

## AS TO THE FIRST CROSS-CLAIM

19.  Deny each and every allegation contained in paragraphs 132 and 133 of the Answer.

### AS TO THE SECOND CROSS-CLAIM

20. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in paragraphs 135 and 136 of the Answer.

### AS TO THE FIRST AND SECOND COUNTERCLAIM, SUPPLEMENTAL OR ADDITIONAL CLAIM

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The Answer fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The Third-Party and Supplemental Plaintiffs ignored and violated the terms of their own alleged contract with Procapui.

23. As a result thereof, the Third-Party and Supplemental Plaintiffs violated the terms of the alleged Guaranty issued by Jozef Anavian.

24. The acts and forbearances of the Third-Party and Supplemental Plaintiffs constitute a waiver of the claims and allegation made herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. The Third-Party and Supplemental Plaintiffs conducted their alleged contract and agreement with Procapui fraudulently and with the intent to deprive Procapui of the benefits of said contract and to divert said benefits to themselves and to others acting in concert with them.

**WHEREFORE,** plaintiff and third-party defendant demand judgment dismissing the Counterclaims, Cross-Claims and Third-Party Complaint herein together with costs and

disbursements as taxed.

Dated:
New York, NY
November 20, 2007

                                                               _____
Luigi P. De Maio (LPD 4175)
**DE MAIO & HUGHES, LLC.**
Attorneys for Plaintiff
330 East 30th Street
New York, NY 10016
(212)888-8300