UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
**PROCAPUI-Productores de Camaroes de Icapui Ltda.,**

                              Plaintiffs,

      **-against-**                                          **Case No.** 07 Civ 6627 (BSJ)

**MARCIAL GERALD LAYANI, G.F. HIGGINS
INC., THERESA HIGGINS as Executrix of
THE ESTATE OF GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN**

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**TAKE NOTICE**, that pursuant to Rule 34 of the Federal Rules of Civil Procedure plaintiff, by its attorneys, De Maio & Hughes, LLC., requests that defendants produce and permit plaintiff, or someone acting on its behalf, to inspect and copy the documents, individually and by category, set forth below as are in defendants' possession, custody or control, including that of present or former attorneys and accountants for defendants.

The documents are to be produced on December 20, 2007 at the offices of De Maio & Hughes, LLC, 330 East 30th Street, New York, NY 10016, and such documents are to be produced for inspection and copying as they are kept in the usual course of business or organized and labeled to correspond with the categories of this request.

## DEFINITIONS

The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) of Local Civil Rule Civil Rule 47 is incorporated by reference in this request.

"Procapui" refers to PROCAPUI-Productores de Camaroes de Icapui Ltda.

"Interbras" means Interbras Global Trading Co., Ltd.., a New York corporation.

"MC Holdings" mean MC Holding Corp., a New York Corporation.

"Maze" refers to a citizen of the Republic of Brazil acting as the agent for Star Financing.

## INSTRUCTIONS

a.   Each document is to be produced (along with all drafts thereof) in its entirety, without abbreviation or expurgation.

b.   This request shall be deemed continuing so as to require further and supplemental production if additional documents are received, generated or discovered after the time of the original production.

c.   All document demands cover the period set forth in the Complaint up to and including the present.

## DOCUMENTS TO BE PRODUCED

1. Copies of any communications between plaintiff or any of its officers, directors or employees with defendants.

2. All communications between defendants individually or any of its officers, directors or employees of any defendant with Marcial Layani.

3. All communications between plaintiff or any of its officers, directors or employees

with anyone acting for or on behalf of defendants or with any employee or accountant for any defendant.

    4. All communications with Boston Bay Brokers.

    5. All communications with Bank of Boston located in Brazil.

    6. All communications with any other persons relevant to the issues herein.

    7. All invoices sent by any defendant to Procapui or anyone acting for or on its behalf.

    8. Copies of all wire transfers made by any defendant with regard to any transaction with plaintiff or with Interbras, RIMIJO or MC Holdings Corp.

    9. Copies of all wire transfers sent by any defendant to Procapui or anyone acting for or on behalf of Procapui.

    10. Copies of all invoices sent by any defendant to Procapui, Interbras or MC Holdings Corp. or anyone acting for or on their behalf.

    11. Copies of all wire transfers sent to any other person or entity affiliated, legally or factually, with Procapui, Interbras or MC Holdings Corp. or anyone acting for or on their behalf.

    12. Copies of all e-mails, wires, letters or other written communications between any defendant or anyone else acting for or on behalf of any defendant with Procapui, Interbras or MC Holdings Corp. or anyone acting for or on their behalf.

    13. Any and all communications received by any defendant from Bank of Boston.

    14. Any and all communications received by any defendant from the Central Bank of the

Republic of Brazil.

15. Any and all agreements, understanding, undertakings or other writings between any defendant individually or any officer, director or employee of any defendant with Procapui, Interbras or MC Holdings Corp. or anyone acting for or on their behalf.

16. Any and all agreements, understanding, undertakings or other writings between any defendant individually or any officer, director or employee of any defendant with Marcial Layani.

17. Any communications, writings or other documents between any defendant individually or any officer, director or employee of any defendant with any Banks or accounts in the name of Procapui, Interbras or MC Holdings Corp. or anyone acting for or on their behalf.

18. Any communications between any defendant individually or any officer, director or employee of any defendant and Star Financing.

19. Any and all agreements, understanding, undertakings or other writings between any defendant or any officer, director or employee of any defendant with Star Financing.

20. Any communications, writing or other documents between any defendant or any officer, director or employee of any defendant and Eunice Oliviera or anyone acting for or on her behalf.

21. Any communications, writings or other documents between any defendant or any officer, director or employee of any defendant and Noel Blackman together with copies of any and all payments made by any defendant to Noel Blackman or anyone acting for or on his behalf.

22. Any communications, writings or other documents between any defendant or any officer, director or employee of any defendant and Richard Rubin together with copies of any and all payments made by any defendant to Richard Rubin.

23. Any communications, writings or other documents between any defendant or any officer, director or employee of any defendant and Maze.

24. Any communications, writings or other documents between any defendant or any officer, director or employee of any defendant with any person or entity to which any defendant claims to have transferred or wired funds on behalf of Procapui, Interbras or MC Holdings Corp. or anyone acting for or on their behalf.

25. Any and all agreements between plaintiff or any officer or director or employee of plaintiff and Noel Blackman or anyone acting for or on his behalf.

26. Copies of any checks, payments or other transfers of funds from any defendant or any officer, director or employee of any defendant to Noel Blackman.

27. Copies of any checks, payments or other transfers from any defendant or any officer, director or employee of any defendant to Marcial Layani.

28. Copies of any checks, payments or other transfers from any defendant or any officer, director or employee of any defendant to Eunice Oliviera..

29. Copies of any checks, payments or other transfers from any defendant or any officer, director or employee of any defendant to Maze.

30. All orders for goods shipped by defendant Procapui.

31. All records of orders placed by for lobster and/or shrimp with any supplier other than defendant Procapui for the period 2002 through 2004.

32. All records of sales of goods shipped by Procapui to third party customers.

33. Copies of defendants' monthly banking statements for the period 2002 through 2005.

34. Copies of any loan or financing agreements between any defendant and any bank, lender or other source of funding for the period 2002 through 2004.

35. Each and every document dealing with the formation, incorporation, operation or continuing business of Interbras including but not limited to shareholder books, Certificate of Incorporation, ledgers, correspondence or other materials kept in the ordinary course of business.

36. Each and every document dealing with the joint venture between Interbras and All American Food Group, Inc.

37. Each and every document, note, or item of correspondence between any defendant and one Louis Micelli.

38. Each and every document regarding Georgia Brunello.

39. Each and every document regarding Interaudi Bank.

40. Each and every document regarding Acarau Pesca Distributora de Pescado e Exp, Ltda.

41. All MC Holdings Purchases and Advances reports for the period January 1, 1999 to date.

42. All Schedules of Accounts of MC Holdings Corp. for the period January 1, 1999 to date.

43. All MC Holdings Reserve Account Reports for the period January 1, 1999 to date.

44. All MC Holdings Collection Reports for the period January 1, 1999 to date.

45. Any and all documents between Interbras, winners All International, Inc. and Designer Wear, Inc.

46. All Purchases and Advances reports of MC Holdings.

47. Any and all documents regarding Beacon Hill Service Corp.

48. All Settlement of Accounts of MC Holdings Corp.

49. All Receipts and Income Reports of MC Holdings Corp.

50. Any and all documents regarding wire transfers from Waxtrdae Industrial de Ceran, Ltda. to Interbras.

51. Any and all documents regarding wire transfers to Gulf Bank, Miami, Florida for the account of ZEONE.

52. Any and all documents regarding Trans Axiom Global Consultants.

53. Any and all documents regarding Fresh Meadows Investments Ltd.

54. Any and all documents regarding Terral Capital Ltd.

55. Any and all documents regarding Millenium Funding.

Dated: New York, NY
November 20, 2007

                                                                                                                         _____
Luigi P. De Maio (LPD 4175)
**DE MAIO & HUGHES, LLC.**
Attorneys for Plaintiff
330 East 30th Street
New York, NY 10016
(212)888-8300

TO:
John Phelan, III, Esq.
Attorney for Higgins Defendants
1285 Avenue of the Americas- Suite 3500
New York, NY 10019

Lawrence R. Lonergan, P.C.
Attorney for Richard Rubin
275 Seventh Avenue
New York, NY 10001
(212)206-9071


Noel Blackman
14706 Halwell Court
Cypress, TX 77429
RUTHBELFON@aol.com