AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

PROCAPUI PRODUCTORES CAMARAROES DE ICAPUI LTDA

V.

G.F. HIGGINS, INC, ET AL.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 07 CIV 6627 (BSJ)

TO: BANCO SAFRA
546 FIFTH AVENUE
NEW YORK, NY 10036

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DE MAIO & HUGHES, 330 EAST 30TH STREET, NEW YORK, NY 10016 | 1/9/2008 10:00 A.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A ANNEXED HERETO

| PLACE | DATE AND TIME |
|---|---|
| DE MAIO & HUGHES, 330 EAST 30TH STREET, NEW TORK, NY 10016 | 12/20/2007 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE 11/21/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LUIGI DE MAIO, DE MAIO & HUGHES, 330 EAST 30TH STREET, NEW YORK, NY 10016 (212)888-8300

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A
BANCO SAFRA S.A.

**THE FOLLOWING DOCUMENTS ARE REQUESTED FOR THE PERIOD COMMENCING JANUARY 1, 1999 THROUGH CURRENT DATE**

1. All books, papers records or documents regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

2. Bank statements for accounts in the name of G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

3. Correspondence from or to G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin.or any other affiliated person or entity

4. Loan documents and agreements regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

5. Wire transfers for the accounts of G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

6. Wire transfers from the accounts of G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

7. Requests for deposits regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

8. Loan agreement demands or documents regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

9. All documents regarding account numbers 7783 and 7789 maintained in the Sao Paulo, Republic of Brazil branch or in any other branch of the Bank.

10. Loan administration documents regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
PROCAPUI-Productores de Camaroes de Icapui Ltda.,

                          Plaintiffs,
      -against-                               Case No.  07 Civ 6627 (BSJ)

MARCIAL GERALD LAYANI, G.F. HIGGINS
INC., THERESA HIGGINS as Executrix of
THE ESTATE OF GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN

                          Defendants.
-----------------------------------------X
G.F. HIGGINS, INC., THERESA HIGGINS as
Executrix of THE ESTATE OF GERALD FRANCIS
HIGGINS, THOMAS HIGGINS, ROBERT HIGGINS,

      Third-Party and Supplemental Plaintiffs,

      -against-

JOZEF ANAVIAN,

      Third-Party Defendant.
-----------------------------------------X


**PLAINTIFF'S NOTICE TO TAKE DEPOSITION OF THIRD-PARTY WITNESS**


      **TAKE NOTICE** that pursuant to Rule 30 and Rule 45 of the Federal Rules of Civil Procedure, plaintiff, by its attorneys De Maio & Hughes, LLC., will take the deposition upon oral examination of Banco Safra before a Certified Shorthand Reporter, on January 9, 2008 2007 at 10:00 a.m. and continuing from business day to business day thereafter until completion, at the offices of the undersigned at 330 East 30th Street, New York, NY.

Dated: New York, New York
November 26, 2007

                                                Luigi P. De Maio (LPD 4175)
                                                **DE MAIO & HUGHES, LLC.**
                                                Attorneys for Plaintiff
                                                330 East 30th Street
                                                New York, NY 10016
                                                (212)888-8300

TO:
John Phelan, III, Esq.
Attorney for Higgins Defendants
1285 Avenue of the Americas- Suite 3500
New York, NY 10019

Lawrence R. Lonergan, P.C.
Attorney for Richard Rubin
275 Seventh Avenue
New York, NY 10001
(212)206-9071

Noel Blackman
14706 Halwell Court
Cypress, TX 77429
RUTHBELFON@aol.com