

RECEIVED

DEC 14 2007

CHAMBERS OF
ANDREW J. PECK

# DE MAIO & HUGHES, LLC.

### Attorneys and Counselors at Law

Hon. Aniello De Maio (1878-1945)*

Luigi Biaggio Maria De Maio (1879-1967)*

John Henry De Maio (1912-1967)

Hon. Thomas J. Hughes  (1912-1996)

Louis Victor De Maio (1916 - 19__)

Luigi P. De Maio

330 East 30th Street

NEW YORK, N.Y. 10016

TELEPHONE: (212) 888-8300

FACSIMILE: (212) 889-1391

E-mail:luigidemaio@netscape.net

Columbia County Office:

2540 State Route 82

Ancram, NY 12502

Tel: (518)329-2962

Facsimile: (518) 329-0852

*not admitted in New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/07

December 14, 2007

**BY TELECOPIER (212)805-7933**
Hon. Andrew Peck
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

## MEMO ENDORSED

**Procapui Productores de Camaraoes de Icapui, Ltda.  v.  Marcial Gerald Layani, et al.**
**File No.  07 Civ.  6627 (BSJ, AJP)**

Dear Magistrate Judge Peck:

We are the attorneys for plaintiff herein.

Today, I received the Response to Plaintiff's Rule 34 Request served by the Higgins defendants in this matter.  Previously, counsel for the Higgins defendants and I discussed the following and attempted to resolve the issue without success.

Under your rules and Local Rule 37.2 we are required to request an informal conference prior to making a motion to compel production of the documents in issue.

There does not appear to be any substantial disagreement except with respect to plaintiff's request 31 which requested:

parties are being or will be produced.

27. None.

28. None.

29. None.

30. All such documents in the possession, custody or control of the Higgins parties are being or will be produced.

31. Objected to as calling for the production of materials which are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence. Objected to the extent it calls for information regarding transactions other than transactions with the Plaintiff and/or other than the importation or purchase of the species of lobster and shrimp which was purchased from Plaintiff. It is understood that Plaintiff's counsel has limited this Request to only transactions in lobster and shrimp identical to those purchased from Plaintiff. Nevertheless, this is objected to as burdensome and oppressive and calling for the Higgins parties to conduct extensive searches of files and records of suppliers having nothing to do with the transactions at issue which files and records are not indexed or referenced by the type of goods purchased, therefore requiring the Higgins parties to search all its files to locate the few documents sought. Objected to as calling for information as to the domestic



**PROCAPUI**

THE NOBILITY OF THE SEA.

CNPJ: 04.196.103/0001-89    CGF: 06.305.020-0

June, 24th 2005.

I, Marcial Gerald Layani, do make the following declarations.

On June 29th, 2004 I have declared, that I personally have diverted funds, profits and capital, from Procapui Ltda, Brasil. This process was partially done with the help of shareholder officers of G.F.Higgins Pembroke U.S.A. Specifically Gerry Higgins and Thomas Higgins.

Our official invoices for shipments of lobsters and shrimps from Procapui Ltda Brasil, were approximately 20-50% less than actual real value of "" same day price" of the "same type of goods". This extra 20-50% was shared between Higgins and myself, Marcial Gerald Layani.

Thomas Higgins has full knowledge of this fact. Plus the facts such as, we were shipping illegal size lobsters (sizes 2 & 3) from Brazil. (the shared profits were very high on these illegal lobsters).And also both Thomas and Gerry Higgins were well aware that the money send to various accounts other than Procapui Ltda, in Brazil-;were for our mutual benefits and for our illegal activities. And the money send had absolutely nothing to do with Procapui Ltda., and with personal guarantee of Jozef Anavian.

As a matter of record, G.F. Higgins owes Procapui Ltd. Brasil, over $1,000,000.00 for the actual shipments. Plus he owes Procapui Ltda ., and its shareholders one half of all the illegitimate discounts that they have received.

All these were done with total secrecy from the shareholders of Procapui Ltda., shareholders .None of the members of my family or the shareholders of Procapui Ltda, were aware of any of these illegal activities.

Marcial Gerald Layani
President and General Manager

**Witnesses**

Leyla Anavian

CARTORIO

MARCIAL
GERALD LAYANI

30 NOV 2005

AV. ENG. ALBERTO SÁ, 480 – PAPICU – CEP 60175-395 FONE/FAX: +55 (85) 262-7550
FORTALEZA/CE - BRASIL

31. All records of orders placed by for lobster and/or shrimp with any
supplier other than defendant Procapui for the period 2002 through 2004.

I enclosed the relevant portion of the Higgins' defendants' Response for your reference.

The complaint herein alleges, *inter alia*, that the Higgins defendants engaged in a scheme
principally with the former President of plaintiff to acquire product from plaintiff at unreasonable
and illegal discounts and then share the proceeds of said discounts among themselves. The sworn
statement of the former President is annexed to the complaint, copy enclosed.

We have requested defendants invoices for similar product that they have purchased from
other suppliers during the relevant period. We initially agreed to limit the time period to 2002 to
2004 [there appears to have been very limited sales in 2004], being the period of the highest
number of transactions between the parties. Mr. Phelan requested that we limit that request to
"similar" shrimp and "similar" lobster, and we agreed to that request. Despite that agreement,
thereafter, Mr. Phelan advised that defendants would not produce even those documents.

The relevance and materiality of the request is apparent. In the event that defendants
documents show that they were purchasing "similar" shrimp and "similar" lobster from others at
the same time at substantially higher, there is a strong indication that defendants were acting with
plaintiff with full knowledge of the facts and those documents would be highly probative of the
allegation of the complaint.

Please schedule a conference at which hopefully the above may be resolved without
formal motion.



**MEMO ENDORSED** 12/17/07

Respectfully,

Luigi P. De Maio

cc:
**BY E-MAIL**
John J. Phelan, III, P.C.
Lawrence R. Lonergan, P.C.
Mr. Noel Blackman
(with enclosures)

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

BY FAX

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
### Southern District of New York
### United States Courthouse
### 500 Pearl Street, Room 1370
### New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:**  December 17, 2007                    **Total Number of Pages:**  5

| TO | FAX NUMBER |
|---|---|
| Luigi P. De Maio, Esq. | 212-889-1391 |
| John J. Phelan, III, Esq. | 212-315-3028 |
| Lawrence R. Lonergan, Esq. | 212-366-6950 |
| Noel J. Blackman | 281-256-9433 |

# TRANSCRIPTION:

**MEMO ENDORSED 12/17/07**

In principle, Request 31 should be complied with.  If there is a way to sample to reduce the burden, or take 1 year instead of 2, w/o prejudice to plaintiffs' rights to seek more (and defendants' objections), the parties should work it out.  The matter can be further addressed at the 1/9 conference if necessary.


**Copy to:**    Judge Barbara S. Jones