# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN  DISTRICT OF  FLORIDA

PROCAPUI PRODUCTORES DE CAMARARAOES
ICAPUI, LTDA

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER: [1] 07 CIV. 6627 (BSJ)

G.F. HIGGINS, INC, ET AL

TO: SUN AMERICAN BANK
100 MIRACLE MILE
MIAMI, FL 33134-5430

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| KAPLAN, LA COUR & ASOC. 5915 PONCE DE LEON BLVD., CORAL GABLES, FL 33146 | 02-05-2008 10:00 A.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| KAPLAN, LA COUR & ASOC. 5915 PONCE DE LEON BLVD., CORAL GABLES, FL 33146 | 01-25-2008 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Attorney for Plaintiff

DATE
01-10-2008

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LUIGI DE MAIO, DEMAIO & HUGHES, LLC., 330 EAST 30TH STREET, NEW YORK, NY 10016 (212)888-8300

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

  (2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)  fails to allow reasonable time for compliance,
    (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)  subjects a person to undue burden.

  (B)  If a subpoena
    (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

  (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**THE DOCUMENTS REQUESTED ARE FOR THE PERIOD COMMENCING JANUARY 1, 1999 THROUGH THE CURRENT DATE**

THE DOCUMENTS REQUESTED WERE ACQUIRED BY SUN AMERICAN BANK AS A RESULT OF THE SALE BY GULF BANK OF ITS NON-REAL ESTATE ASSETS AND DEPOSITS TO PAN AMERICAN BANK OF WHICH SUN AMERICAN BANK IS THE SUCCESSOR.

PURSUANT TO STATE AND FEDERAL LAW SUN AMERICAN BANK ASSUMED THE OBLIGATION OF MAINTAINING THE RECORDS.

1. All books, papers records or documents regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

2. Bank statements for accounts in the name of G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

3. Correspondence from or to G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin.or any other affiliated person or entity

4. Loan documents and agreements regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

5. Wire transfers for the accounts of G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

6. Wire transfers from the accounts of G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

7. Requests for deposits regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

8. Loan agreement demands or documents regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin or any other affiliated person or entity.

10. Loan administration documents regarding G.F. Higgins, Inc., Gerald Francis Higgins, Thomas Higgins or Robert Higgins, Procapui Productores de Camaraoes Icapui, Ltda., Marcial Layani, Star Financing Corp., Tansy, SA, Noel Blackman, Richard Rubin.

11. All documents, bank statements, wire transfers or other financial records regarding account number 010015555110

12. All documents, bank statements, wire transfers or other financial records regarding Banque Credit de Commercial, Ltd.

13. All documents, bank statements, wire transfers or other financial records regarding any account in the name of "Zeone" or bearing the reference "Zeone".

14. All documents, bank statements, wire transfers or other financial records regarding MC Holdings Corp.

15. Any and all documents, bank statements, wire transfers or other financial records regarding Interbras Global Trading Corp.

# LAW OFFICES OF GREGORY MARTIN
801 BRICKELL AVENUE, 9TH FLOOR
MIAMI, FLORIDA 33131
TEL: (305) 789-6620  FAX: (305) 328-4687

Direct Dial: 786-260-7235

Email: GAMartinLaw@aol.com

January 7, 2008

By telecopier (212) 889-1391 and U. S. Mail

Luigi de Maio, Esq.
De Maio & Hughes, LLC
330 East 30th Street
New York, New York 10016

    Re:  Procapui Productores de Camaraoes Icapui, Ltda.
        v. G. F. Higgins, Inc.
        U. S. D. C. (S. D. Fla.) Case No.: 07-6627 CIV BSJ

Dear Mr. de Maio:

  This firm represents Gulf Corporation f/k/a Gulf Bank ("Gulf"). Gulf has received your subpoena duces tecum ("the subpoena") for deposition on January 15, 2008 at 10:00A.M. in Coral Gables, Florida.

  Gulf has no documents that are responsive to the subpoena. Gulf sold its non – real estate assets, loans and deposits to Pan American Bank (now Sun American Bank) on February 17, 2004. It surrendered its banking charter for cancellation and subsequently adopted a Plan of Liquidation and Dissolution. As required by law, all banking records of its then – existing and previous customers were turned over to Pan American Bank, which assumed the obligation of maintaining those banking records in compliance with the applicable state and federal banking laws. Therefore, any subpoena for production of a customer's banking records should be addressed to Sun American Bank and not to Gulf.

  In light of this information, please let me know whether you are willing to cancel the January 15, 2008 deposition and release Gulf from the subpoena.

  Thank you for your anticipated cooperation.

Very truly yours,

Gregory A. Martin

GAM/as
cc: Salvador Bonilla - Mathe