```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
PROCAPUI-Productores de Camaroes    :
De Icapui Ltda.,                    :
                                    :
                 Plaintiff,         :
                                    :      07-CV-6627 (BSJ)
            v.                      :
                                    :
                                    :            Order
MARCIAL GERALD LAYANI, G.F. HIGGINS,:
INC., THERESA HIGGINS as Executrix of:
THE ESTATE OF GERALD FRANCIS HIGGINS,:
THOMAS HIGGINS, ROBERT HIGGINS, RICHARD:
RUBIN and NOEL BLACKMAN,            :
                                    :
                 Defendants.        :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Procapui-Productores de Camaroes de Icapui Ltda. ("Plaintiff" or "Procapui") brings this suit pursuant to the civil action provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), based on activities alleged to be in violation of 18 U.S.C. § 1962(c). Plaintiff also asserts a common law fraud claim against all Defendants and a common law claim for refusal to pay for goods sold and delivered against Defendant G.F. Higgins, Inc. ("Higgins, Inc.").

Plaintiff alleges that Defendants Marcial Gerald Layani ("Layani"), Higgins, Inc., its officers and principal shareholders Theresa Higgins (as Executrix of the Estate of

1

Gerald Francis Higgins), Thomas Higgins, and Robert Higgins (Higgins, Inc. together with the individual Higgins Defendants, "the Higgins Defendants"), Richard Rubin ("Rubin") and Noel Blackman ("Blackman"), constituted an enterprise that willfully and knowingly engaged in a pattern of racketeering activity, including extortion, mail fraud, and wire fraud, that resulted in injury to Procapui. Before the Court is the Higgins Defendants' motion to dismiss the Complaint. For the reasons set forth below, the Court finds that Plaintiff's RICO cause of action fails to satisfy the pleading particularity requirements of Federal Rule of Civil Procedure 9(b) as to all Defendants. Accordingly, the Defendants' motion is GRANTED in part.

## BACKGROUND[1]

Procapui is a Brazilian corporation whose principal business consists of developing and maintaining farms to import shrimp and lobster from Brazil. In or about 1999, RIMIJO International Trading Corp. ("RIMIJO"), a New York corporation and the predecessor in interest to Procapui, was formed by Layani, Rubin, and Blackman, with investors Rita Zahabian ("Zahabian"), Jozef Anavian ("Anavian"), and Layani each holding a 1/3 interest in the company.

---

[1] This factual summary is drawn from the Complaint, the factual allegations of which are accepted as true for the purpose of deciding this motion.

2

Plaintiff contends that Layani, Rubin, and Blackman caused RIMIJO, and later Procapui, to enter into lopsided or fraudulent contracts with other corporations in which Layani, Blackman and/or Rubin had ownership interests that were undisclosed to Zahabian and Anavian. These contracts were entered into in order to embezzle funds, and to deprive RIMIJO of its assets, profits, and corporate opportunities. Moreover, in or about 2000, Layani, Blackman, and Rubin introduced Procapui to Higgins, Inc.—ostensibly for the purpose of selling lobster and shrimp to Higgins, Inc.—in order to further divert the assets and profits of Procapui to Defendants. Procapui's merchandise was sold to Higgins, Inc. for substantial discounts, the proceeds of which were diverted in the form of "kickbacks" to the Higgins Defendants.

Plaintiff bases its § 1962(c) RICO claims in three different predicate acts related to its business dealings. First, Plaintiff alleges that Defendants committed extortion, in violation of 18 U.S.C. § 1951, when Layani, acting in concert with Rubin, Blackman, Gerald Higgins, Higgins, Inc., Robert Higgins and Thomas Higgins, threatened to kill Anavian and his family if any attempt to redress or report the diversion of funds was made. Compl. ¶ 50-51. Second, Plaintiff alleges that Defendants committed mail fraud by mailing the false invoices used to facilitate the fraudulent transactions between Procapui,

3

Higgins, Inc. and the corporations controlled by Layani, Rubin and Blackman. Compl. ¶ 54-61. Plaintiff also accuses Defendants of committing wire fraud by using wire transfers to execute these fraudulent transactions. Compl. ¶ 62-66. Plaintiff's common law fraud claim recasts the above allegations as material misrepresentations, while the second common law claim for relief is based on Defendant Higgins, Inc.'s failure to pay approximately $1.5 million to Procapui for goods sold and delivered. Compl. ¶ 79-86.

On September 11, 2007, the Higgins Defendants filed the motion to dismiss the Complaint that is presently before the Court.[2] Defendant Rubin filed an answer with affirmative defenses to the Complaint on October 3, 2007. Layani and Blackman have yet to respond to the Complaint.

## DISCUSSION

I.  Jurisdiction

The Court has jurisdiction over the RICO claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

---

[2] The Court notes that there is also a suit currently pending before the Supreme Court of the State of New York, commenced in September 2005, in which Higgins, Inc. seeks to collect on a previous loan of approximately $1,100,000 to Procapui and to enforce a mortgage guaranty of a portion of this amount against Anavian. Mem. of Law in Supp. of Higgins Defs.' Mot. to Dismiss at 21. The Higgins Defendants have asked the Court to stay the present action pending the determination of this state court action. The Court declines to stay this action on these grounds, although, as discussed below, the claims that remain in this action following dismissal of the RICO claims are stayed until Plaintiff repleads or, if not, until a determination can be made regarding subject matter jurisdiction over the state law claims.

II. Motion to Dismiss

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). A motion to dismiss a RICO claim may only be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." McLaughlin v. Arthur Anderson, 962 F.2d 187, 190 (2d Cir. 1992)(citations omitted); see also Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Weisman v. Le Landais, 532 F.2d 308, 311 (2d Cir. 1976) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. Allen, 945 F.2d at 44. Thus, to the extent that Plaintiff has submitted affidavits and other materials in connection with its opposition to the motion to dismiss that are not incorporated by reference in the

5

Complaint, the Court may not consider these documents in connection with its decision on the motion presently before it.

III. Failure to Plead With Particularity

To state a RICO claim for damages under 18 U.S.C. § 1962(c), a plaintiff must plead seven elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly conducted or participated in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. See 18 U.S.C. § 1962(c); Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983); The Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. Ltd., 154 F. Supp. 2d 682, 690 (S.D.N.Y. 2001).[3]

With respect to the requirement that Plaintiff prove that Defendants committed two predicate acts of "racketeering activity," the RICO statute defines "racketeering activity" as comprising specific enumerated crimes. 18 U.S.C. § 1961(1)(B). The enumerated crimes include mail fraud and wire fraud, which are alleged in this case. A RICO claim alleging mail or wire fraud must prove that the defendants engaged in "(1) a scheme to

---

[3] Once a plaintiff has adequately alleged defendant's violation of section 1962, a plaintiff then faces a second burden: invoking RICO's civil remedies of treble damages, attorneys fees and costs. Moss, 719 F.2d at 17 (citation omitted). "To satisfy this latter burden, plaintiff must allege that he was 'injured in his business or property by reason of a violation of section 1962.'" Id. (citation omitted).

6

defraud (ii) to get money or property, (iii) furthered by the use of interstate mail or wires." United States v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000). A plaintiff must prove that the defendant knowingly participated in the scheme and that the misrepresentations were material. Id.; see also S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996). The predicate mail or wire communications must be a part of the execution of the fraud and "incident to an essential part of the scheme." Schmuck v. United States, 489 U.S. 705, 711 (1989). Furthermore, where more than one defendant is charged with fraud, it is necessary for a plaintiff to particularize and prove each defendant's participation in the fraud and each defendant's enactment of the two necessary predicate acts. See Di Vittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987); Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 550 (S.D.N.Y. 2000); Moeller v. Zaccaria, 831 F. Supp. 1046, 1056 (S.D.N.Y. 1993).

The Higgins Defendants argue that Plaintiff's RICO and common law fraud claims should be dismissed because they are not pled with adequate particularity in accordance with Federal Rule of Civil Procedure 9(b).[4] It is well settled that when a RICO plaintiff alleges that one of the predicate acts is fraud, as in

---

[4] Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

7

the present case, the predicate acts must be pled with particularity. See Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999); Plount v. Am. Home Assurance Co., 668 F. Supp. 204, 207 (S.D.N.Y. 1987). In fact, previous courts have found Rule 9(b)'s heightened particularity requirement to have special urgency in civil RICO actions, due to the intrinsically vague nature of RICO claims and the significant fairness interest in ensuring defendants adequate notice of the charges brought against them. Schmidt v. Fleet Bank, No. 96 Civ. 5030 (AGS), 1998 U.S. Dist. LEXIS 1041, at *18 (S.D.N.Y. Feb. 4, 1998).

In light of Plaintiff's obligation to meet the heightened pleading requirements of Rule 9(b), we examine what precisely this burden demands of the Complaint. Generally, pleading fraud with particularity requires the plaintiff to "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Anatian, 193 F.3d at 88 (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1127 (2d Cir. 1994)). To satisfy Rule 9(b), a RICO complaint should include: the identities of the actors, the precise actions taken or statements made, the time, place, and methods of communication including dates of telephone calls or mailings, and the precise effects of the fraudulent activity.

McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) (holding Rule 9(b) requires plaintiffs to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements"). Where there are multiple defendants, as in the instant case, a court may reject, for want of particularity, complaints that group defendants together or fail to particularize the wrongful acts attributable to each defendant. Di Vittorio, 822 F.2d at 1247-48.

Here, Plaintiff's predicate fraud claims concern numerous financial relationships and transactions, both large and small, over a period of years. Even allowing for the scope of the fraud Plaintiff alleges, however, Plaintiff fails to sufficiently particularize the "when, where and why" aspects of the mail and wire fraud predicate claims. The Complaint does not specify which entries or amounts on the invoices or payments were false or misleading, give particulars as to the respect in which the invoices and payments were fraudulent, state on which date the allegedly fraudulent entries and payments were made, or identify who among the Defendants were responsible for particular statements or transfers. Instead, the allegations set forth in the Complaint are made in vague and conclusory

9

paragraphs that do not detail who among the several Defendants committed various acts, or when any of the alleged acts occurred—except to say that such acts occurred within a period of certain years. To wit:

> For a continuous period from in or about 2000 through...about early 2005, Layani, G.F. Higgins, Gerald Higgins, Thomas Higgins and Robert Higgins contrived to defraud Procapui and embezzle its assets and profits and transfer those assets and profits to themselves.

Compl. ¶ 40. While Plaintiff has attached to its Complaint a collection of Procapui invoices and affidavits, these documents do not shed further light on the specifics of the alleged fraud or who among the Defendants was responsible for any of the alleged acts. Accordingly, the Complaint is not sufficient to meet the pleading requirements of Rule 9(b) with respect to its allegations of mail and wire fraud.[5]

While only the Higgins Defendants have moved for dismissal at this time, the Court finds that the Complaint fails against all of the Defendants named therein, as it is not possible to determine who is responsible for any of the predicate acts

---

[5] The Court notes that Plaintiff's claim for extortion—which is based on allegations that Anavian's life was threatened by several defendants—also fails. The Court is particularly troubled by the inconsistency in the allegations set forth in the Complaint and the exhibits which were purportedly attached in support of this claim. Specifically, Exhibit A, a handwritten letter from non-party Leyla Anavian that would be inadmissible for its truth, states that <u>Layani</u>—not Anavian—was "threatened" and "afraid for his life." Furthermore, the Court finds no reference to threats to Anavian or members of his immediate family in the translated document at Exhibit B.

described. While Plaintiff is not required to recount each Defendant's precise participation in every allegation involving fraud, the Defendants' collective interest in adequate notice is not fulfilled by these broad and indefinite accusations. A more particularized statement of the wrongful acts attributable to each Defendant is needed.

IV. Jurisdiction Over Remaining State Law Claims

Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction over the state law claims was appropriate at the outset of this case as the common law claims formed part of the "same case or controversy" as the civil RICO claims which provided the basis for federal question jurisdiction. However, under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. See Schaefer v. Town of Victor, 457 F.3d 188, 210 (2d Cir. 2006); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 102-03 (2d Cir. 1998) (holding that the district court properly exercised its discretion in declining supplemental jurisdiction after dismissing the federal claims on summary judgment).

Plaintiff argues that an independent basis for subject matter jurisdiction exists, however, and that the Court may retain jurisdiction over the remaining claims. Plaintiff

11

asserts that the Complaint satisfies the diversity jurisdiction requirements of 28 U.S.C. 1332(a)(3) as Plaintiff is a Brazilian corporation, Layani, Rubin and Blackman are all U.S. citizens and New York residents, Higgins, Inc. is a Massachusetts corporation, and the remaining Higgins Defendants are all U.S. citizens and Massachusetts residents. Compl. ¶¶ 3-10. The Higgins Defendants, however, have submitted to the Court a Declaration of named Defendant Marcial Gerald Layani—who notes that he has not been served with any process in this action and that he does not intend to appear or waive service in submitting the Declaration—stating that he is not a New York resident but is a permanent resident of Brazil. Decl. dated Aug. 13, 2007.

The pertinent legal principles with respect to diversity jurisdiction are well-established. To the extent relevant here, diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," id. § 1332(a)(3). However, diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens. Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) (citing Romero v. Int'l Terminal

12

Operating Co., 358 U.S. 354, 381 (1959) (dictum); Dassigienis v. Cosmos Carriers & Trading Corp., 442 F.2d 1016, 1017 (2d Cir. 1971) (per curiam)).

"When faced with questions regarding subject matter jurisdiction, a court is permitted to rely on information beyond the face of the complaint." St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) (internal citations omitted). Accordingly, in the present case, the Court may consider the affidavit submitted by Defendants. However, at this time, the Court reserves judgment on the question of diversity jurisdiction in this case in light of its decision that Plaintiff has leave to replead in this matter.

Thus, Plaintiff may file and serve an Amended Complaint including facts sufficient to satisfy the requisites of Rules 9(b) and 12(b)(6) as to the federal RICO claims, and/or to demonstrate an independent jurisdictional basis as to his common law claims as well as to satisfy the requisites of Rule 9(b) insofar as those claims are premised on allegations of fraud. If Plaintiff elects not to timely file and serve such an amended pleading, the Court will issue an order dismissing Plaintiff's RICO claims with prejudice and will schedule a conference at which time the parties shall address whether jurisdiction should then remain as to the common law claims following dismissal of the RICO claims. Until such time as Plaintiff files and serves

any amended pleading or, if not, until a determination can be made regarding the appropriateness of jurisdiction over the remaining state law claims, discovery and any other further proceedings in this matter are stayed.

## CONCLUSION

For the reasons described herein, the motion to dismiss is GRANTED in part and the Plaintiff's RICO and common law fraud claims against all Defendants in the action are dismissed pursuant to Federal Rules of Civil Procedure 9(b). Within 45 days from the date of this Order, Plaintiff may file and serve an Amended Complaint including facts and allegations sufficient to satisfy Rule 9(b) to the extent those claims are premised on allegations of fraud. If Plaintiff elects not to timely file and serve such an amended pleading, the Court will enter an order dismissing the RICO claims with prejudice and will schedule a conference at which time the parties shall address whether jurisdiction should then remain as to the common law claims. Until such time as Plaintiff files and serves any amended pleading or, if not, until a determination can be made regarding the appropriateness of jurisdiction over the remaining state law claims, discovery and any other further proceedings in this matter are stayed.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         January 11, 2008