UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PROCAPUI-PRODUTORES de CAMAROES de
ICAPUI LTDA.

                    Plaintiff,

       v.

MARCIAL GERALD LAYANI, G. F. HIGGINS,
INC., THERESA HIGGINS, as Executrix of
THE ESTATE OF GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN,

                    Defendants.
------------------------------------------------------------x
G.F. HIGGINS, INC., THERESA HIGGINS, as
Executrix of the Estate of GERALD FRANCIS
HIGGINS, THOMAS HIGGINS and ROBERT
HIGGINS,

                    Third Party and
                      Supplemental Plaintiffs,

       v.

JOZEF ANAVIAN,

                    Third Party and
                      Supplemental Defendant.
------------------------------------------------------------x

07 Civil Action
File No. 6627-BSJ
Mag AJP

### MEMORANDUM OF LAW IN SUPPORT
### OF MOTION TO DISMISS AMENDED COMPLAINT
### AND FOR OTHER RELIEF

-1-

## INTRODUCTION AND SUMMARY

This Memorandum is offered in support of the Motion of G.F. Higgins, Inc., Theresa Higgins as Executrix of the Estate of Gerald Francis Higgins, Thomas Higgins and Robert Higgins (the "Higgins Defendants" or the "Higgins Parties") seeking to dismiss, pursuant to Rules 9(b), 12(b) F.R.Civ.P. and other statutes and rules, the Amended Complaint of Plaintiff dated February 20, 2008 and served and filed February 21, 2008.

On January 11, 2008 this Court granted the Higgins Parties Motion and dismissed Plaintiff's claims of RICO and common law fraud for failure to state such claims with requisite particularity. The Court granted leave to Plaintiff to attempt, within 45 days, to replead these claims. On February 21, 2008 Plaintiff served its Amended Complaint.

The Amended Complaint seeks to cure the numerous pleading defects of the initial Complaint which defects were detailed in the Court's decision and Order dated January 11, 2008. In this regard it fails utterly and creates some new defects not present in the earlier pleading.

The Amended Complaint now contains four claims, two of alleged RICO violations (mail fraud and wire fraud), one of common law misrepresentation and one for goods had and received. Eliminated is the former first claim which sought to

make a RICO claim for extortion by threats of violence and the claim that there was a fraud on the U.S. Customs Service. The Higgins Defendants are no longer charged with participating in threats to "murder" anyone. The remaining claims, however, are as poorly pled as was that ridiculous claim.

The Amended Complaint also purports to eliminate as Defendants Marcial Gerald Layani, Richard Rubin and Noel Blackman and to do away with Jozef Anavian as a Third Party and Supplemental Defendant. Such unilateral attempted dropping of these parties is unlawful and ignores the requirements of Rule 21 F.R.Civ.P. that parties may be added or dropped *only* by Court Order and ignores the fact that the Higgins Parties' Answer dated November 13, 2007 makes cross-claims against Layani and Rubin (but not Blackman) and adds Anavian as a Third Party and Supplemental Defendant. Oddly, the Amended Complaint continues to make allegations about Layani, Blackman and Rubin but no longer makes any legal claim against them.

On appropriate Court order after notice to all parties, the Higgins parties have no objection to the dropping of Noel Blackman as a Defendant. Neither the Higgins Parties, Rubin, Layani nor Third Party and Supplemental Defendant Anavian have interposed any claims against Blackman.

Plaintiff's rationale for attempting to drop these parties is obvious,

particularly in the case of Layani. In our earlier motion, we pointed out that, if the Court dismissed the RICO claims, there would then be no subject matter jurisdiction over the remaining common law claims since Layani, as a U.S. citizen domiciled in Brazil, would destroy diversity jurisdiction, citing *Brady v. Brown*, 51 F. 3d 810 (9th Cir. 1995). Realizing, perhaps, that the Court was less than enthusiastic about its RICO claims, aware that it would find great difficulty in satisfactorily amending its complaint and fearful of having the entire case dismissed, Plaintiff now seeks to drop Layani. The issues regarding dropping parties, fiddling with the roster of parties to create jurisdiction, prejudice to the Higgins Parties and related issues will be dealt with below.

The Amended Complaint entirely fails to supply virtually all of the matters found lacking by the Court in its January 11 decision. The only additional information supplied by the Amended Complaint is the annexing as exhibits of three schedules of transactions, none of which, as is also detailed below, shows anything about what any of the Higgins Parties did or said in remotely sufficient detail. (The Amended Complaint also annexes a purported statement of Layani which was also annexed to the initial complaint as well.)

The Court should dismiss the revised attempted RICO and fraud claims as it did the earlier ones, should not permit the dropping of the other Defendants (except

for Blackman) and should dismiss the common law claims on the ground of lack of subject matter jurisdiction. This case should be immediately returned to the State Court where G.F. Higgins, Inc. commenced it in 2005.

## POINT I

### THE AMENDED COMPLAINT FAILS TO ALLEGE RICO FRAUD OR COMMON LAW FRAUD WITH REQUISITE PARTICULARITY

The Court's January 11, 2008 decision sets out at pages 6 to 11 with precision and care the requirements of particularity under Rule 9(b) F.R.Civ.P. as well as the many ways in which Plaintiff's initial complaint failed to meet those requirements. The Court notes the "heightened" requirement for particularity in RICO cases. The RICO charges remaining in the amended complaint attempt to sound in mail fraud and wire fraud. There is also a charge of common law "misrepresentation" which also falls squarely within Rule 9(b). The only claim not requiring special particularity is the Fourth Claim attempting to state a "goods sold and delivered" claim. As stated above, the preposterous extortion by threats claim and the assertion of fraud on the Customs Service have been dropped.

The Court's January 11 decision and Order contains, *inter alia*, the following rulings regarding the particularity requirements:

> A plaintiff must prove that the defendant knowingly participated in the scheme and that the misrepresentations were material. [Citations

-5-

> omitted.] ... Furthermore, where more than one defendant is charged with fraud, it is necessary for a plaintiff to particularize and prove each defendant's participation in the fraud and each defendant's enactment of the two necessary predicate acts. [Citations omitted.]

January 11 Order, p. 7.

> In light of Plaintiff's obligation to meet the heightened pleading requirements of Rule 9(b), we examine what precisely this burden demands of the Complaint. Generally, pleading fraud with particularity requires the plaintiff to "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" [Citations omitted.] To satisfy Rule 9(b), a RICO complaint should include: the identity of the actors, the precise actions taken or statements made, the time, place, and methods of communication including the dates of telephone calls or mailings, and the precise effects of the fraudulent activity.

January 11 Order, p. 8.

> Where there are multiple defendants, as in the instant case, a court may reject, for want of particularity, complaints that group defendants together or fail to particularize the wrongful acts attributable to each defendant.

January 11 Order, p. 9.

The above rulings are not only clear and succinct and an accurate recitation of the controlling legal principles, they are also now law of the case. Accordingly, we will not further brief the law regarding particularity requirements. We respectfully refer the Court to our earlier Memorandum.

The language of the Amended Complaint itself adds virtually nothing to the

earlier complaint. Other than the four exhibits newly attached to the Amended Complaint nothing new is added which might remedy any of the deficiencies found by the Court in the earlier complaint. Indeed, certain allegations of the original complaint, principally relating to the activities allegedly involving Rubin and Blackman, but also others, have been eliminated or altered. The text of the Amended Complaint adds nothing of substance which might cure the prior pleading's deficiencies.

In evaluating the sufficiency of a pleading, the Court may consider documents annexed to the pleading as the Court stated on p. 5 of the January 11 Order.

The first such document, Exhibit 1 was annexed to the initial complaint as Exhibit E and has already been found insufficient to allow the complaint to survive the January 11 Order. (This document is, of course, entirely hearsay as regards the Higgins Defendants. While it may be, if authenticated, considered non-hearsay as to Layani under Rule 801(2) F.R.Ev., it may not, under the same Rule, be used to establish the participation of the Higgins parties in any of the alleged activities. It is also challenged, upon information and belief, as a forgery. See ¶ 99 of the Higgins Parties' Answer.)

The remaining three documents, Exhibits 2, 3 and 4 are all schedules of

transactions. (Each of them bears a header including the words "Produced by Higgins". This is intended to mean, we assume, not that the schedules themselves were produced by Higgins, because none of them was, but rather that the schedules were prepared based on documents produced by the Higgins parties either in this action or in the previous state court action.)

The first schedule is a list of invoices. It must be recalled that the transactions between the parties were loans by Higgins to Procapui and sales of fish by Procapui to Higgins and, in some cases, cash repayments of amounts loaned. (See Agreement annexed to Higgins Parties' Answer as Exhibit A and see ¶¶ 107 - 108 of the Answer.) The invoices, accordingly, could not have been and were not prepared by Higgins. Rather, although the Amended Complaint states (¶ 42) that the invoices were sent "by Layani", THE INVOICES COULD ONLY HAVE BEEN PREPARED BY PROCAPUI as part of its business dealings. Paragraph 40 of the Amended Complaint describes them as "invoices of Procapui" and ¶ 42 describes them as "Procapui invoices". What else could they be? If they were not Procapui invoices, they have nothing to do with this case. If they were, they could not have misled Procapui.

Apart from the fact that the purchase orders (not the invoices), which were prepared by Higgins and agreed to by Procapui, controlled the prices for each

shipment (see, e.g., ¶ 2.4(a) of the Working Capital Agreement, Exh. A to the Higgins Answer), there is no explanation in the Amended Complaint of the attached exhibits as to how documents prepared and transmitted by Procapui to Higgins could constitute a fraud on Procapui. If Procapui prepared the document, it is a logical and legal impossibility that they could have been misled by it or could have relied on any false information in it. (The Court should note that numerous Higgins purchase orders were also produced in discovery which Plaintiff has chosen not to annex as exhibits.)

Exhibits 3 and 4 to the Amended Complaint are schedules of wire transfers from Higgins to Procapui. Again, we are left to wonder how it is that money sent by Higgins to Procapui constitutes a fraud on Procapui. Procapui says that some of the money on the schedules went to unauthorized third parties, including but apparently not limited to those listed on Exhibit 4 as going to Star and Tansy. Assuming, *arguendo*, the truth of this preposterous theory, that Procapui did not know where the money was going, it certainly knew it was shipping fish and that it was not receiving payment.

(Again, Plaintiff fails to attach the hundreds of instructions produced by Higgins in discovery sent by Procapui and signed by Layani, Anavian and other instructing Higgins where to send the payments, including to Star and Tansy. There

-9-

is no explanation as to how payments were allegedly misapplied from June 25, 2002 through at least August 5, 2003, some 52 in all, without the Plaintiff noticing. Again, the Court must keep in mind, in determining whether or not fraud is properly alleged, that it is Procapui who is the Plaintiff. If Procapui had complete information, there is no fraud. Whether Anavian knew or not is irrelevant. He is not the Plaintiff.)

More important, even, than the above is the total lack of any allegation in the Amended Complaint or the attachments which would show, what false statements were made or omissions made, to whom, when, by which Defendant, who relied on them and how. There is no allegation of scienter, even a general statement. There is no attempt whatsoever to separate what each defendant did or said. Gerald Higgins' estate is entitled to know what Gerald is said to have said or done as distinguished from what Thomas or Robert did or said. While some details have been added through the attached schedules, they are details of time and amounts concerning transactions which, on their face, can be either fraudulent or ordinary, routine business transactions. It is the facts making them a "fraud" which are entirely lacking in the Amended Complaint. This pleading must be dismissed as the prior one was. As Plaintiff has had a full opportunity to correct its pleading defects and has not done so, the RICO and common law fraud claims should also be

dismissed.

## POINT II

## PLAINTIFF HAS IMPROPERLY ATTEMPTED TO
## DROP PARTIES WITHOUT COURT AUTHORIZATION

In its January 11, 2008 decision and Order, the Court granted leave to Plaintiff to file an amended complaint "... including facts sufficient to satisfy the requisites of Rules 9(b) and 12(b)(6) as to the federal RICO claims, and/or to demonstrate an independent jurisdiction basis as to his common law claims as well as to satisfy the requisites of Rule 9(b) insofar as those claims are premised on allegations of fraud."  January 11 Order, p. 13.  The Order went on to say "...Plaintiff may file and serve such Amended Complaint including facts and allegations sufficient to satisfy Rule 9(b) to the extent those claims are premised on allegations of fraud."  January 11 Order, p. 14.  No application for leave to add or to drop any parties was made or granted.

Rule 21 F.R.Civ.P. reads as follows:

**Rule 21.  Misjoinder and Non-Joinder of Parties**

Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and *on such terms as are just*.  Any claim against a party may be severed and proceeded with separately.  [Emphasis added.]

-11-

As stated, no motion was made nor leave granted to drop any parties and all parties in the case before the Amended Complaint remain in the case.

Here Plaintiff has attempted to drop parties by the simple expedient of amending its complaint. While the Defendants have all answered and, therefore, Plaintiff's time to amend as of right, has expired, the Court did grant express leave to amend but only within the parameters set forth above. Courts have differed as to whether, where a Plaintiff amends his pleading as of right, he may add or drop parties without leave specifically to do so. There is no disagreement, however, that where other parties have already answered, leave to add or drop must be sought. "Once the defendant files a responsive pleading, however, the standards for adding [or dropping] parties are the same under both Rule 15 and Rule 21, since the plaintiff is required to obtain leave of court under both Rules." 3 Moore, Federal Practice, Third Ed. § 15.16[1]. The standard under Rule 15 is that leave to amend is freely granted "when justice so requires".

In the present case, the Higgins Parties would be severely prejudiced by permitting Plaintiff to drop Defendant Layani. He is clearly, on review of the initial Complaint and the Amended Complaint, the principal alleged wrongdoer. He is the one in possession of all the critical facts. The Higgins Parties have produced

thousands of documents and appeared for depositions. We may be sure that, if there were further documents pointing the finger at the Higgins Parties, Plaintiff would now be calling them to the Court's attention. Whatever explanation is needed for the issues Plaintiff attempts to raise, Layani has it or no one does.

The Higgins Parties answered at the direction of the Magistrate Judge and, in doing so, cross-claimed against co-Defendants Rubin and Layani, but not against Blackman. The Higgins Parties made a Third Party and Supplemental claim against Jozef Anavian and brought him into the action. Their rights against these other parties depend, at least in part, on the allegations of Plaintiff against those persons. The Higgins Parties will clearly be prejudiced by having them dropped from the action at this point. If Plaintiff moves for leave to drop them as it must, the Higgins Parties will oppose except as to Blackman.

For now, the Higgins Parties request a ruling that the Amended Complaint is not to be read as having dropped any of the other parties except Blackman. If, when such matters have been fully litigated, Layani is retained as a Defendant in the case, the Higgins Parties' motion to dismiss the common law claims on subject matter jurisdiction grounds will be ripe for determination as well in accordance with the procedures outlined by the Court in the January 11 Order.

**POINT III**

## THE STATUTE OF LIMITATIONS BARS THE RICO
## CLAIMS FOR TRANSACTIONS PRIOR TO JULY 24, 2003

In the event the Court determines to sustain the RICO claims, the Higgins Parties renew their motion that Plaintiff's RICO claims or portions thereof be treated as barred under the Statute of Limitations.

Our earlier Memorandum analyzed the law regarding the Statute of Limitations for RICO claims and cited *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987) and *Rotella v. Wood*, 528 U.S. 549, 120 S. Ct. 1075, 145 L.Ed. 2d 1047 (2000) to demonstrate that the applicable period of limitations is four years and that it commences to run with each injury and that each injury starts a new period of limitations for that injury.

In *Bankers Trust Co. v. Rhoades*, 859 F. 2d 1096 (2d Cir. 1988), *cert. denied*, 490 U.S. 1007 (1989), the Second Circuit held, consistently with *Rotella*, that each injury in a series creates a new cause of action and starts its own limitations period running. Thus, any clim of injury or loss to Plaintiff in this case, filed July 24, 2007, which injury or loss is alleged to have occurred on or prior to July 23, 2003 is barred by the statute of limitations.

In the motion addressed to the earlier Complaint, we asked that all

transactions prior to July 24, 2003, four years prior to filing, be barred.  We now make that more specific and ask that all transactions on Exhibits 2, 3 and 4 to the Amended Complaint with dates on or prior to July 23, 2007 be treated as barred.

Certainly, Procapui cannot be said to have needed more than the four years allowed to "discover" transactions appearing on its own records and to make any inquiry necessary to determine if there was a pattern of "racketeering".  The Amended Complaint itself alleges (¶22) that the claimed wrongdoing was "discovered" in "early 2004".  The "injuries" allegedly occurring on or before July 23, 2003 are clearly barred.

## POINT IV

## OTHER RELIEF

In their earlier Motion, the Higgins Parties sought relief other than that described above, including a More Definite Statement of the RICO and fraud charges, and other relief.  The Higgins Parties persist in such requests to the extent not ruled earlier upon and do not intend any waiver by not including them here.

In addition, the Higgins Parties request that, pending the determination of these motions, the Court stay all discovery.  Given the paucity of the RICO and fraud allegations of the Amended Complaint, the expenditure of substantial additional sums on discovery seems wasteful.

Dated: New York, NY
      March 6, 2008

                                            Yours, etc.

                                            John J. Phelan, III, P.C.

                                            By/S/_____
                                              John J. Phelan, III (JP8632)
                                          Attorneys for Defendants G.F.
                                          Higgins, Inc., Theresa Higgins, as
                                          Executrix for the Estate of Gerald
                                          Higgins, Thomas Higgins and Robert
                                          Higgins
                                          1285 Avenue of the Americas,
                                           Suite 3500
                                          New York, NY 10019
                                          Tel: (212) 315-3082
                                          Fax: (212) 315-3028
                                          Email: jphelaniii@att.net

TO: Luigi P. DeMaio, Esq.
     DeMaio & Hughes, LLC
     Attorneys for Plaintiff
     330 East 30th Street
     New York, NY 10016
     (212) 888-8300

     Lawrence R. Lonergan, P.C.
     Attorney for Defendant Rubin
     275 Seventh Avenue
     New York, NY 10001
     email: llonergan1@aol.com

     Noel Blackman, *Defendant pro se*

14706 Hallwell Ct.
Cypress, TX 77429-2385
NoelBlackman@sbcglobal.net