UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PROCAPUI-PRODUTORES de CAMAROES de
ICAPUI LTDA.

|  |  |
|---|---|
| **Plaintiff,** | **07 Civil Action**<br>**File No. 6627-BSJ**<br>**Mag. Judge Andrew**<br>**J. Peck** |
| **v.** |  |

MARCIAL GERALD LAYANI, G. F. HIGGINS,
INC., THERESA HIGGINS, as Executrix of
the Estate of GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN,

**DECLARATION OF
JOHN J. PHELAN, III
IN SUPPORT OF
HIGGINS PARTIES'
MOTION FOR
SANCTIONS**

                                   **Defendants.**
-------------------------------------------------------------x
G.F. HIGGINS, INC., THERESA HIGGINS, as
Executrix of the Estate of GERALD FRANCIS
HIGGINS, THOMAS HIGGINS and ROBERT
HIGGINS,

                    **Third Party and
                     Supplemental Plaintiffs,**

              **v.**

JOZEF ANAVIAN,

                    **Third Party and
                     Supplemental Defendant.**
-------------------------------------------------------------x

    JOHN J. PHELAN, III declares under penalty of perjury that the following statements are

true and correct:

1.  I am a member of the Bar of this Court and am attorney of record for G.F. Higgins, Inc., Theresa Higgins as Executrix of the Estate of Gerald Francis Higgins, Thomas Higgins and Robert Higgins (the "Higgins Parties") in the within action.  I make this Declaration on my own knowledge based on my participation as counsel for the Higgins Parties.  It is made in support of the Higgins Parties' Motion seeking sanctions pursuant to Rule 11 F.R.Civ.P. against Plaintiff, Third Party and Supplemental Defendant Jozef Anavian ("Anavian") and against their counsel, Luigi DeMaio and his law firm DeMaio & Hughes, LLP.

2.  The ground of the Higgins Parties' sanctions motion, as detailed in the accompanying Memorandum, is that the pleadings filed by the above parties and counsel are entirely unsupported by any evidence, that the assertions made in the pleadings attempt to allege fraudulent and outrageous conduct on the part of the Higgins Parties which Plaintiff and counsel know to be false or, at least, entirely lacking in evidentiary support, that they have been notified repeatedly of the falsity of their accusations and of the lack of evidentiary support, that the Court has found their initial pleading dated July 24, 2007 to be insufficiently pled and that they have now, after obtaining very substantial discovery, filed an amended pleading repeating many of the same allegations with no significant additional detail and with no additional evidentiary support.  The amended complaint does not identify any allegations which need further discovery, if that were the case, as required by Rule 11 (b)(3) F.R.Civ.P.  It is assumed, therefore, that Plaintiff and its counsel have completed their investigation and require nothing further to support their allegations.

3.  Annexed hereto and filed herewith are the following exhibits:

Exhibit A: Copy of the Complaint dated July 24, 2007.

Exhibit B: Copy of the Answer, Counterclaims, Cross-claims and Third Party and Supplemental Claims of the Higgins Parties dated November 13, 2007 which asserted counterclaims against Plaintiff and added Anavian as Third Party and Supplemental Defendant.

Exhibit C: Copy of the Reply of Plaintiff to the Higgins Parties' pleading.

Exhibit D: Copy of the Answer of Anavian dated November 20, 2007 to the claims against him.

Exhibit E: Copy of the decision and Order of the Court dated January 11, 2008 dismissing the purported RICO and fraud counts of the Exhibit 1 Complaint for lack of particularity.

Exhibit F: Copy of the Amended Complaint filed by Plaintiff February 21, 2008.

Exhibit G: Copy of a letter dated July 12, 2007 from me to Mr. DeMaio cautioning him regarding his then draft proposed Complaint.

Exhibit H: Copy of a letter dated July 31, 2007 from me to Mr. DeMaio incorporating those cautions after reviewing the filed initial Complaint.

Exhibit I: Copy of letter dated January 23, 2008 from me to Mr. DeMaio repeating those cautions after reviewing the Court's January 11, 2008 decision and Order.

4.  The Court's attention is also respectfully directed to the papers filed by the Higgins Parties dated August 16, 2007 and the reply Memorandum dated September 25, 2007 seeking dismissal of the initial Complaint and to the similar papers on the Higgins Parties' Motion to dismiss the Amended Complaint filed March 6, 2008.


5.  In addition to the letters described above and annexed hereto as Exhibits, I have several

times communicated to Mr. DeMaio orally, either in person or by telephone, that he had no case and that there was no evidence to support the matters alleged in his pleadings since those events had never happened.

6.  I have been involved in the litigation of this action before this Court since it was filed in July, 2007 and in the related State Court action since November, 2006.  The action in State Court was commenced on September 15, 2005, two and one half years ago, and I was substituted as G.F. Higgins' counsel in November, 2006.  Mr. DeMaio and his firm or a predecessor firm have been involved in the State Court action since at least October, 2006 and in this action since its filing in July, 2007.  The related State Court action is a simple contract claim by G.F. Higgins, Inc. against Procapui and a claim on the guaranty of those contractual obligations against Jozef Anavian.  There was no claim asserted by Procapui in the State Court action.  G.F. Higgins, Inc., Procapui and Anavian were the only parties to that action.

7.  Discovery in the State Court action was commenced and extensive document productions were made on both sides.  The deposition testimony of Thomas Higgins, Robert Higgins and Anavian were taken.  Mr. DeMaio has stated that he had visited Procapui in Brazil, had reviewed thousands of documents and had interviewed personnel of Procapui while there. Accordingly, the allegations in the initial Complaint in this Court were made after extensive investigation of the facts and documents by Mr. DeMaio.  After the initial Complaint in this action was filed, discovery was commenced by both sides.  Again, there was very significant document production made on both sides and a further deposition was taken of Defendant Rubin.  Thus, since Mr. DeMaio and I have appeared in the State Court action and in this action, there has been very considerable investigation and even greater opportunity for investigation.  Seven months

intervened between the filing of the initial complaint and the amended complaint. Mr. DeMaio cannot claim that the pleadings he filed were filed under any special time pressure or before he had the full opportunity to look into the matter. Despite this opportunity, he continues to persist in the same assertions as in the initial complaint but has provided no significant additional evidentiary support for them.

8. While discovery was interrupted by the Court's grant of the Higgins Parties' dismissal motion in January, 2008, what is clear is that, despite the production of thousands of pages of documents by both sides and despite Plaintiff having claimed to have completed its document production, not one document has been produced which supports in the smallest way the central contentions of the Complaints. Those central contentions include:

(i) that Higgins deliberately underpaid for fish sold by Procapui. Not one word is alleged about how the price paid differed from what Plaintiff now says should have been paid or how Plaintiff calculates the purportedly proper price or whether there is a market price at all for a commodity which is ordered at a price which requires prediction of its value after a lengthy sea voyage when the prices may have changed significantly during shipment. There is not one word about what any of the Higgins parties did in connection with any such transaction. There is not one example of a single transaction that was underpaid. There is no attempt to show what the loss was due to claimed underpayment, not one single transaction. Nothing about which of the Higgins parties did what, dates or even what was done. There is not one conversation, telephone call, meeting, email, fax pointed to.

(ii) that the Higgins parties split the resulting savings with Layani. Not one transaction is identified. No statement about how it was done or the dates on which the Higgins parties are said

to have made these financial transactions or which of them made the transactions. No example is given. Yet the Higgins parties are charged with being in a "kickback" scheme in which Layani is said to have diverted money due Procapui and splitting it with the Higginses. There is no detailed evidence to support such a claim against the Higgins parties and Plaintiff, Anavian and their counsel know it.

(iii) that the Higgins parties imported undersized lobsters. Again, not one transaction is identified nor are any of the other details given. They have not even alleged, much less produced any proof of, the laws or rules this is supposed to have violated [Brazil? U.S.?] or how it could have damaged Procapui.

(iv) that Layani and the Higgins parties diverted payments due to Procapui to Star and Tansy. Plaintiff has not stated which of the Higgins parties did what. While a list of the wire transfers is annexed to the amended complaint, there is no information as to who Star and Tansy are, what, if any relationship they had with any of the parties, including Layani or Procapui or Anavian. No details are provided as to how this is a fraud when we have produced written instructions which were sent to Higgins by Procapui for each transaction to send the funds to Star or Tansy. Plaintiff, Anavian and their counsel know that we had faxed instructions from Procapui as to every single payment, some signed by Anavian. There were wire transfer instructions for numerous payments TO Anavian. There was one instruction, signed by Anavian directing payment to another third party payee, Nash, Ltd. Plaintiff, Anavian and their counsel know that the agreement says that we are REQUIRED to pay as instructed. (See last sentence of ¶ 2.2(b) of the Working Capital Agreement between the parties, Exhibit A to the Answer, Crossclaims, counterclaims and third party claims of the Higgins Parties). Businesses are frequently and

-6-

routinely instructed to pay third parties such as factors and other lenders or third parties for sums due to those with whom they do business. This is not surprising or unusual. Plaintiff, Anavain and counsel know their assertions of diversion of funds are not only unsupported by the evidence but are unsupportable and false.

(v) The pleadings say that the Higgins parties shared in these diverted funds. Not a single transaction or document showing any payment to or receipt by the Higginses from any source other than Procapui has been furnished or described or identified. Yet the Plaintiff has not claimed that it requires further discovery on this issue as required by Rule 11(b)(3) F.R.Civ.P. We must assume, therefore, that they are relying on the documentation already in their possession and there is nothing there which supports these bizarre contentions. We have an accusation of outright stealing of money with no details and no evidentiary support.

(vi) Plaintiff's pleadings say that the invoices were fraudulent. The invoices were, according to the documents produced by both sides, prepared and sent BY Procapui TO Higgins. Apart from this conundrum of how Procapui could have been deceived or misled by something it prepared, the invoices are not the documents which set the prices for transactions between the parties. Both Robert and Thomas Higgins testified in depositions in the state court action that the prices paid were, in each case, set by the orders sent BY Higgins TO Procapui and then agreed to by Procapui. Despite the Higgins parties' production of many such documents, Plaintiff chooses to ignore them and rely on invoices which it knows did not set the price of shipments. The Working Capital agreement confirms in ¶ 2.4(a) that it is the ORDERS, not the invoices, which set the prices. Plaintiff, Anavian and counsel know this contention to be false.

9. In addition to all of the above, Plaintiff has no proof of damages. Plaintiff has still not

provided any detailed Rule 26(b) damage information as to how it calculates its damages although such disclosures were required months ago. The complaint alleges no details on how it arrives at its damage figures. This is so because Plaintiff has no proof connecting any conduct of the Higgins parties to any loss by Procapui.

10.   The Court, in her January 11, 2008 decision and order dismissing the fraud claims in the initial complaint of pleading grounds, provided to Plaintiff's counsel a roadmap of what facts he needed to plead and, *a fortiori*, needed to be able to prove at trial and for which, therefore, he needed to have evidentiary support. These include:

- "... that the defendant knowingly participate in the scheme...". Decis. p. 7.

- "... where more than one defendant is charged with fraud, it is necessary for a plaintiff to particularize and prove each defendant's participation in the fraud...". Decis. p. 7.

- "... The identities of the actors, the precise actions taken or statements made, the time, place, and methods of communication including dates of telephone calls or mailings, and the precise effects of the fraudulent activity." Decis. p. 8.

- while Plaintiff attaches to its amended complaint long schedules of wire transfers it still "... does not specify which entries or amounts on the invoices or payments were false or misleading, give particulars as to the respect in which the invoices and payments were fraudulent, state on which date the allegedly fraudulent entries and payments were made, or identify who among the defendants were responsible for particular statements or transfers." Decis. p. 9.

11.   While the above rulings of the Court were addressed to the particularity requirements of the initial complaint, they, nonetheless, also provide an outline of what Plaintiff needs to prove. Rule 11 prohibits, in brief summary, alleging what you know you cannot prove. Plaintiff has

realleged the same indefinite allegations knowing, after months of discovery, that it has no proof of them.

12.    The document annexed to the amended complaint as Exhibit 1 was previously annexed to the initial complaint as well.  It adds nothing to the Plaintiff's proof.  It is, of course, inadmissible hearsay.  It is also, at this point, entirely unauthenticated.  As pleaded in the Higgins parties' answer, it is alleged by them to be a forgery.  It is also the statement of someone who Plaintiff alleges is a crook who stole enormous sums from Plaintiff.  Standing by itself - and it does stand by itself if it stands at all - it is insufficient, even if admissible, to prove the Higgins parties' participation in any alleged illegal or fraudulent activity.  Since that is the ONLY "evidence" put forward, it is entirely insufficient to provide a basis for Plaintiff, Anavian or their counsel to make the allegations in their pleadings.

13.    The Court should note that two of the accusations in the initial Complaint have been dropped in the Amended Complaint.  The initial Complaint alleges that the Defendants, including the Higgins Parties, had defrauded the U.S. Customs.  The initial Complaint also alleges that the Defendants, including the Higgins Parties, had made death threats against Anavian.  Those allegations were dropped, it is assumed, because Plaintiff's counsel learned that they were false.  In any event, they are gone.  The amended complaint also attempts to drop all defendants other than the Higgins parties, including the alleged "co-racketeer" Layani.

14.    The Higgins parties' motion seeks sanctions against Plaintiff Procapui, against Third

Party and Supplemental Defendant, Jozef Anavian, and against their counsel and his firm including

attorneys' fees for opposing this unsupported and unfounded contentions.

       I declare under penalty of perjury that the foregoing is true and correct.

Executed on:
March 21, 2008

                           /S/__John J. Phelan,III_____
                           John J. Phelan, III (JP8632)
                           John J. Phelan, III, P.C.
                           Attorney for the Higgins Parties
                           1285 Avenue of the Americas
                               Suite 3500
                           New York, NY 10019
                           (212) 315-3082
                           jphelaniii@att.net

TO: Luigi P. DeMaio, Esq.
Attorney for Plaintiff and for
  Third Party Defendant Anavian
DeMaio& Hughes, LLC
330 East 30th Street
New York, NY 10016
email: luigidemaio@netscape.net

Lawrence R. Lonergan, P.C.
Attorney for Defendant Rubin
275 Seventh Avenue
New York, NY 10001
email: llonergan1@aol.com

Noel Blackman, *Defendant pro se*
14706 Hallwell Ct.
Cypress, TX 77429-2385
NoelBlackman@sbcglobal.net

## CERTIFICATE OF SERVICE

JOHN J. PHELAN, III, hereby certifies that, on March 21, 2008, he served the within Notice of Motion for Sanctions, Declaration in Support and Memorandum of Law in Support on the following attorneys or parties by enclosing copies thereof in properly addressed postage paid envelopes and placing them in a facility under the exclusive care and custody of the United States Postal Service.

Luigi P. DeMaio, Esq.
Attorney for Plaintiff and for
  Third Party Defendant Anavian
DeMaio& Hughes, LLC
330 East 30th Street
New York, NY 10016

Lawrence R. Lonergan, P.C.
Attorney for Defendant Rubin
275 Seventh Avenue
New York, NY 10001

Noel Blackman, *Defendant pro se*
14706 Hallwell Ct.
Cypress, TX 77429-2385

Dated: New York, NY
        March 21, 2008

                                        /S/ John J. Phelan, III
                                            John J. Phelan, III