**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**PROCAPUI-PRODUTORES de CAMAROES de**
**ICAPUI LTDA.**

|  |  |
|---|---|
| **Plaintiff,** | **07 Civil Action**<br>**File No. 6627-BSJ** |
| **v.** | |
| **MARCIAL GERALD LAYANI, G. F. HIGGINS,**<br>**INC., THERESA HIGGINS, as Executrix of**<br>**the Estate of GERALD FRANCIS HIGGINS,**<br>**THOMAS HIGGINS, ROBERT HIGGINS,**<br>**RICHARD RUBIN and NOEL BLACKMAN,** | **ANSWER TO**<br>**COMPLAINT,**<br>**COUNTERCLAIMS**<br>**THIRD PARTY**<br>**CLAIMS,**<br>**SUPPLEMENTAL**<br>**CLAIMS** |
| **Defendants.** | **CROSSCLAIMS** |

-------------------------------------------------------------x
**G.F. HIGGINS, INC., THERESA HIGGINS, as**
**Executrix of the Estate of GERALD FRANCIS**
**HIGGINS, THOMAS HIGGINS and ROBERT**            **DEMAND FOR**
**HIGGINS,**                                                          **JURY TRIAL**

            **Third Party and**
             **Supplemental Plaintiffs,**

        **v.**

**JOZEF ANAVIAN,**

            **Third Party and**
             **Supplemental Defendant.**
-------------------------------------------------------------x

        Defendants G. F. HIGGINS, INC., THERESA HIGGINS, as Executrix of

the Estate of GERALD F. HIGGINS, THOMAS HIGGINS AND ROBERT

HIGGINS, (the "HIGGINS DEFENDANTS") by their attorney, John J. Phelan, III, P.A., for their Answer to the Complaint herein and for their Counterclaims, Cross-Claims, Third Party Claims and Supplemental Claims allege as follows:

1.  Although not required to plead at this time under the provisions of Rule 12 (a)(4) F.R.Civ.P., the HIGGINS DEFENDANTS file this pleading at this time at the direction of Hon. Andrew Peck, Magistrate Judge in his Order of November 6, 2007.  By doing so, the HIGGINS DEFENDANTS do not intend to waive any of the matters set forth in their Motion to Dismiss the Complaint including, without limitation the assertion that the Complaint is so inadequately pled that it is difficult or impossible to adequately answer.  The assertion of defenses and claims herein is not intended to confer upon the Court any jurisdiction it does not already possess or of the appropriateness of having this action heard before this Court nor it is it an admission by the HIGGINS DEFENDANTS of any such matter.  The HIGGINS DEFENDANTS  respectfully reserve their rights on all such matters as if they had not filed this pleading.

2.  With respect to the allegations of paragraph 1 of the Complaint, admit that the Plaintiff purports to allege jurisdiction under the statutes and principles alleged but denies a claim under 18 U.S.C. has been pled and denies that the Court has jurisdiction under pendent or diversity jurisdiction principles.

3.  With respect to the allegations of paragraph 2 of the Complaint admit that Plaintiff purports to allege proper venue in this Court.

4.  With respect to the allegations of paragraph 3 of the Complaint, deny knowledge or information sufficient to form a belief.

5.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 4 of the Complaint, except allege, upon information and belief, that Defendant LAYANI is now a U.S. citizen domiciled in Brazil.

6.  Admit the allegations of paragraph 5 of the Complaint except deny that G.F. HIGGINS is a "Co-Racketeer".

7.  Admit the allegations of paragraph 6 of the Complaint except deny that THE ESTATE OF GERALD FRANCIS HIGGINS is a "Co-Racketeer".

8.  Admit the allegations of paragraph 7 of the Complaint except deny that THOMAS HIGGINS is a "Co-Racketeer".

9.  Admit the allegations of paragraph 8 of the Complaint except deny that ROBERT HIGGINS is a "Co-Racketeer".

10.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 9 of the Complaint.

11.  Upon information and belief, admits the allegations of paragraph 10 of the Complaint, except deny any knowledge of any activity by Defendant

BLACKMAN which would constitute him a "Co-Racketeer".

12.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 11 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

13.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 12 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

14.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 13 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

15.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 14 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

16.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 15 of the Complaint and deny any knowledge of or

participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

17.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 16 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

18.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 17 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

19.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 18 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

20.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 19 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

21.  Deny knowledge or information sufficient to form a belief with respect

to the allegations of paragraph 20 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

22.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 21 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

23.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 22 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

24.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 23 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

25.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 24 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

26.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 25 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

27.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 26 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

28.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 27 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

29.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 28 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

30.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 29 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any

wrongful conduct or activities.

31.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 30 of the Complaint except admit that, at some point in time, the PROCAPUI was introduced to G.F. HIGGINS through Defendant BLACKMAN and otherwise deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

32.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 31 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and allege that, at all times the relationship between G.F. HIGGINS and PROCAPUI was, in fact, an arms' length business relationship.

33.  Deny the allegations of paragraph 32 of the Complaint.

34.  Deny the allegations of paragraph 33 of the Complaint and allege that, in an arms' length business relationship, G.F. HIGGINS had no obligation to establish agreements which were in PROCAPUI's interests.

35.  Deny the allegations of paragraph 34 of the Complaint and each and every subpart, a. through k. thereof insofar as they allege conduct or knowledge by

the HIGGINS DEFENDANTS and deny knowledge of the actions of any of the other Defendants or the knowledge of Anavian or Zahabian.

36.  Deny the allegations of paragraph 35 of the Complaint insofar as they allege conduct or knowledge by the HIGGINS DEFENDANTS, except allege that, on September 19, 2002, G.F. HIGGINS and PROCAPUI entered into an agreement (annexed as Exhibit A to this pleading) and ANAVIAN guaranteed PROCAPUI's performance thereof (annexed as Exhibit B to this pleading) to the terms of which the Court is respectfully referred.

37.  Deny the allegations of paragraph 36 of the Complaint.

38.  Deny the allegations of paragraph 37 of the Complaint, except admit that, as collateral for his guaranty, ANAVIAN executed and delivered a mortgage on property in the State of New York (Exhibit F.)

39.  Deny the allegations of paragraph 38 of the Complaint.

40.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 39 of the Complaint as to what ANAVIAN and Zahabian knew and when and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

41.  Deny the allegations of paragraph 40 of the Complaint.

42.  Deny the allegations of paragraph 41 of the Complaint and deny knowledge as to any information prepared by or received from the Bank of Brazil or as to its reliability or authenticity.

43.  Deny the allegations of paragraph 42 of the Complaint and deny that G.F. HIGGINS owes PROCAPUI any amount and alleges that G.F. HIGGINS has paid PROCAPUI for all sums and alleges that, in fact, as alleged in the counterclaims below, PROCAPUI owes G.F. HIGGINS, INC. in excess of $1.1 million dollars for sums advanced to PROCAPUI and never repaid.

44.  Deny the allegations of paragraph 43 of the Complaint.

45.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 44 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and deny any violation of any U.S. laws by them and any violation of any laws of Brazil by them of which they have knowledge or which oblige them to do anything or prohibit or regulate their conduct.

46.  Deny the allegations of paragraph 45 of the Complaint, except admit that PROCAPUI is attempting and purporting to allege claims under the Racketeer Influenced Corrupt Organizations Act, ("RICO") but deny all the allegations of any such claim.

47.  Deny the allegations of paragraph 46 of the Complaint, except admit that PROCAPUI is attempting and purporting to allege claims under the Racketeer Influenced Corrupt Organizations Act, ("RICO") but deny all the allegations of any such claim.

48.  Deny the allegations of paragraph 47 of the Complaint, except admit that PROCAPUI is attempting and purporting to allege claims under the Racketeer Influenced Corrupt Organizations Act, ("RICO") but deny all the allegations of any such claim.

49.  Deny the allegations of paragraph 48 of the Complaint, except admit that PROCAPUI is attempting and purporting to allege claims under the Racketeer Influenced Corrupt Organizations Act, ("RICO") but deny all the allegations of any such claim and deny the assertions in Exhibits A and B to the Complaint to the extent they purport to allege wrongful conduct by the HIGGINS DEFENDANTS.

50.  In response to paragraph 49 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 48 of the Complaint.

51.  Deny the allegations of paragraph 50 of the Complaint.

52.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 51 of the Complaint and deny any knowledge of or

participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

53. Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 52 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

54. Deny the allegations of paragraph 53 of the Complaint.

55. In response to paragraph 54 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 48 of the Complaint.

56. Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 55 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities.

57. Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 56 of the Complaint and deny any knowledge of or participation by the HIGGINS DEFENDANTS in the conduct alleged or in any wrongful conduct or activities. The Court is respectfully referred to the documents alleged, none of which were prepared by the HIGGINS

DEFENDANTS for their contents.

58.   Deny that any invoices were issued without the knowledge of

PROCAPUI since it was PROCAPUI which prepared and transmitted all invoices

and, otherwise deny knowledge or information sufficient to form a belief with

respect to the allegations of paragraph 57 of the Complaint and deny any

knowledge of or participation by the HIGGINS DEFENDANTS in the conduct

alleged or in any wrongful conduct or activities.  The Court is respectfully referred

to the documents alleged, none of which were prepared by the HIGGINS

DEFENDANTS for their contents.

59.   Deny the allegations of paragraph 58 of the Complaint and allege,

instead, that all payments made by G.F.HIGGINS to PROCAPUI during their

dealings were advances under the loan agreement and were not payment against

invoices.  All advances  by G.F. HIGGINS to PROCAPUI were sent by wire

transfer to the banking addresses directed by PROCAPUI and deny that G.F.

HIGGINS had any obligation to comply with the exchange control or

import/export laws of Brazil or any knowledge of their requirements.

60.   Deny the allegations of paragraph 59 of the Complaint.

61.   Deny the allegations of paragraph 60 of the Complaint.

62.   Deny the allegations of paragraph 61 of the Complaint.

63. Deny the allegations of paragraph 62 of the Complaint.

64. Deny the allegations of paragraph 63 of the Complaint.

65. Deny the allegations of paragraph 64 of the Complaint.

66. Deny the allegations of paragraph 65 of the Complaint.

67. Deny the allegations of paragraph 66 of the Complaint.

68. In response to paragraph 67 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 66 of the Complaint.

69. Deny the allegations of paragraph 68 of the Complaint.

70. Deny the allegations of paragraph 69 of the Complaint.

71. Deny the allegations of paragraph 70 of the Complaint.

72. In response to paragraph 71 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 66 of the Complaint.

73. Deny the allegations of paragraph 72 of the Complaint.

74. Deny the allegations of paragraph 73 of the Complaint.

75. Deny the allegations of paragraph 74 of the Complaint.

76. In response to paragraph 75 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 66 of

the Complaint.

77.  Deny the allegations of paragraph 76 of the Complaint.

78.  Deny the allegations of paragraph 77 of the Complaint.

79.  Deny the allegations of paragraph 78 of the Complaint.

80.  In response to paragraph 79 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 66 of the Complaint.

81.  Deny the allegations of paragraph 80 of the Complaint.

82.  Deny the allegations of paragraph 81 of the Complaint.

83.  Deny the allegations of paragraph 82 of the Complaint.

84.  In response to paragraph 83 of the Complaint, respectfully refer the Court to the allegations of this pleading responsive to paragraphs 1 through 66 of the Complaint.

85.  Admit the allegations of paragraph 84 and respectfully refer the Court to the Exhibit A agreement annexed hereto.

86.  Deny the allegations of paragraph 85 of the Complaint.

87.  Deny the allegations of paragraph 86 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

88.  The Complaint, insofar as it attempts to allege claims under RICO and common law fraud, fails to state a claim for which relief may be granted.  Among other defects, the allegations of those claims lack particularity and detail as required by Rule 9(b) F.R.Civ.P.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

89.  The Court lacks subject matter jurisdiction over the common law claims if the RICO claims are dismissed since Defendant LAYANI is a U.S. citizen domiciled in Brazil and, accordingly, there is no diversity jurisdiction and pendent jurisdiction should not be exercised at a preliminary stage of the action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
(Action is Ultra Vires and Unauthorized)

90.  The Plaintiff, PROCAPUI, is upon information and belief, owned at the time of the institution of this action by Defendant LAYANI.  Defendant LAYANI, upon information and belief, has not authorized the commencement of this action and, therefore, the commencement of the action is unauthorized and *ultra vires*. Accordingly, neither JOZEF ANAVIAN nor counsel for the Plaintiff have authority to bring this action it is commenced by persons who lack the legal

capacity to sue.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

91.  On June 3, 2005, Plaintiff PROCAPUI and Defendant G.F. HIGGINS,

INC. reached an accord and satisfaction of the transactions, accounts and disputes

between them under which PROCAPUI acknowledged and agreed that

PROCAPUI owed G.F. HIGGINS $1,150,000 and, by implication, G.F. HIGGINS

owed PROCAPUI nothing.  (A copy of the letter acknowledging this is annexed as

Exhibit C.)

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
(Payment)

92.  If G.F. HIGGINS ever owed anything to Plaintiff PROCAPUI, it has

paid everything it owed and owes PROCAPUI nothing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

93.  Plaintiff's claims are barred, in whole or in part, by the applicable

Statutes of Limitations, including, without limitation, the four year period of

Limitations for RICO claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
(Illegality and *in pari delicto*)

94.  If, as alleged, any transactions between PROCAPUI and G.F. HIGGINS

was, in fact, illegal under U.S. or Brazilian law, such illegality was committed

entirely by PROCAPUI and bars Plaintiff's claims under the doctrine of *in pari*

*delicto.*

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
(Pending Action in Another Court)

95.  There is another action pending in the New York State Supreme Court,

New York County, which relates to the same contracts, transactions and courses of

dealing as Plaintiff attempts to allege in this action entitled G.F. HIGGINS, INC.

v. PROCAPUI and JOZEF ANAVIAN, Index No., 603300/05 which action was

commenced in October, 2005, twenty-one months before this action and which

constitutes a ground to stay this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
(Waiver)

96.  In the State Court action, Plaintiff PROCAPUI answered G.F.

HIGGINS's claims without interposing any counterclaims or other claims for

relief other than dismissal of G.F. HIGGINS's complaint and litigating in the State

Court, including demanding extensive discovery, for a year and a half.  By so

doing PROCAPUI has waived any claim it might have against G.F. HIGGINS.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
(Waiver)

97.  At no time prior to serving responsive papers in the State Court action in November, 2005, did PROCAPUI ever assert that it believed that G.F. HIGGINS owed it anything.  In addition to demonstrating the contrived character of PROCAPUI's claim in this action, such failure operates as a waiver of its claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
(Fraud and Estoppel)

98.  Plaintiff PROCAPUI's claims are barred by its own fraud since all of the conduct attempted to be alleged in the Complaint is ascribed to allegedly false and fraudulent invoices, wire transfer instructions and information provided to the Bank of Brazil.  All such documents and information were issued by PROCAPUI itself and not by any of the Defendants.  To the extent such documents were false and misleading, their falsity and fraudulent character were caused solely by the actions of PROCAPUI.  As such PROCAPUI's claims are barred by its own fraud.

99.  Because PROCAPUI was the originator of all such false and fraudulent documents and information, it is barred by principles of estoppel from asserting claims based on that falsity and fraud against others, including the Defendants in this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
(Fraud on the Court - Estoppel)

99.  Upon information and belief the document annexed to the Complaint as Exhibit E and purportedly signed by Defendant LAYANI was not, in fact, signed by him and is a forgery which has been brought forward by Plaintiff PROCAPUI and attested to by it as genuine.

100.  Similarly, annexed to the Complaint is an incomplete handwritten statement to the U.S. Embassy in Israel by Leyla Anavian, the sister of JOZEF ANAVIAN and the mother of Defendant LAYANI  in which she purports to swear that the mortgage held by G.F. HIGGINS on real estate in New York, owned by ANAVIAN was taken without his knowledge (see Exhibit F.).  In his affidavit filed in the State Court action, ANAVIAN acknowledges that G.F. HIGGINS holds a mortgage on property owned by him in Columbia County, New York.

101.  In view of these attempted frauds on this Court, PROCAPUI ought to be estopped from proceeding with this action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
(Right of Offset)

102.  G.F. HIGGINS is entitled, under the terms of the Exhibit A written agreement and principles of common law, to offset any sums due from PROCAPUI against any sums due or claimed to be due from G.F. HIGGINS to

PROCAPUI.

## COUNTERCLAIMS, CROSS-CLAIMS, THIRD PARTY CLAIMS AND SUPPLEMENTAL CLAIMS

103.  The HIGGINS DEFENDANTS allege the following claims because required by Order of the Court to Answer the Complain and to avoid any argument of waiver.  The HIGGINS DEFENDANTS, by asserting these claims, do not intend to confer any jurisdiction on the Court which it did not possess prior to its filing or to waive any objection thereto or to the propriety of the Complaint.

## AS AND FOR A FIRST COUNTERCLAIM AND SUPPLEMENTAL OR ADDITIONAL CLAIM - (Breach of Contract - Procapui and Anavian)

104.  The HIGGINS DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 103 of this Answer.

105.  Upon information and belief, Supplemental Defendant JOZEF ANAVIAN ("ANAVIAN") is the uncle of Defendant LAYANI and is a U.S. citizen.  He has, upon information and belief,  a residence in Columbia County, New York State and had during the events alleged a residence in New York County.  ANAVIAN, upon information and belief, was, at the time of the guaranty, a shareholder and an executive officer of PROCAPUI.

106.  This Court has jurisdiction over the claims against Defendant

ANAVIAN pursuant to 28 U.S.C. § 1367 as the transactions and conduct alleged against him form part of the same case or controversy as purported to be alleged in the Complaint.

107.  As alleged above, on September 19, 2002, G.F.HIGGINS and PROCAPUI entered into a written contract, Exhibit A to this pleading, to the terms of which the Court is respectfully referred.

108.  Under the terms of the contract, G.F. HIGGINS was to advance sums of money from time to time to PROCAPUI and PROCAPUI was to sell Brazilian shrimp and lobster to G.F. HIGGINS.  The price of each shipment was to be credited to PROCAPUI against the amount of the funds advanced.  The price and other terms of the shipment and the credit were to be determined by G.F. HIGGINS's purchase order (and not by any invoice generated by PROCAPUI). At the end of each calendar year, PROCAPUI was required to pay such sums as would bring its balance current.  The advance payments made by G.F. HIGGINS to PROCAPUI were to be made "... by wire transfer of immediately available funds to such account or accounts designated by PROCAPUI in writing."

109.  Also on September 19, 2002, ANAVIAN executed and delivered a written guaranty (annexed as Exhibit B) for the "... full, faithful and timely payment and performance by PROCAPUI of all payments, covenants and other

obligations of PROCAPUI under the [Exhibit A] Agreement". On or about September 19, 2002, ANAVIAN executed a mortgage on his home in Columbia County, to secure the above guaranty (Exhibit F.).

110. Annexed hereto as Exhibit D is a summary spreadsheet prepared by G.F. HIGGINS setting forth the history of the advances made by G.F. HIGGINS to PROCAPUI and the shipments received and the cash repayments made by PROCAPUI to G.F. HIGGINS. The Exhibit D schedule comes to a net of $ 1,390,907 owed by PROCAPUI to G.F. HIGGINS pursuant to the terms of the contract between the parties.

111. On June 27, 2005, counsel to G.F. HIGGINS made a written demand upon PROCAPUI and upon ANAVIAN (Exhibit E).

112. Despite the demand, no sums have been paid by either PROCAPUI or ANAVIAN and $1,390,907 remains due and owing to G.F. HIGGINS. Instead of paying the amounts owed, PROCAPUI has falsely claimed in both the State Court action and in this action that G.F. HIGGINS owes money to PROCAPUI.

113. PROCAPUI and ANAVIAN have breached their written agreements with G.F. HIGGINS. HIGGINS is entitled to an award of damages in the amount of $1,390,907 and attorneys fees.

## AS AND FOR A SECOND COUNTERCLAIM AND A SUPPLEMENTAL OR ADDITIONAL CLAIM
### (Money had and Received - Procapui and Anavian)

114.  The HIGGINS DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 113 above.

115.  PROCAPUI has received from G.F. HIGGINS sums of money in connection with the various transactions alleged above as set forth on the annexed Exhibit D schedule.

116.  PROCAPUI is obliged to repay the aforesaid sums to G.F. HIGGINS and has failed to do so except as evidenced by the credits on the annexed Schedule, Exhibit D.

117.  PROCAPUI owes to G.F. HIGGINS the sum of $1,390,907 together with interest thereon from December 31, 2004.

118.  ANAVIAN has guaranteed the payment of all sums due from PROCAPUI to G.F. HIGGINS.

119.  G.F.HIGGINS is entitled to judgment against PROCAPUI and ANAVIAN in the amount of $1,390,907 plus interest thereon from December 31, 2004 and attorneys fees and the costs and disbursements of this action.

## AS AND FOR A THIRD COUNTERCLAIM AND
## SUPPLEMENTAL CLAIM
(Account Stated - Procapui and Anavian)

120.  The HIGGINS DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 119 above.

121.  In the course of the transactions alleged above and as set forth on the annexed Exhibit D, G.F. HIGGINS rendered accounts to PROCAPUI which were accepted and agreed to by PROCAPUI.

122.  On June 3, 2005, PROCAPUI executed and delivered a letter stating that it owed G.F. HIGGINS $1,150,000 on that date (Exhibit C).

123.  No objection whatsoever was made to G.F. HIGGINS's accounts until G.F. HIGGINS commenced its State Court action when, for the first time, ANAVIAN, purporting to act on behalf of PROCAPUI, asserted certain of the claims made in this action and objections to G.F. HIGGINS's claims.

124.  ANAVIAN has guaranteed the obligations of PROCAPUI.

125.  An account has been stated between the parties and agreed to by both and G.F. HIGGINS is entitled to judgment in the amount against PROCAPUI and ANAVIAN in the amount of $1,150,000 plus interest thereon from June 3, 2005 and attorneys fees and the costs and disbursements of this action.

## AS AND FOR A SUPPLEMENTAL CLAIM
### (Mortgage Foreclosure - Anavian)

126. The HIGGINS DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 125 above.

127. Annexed hereto as Exhibit F is the mortgage given by Defendant ANAVIAN on his home in Germantown, Columbia County, New York as security for his guaranty (Exhibit B) of the obligations of PROCAPUI under the Working Capital Agreement (Exhibit A) in an amount of up to $750,000.

128. As alleged above, the Working Capital Agreement (Exhibit A) has been breached by the failure of PROCAPUI to pay sums due to G.F.HIGGINS. The guaranty has been breached by the failure of ANAVIAN to pay the sums due or otherwise to meet PROCAPUI's obligation.

129. Demand (Exhibit E has been made on both PROCAPUI and ANAVIAN.

130. G.F. HIGGINS is entitled to foreclose on the mortgage (Exhibit F) and seeks a judgment of foreclosure and an order directing the sale of the mortgaged premises and payment of the net proceeds to G.F. HIGGINS in an amount of up to $750,000.

## AS AND FOR A FIRST CROSS-CLAIM AND SUPPLEMENTAL CLAIM

(Interference with Contract - Layani and Anavian)

131.  The HIGGINS DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 130 above.

132.  LAYANI and ANAVIAN, by their actions and conduct, as alleged herein, have intentionally, wilfully and wrongfully interfered with the contractual rights which G.F. HIGGINS has with PROCAPUI causing PROCAPUI to breach its contracts with G.F. HIGGINS and not to honor its obligations under its contract.

133.  G.F. HIGGINS is entitled to judgment in the amount against LAYANI and ANAVIAN in the amount of $1,390,907 plus interest thereon from June 3, 2005 and attorneys fees and the costs and disbursements of this action.

## AS AND FOR A CROSS-CLAIM
## AGAINST DEFENDANTS RUBIN AND LAYANI
(Indemnity and Contribution)

134.  The HIGGINS DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 133 above.

135.  In the event that the HIGGINS DEFENDANTS are held liable in this action, their liability will be attributable solely to the active and knowing conduct and wrongdoing of Defendants RICHARD RUBIN ("RUBIN") and MARCIAL

GERALD LAYANI ("LAYANI") for which the HIGGINS DEFENDANTS have no responsibility and of which the HIGGINS DEFENDANTS had no knowledge.

136.  The HIGGINS DEFENDANTS are entitled to a judgment over against Defendants RUBIN and LAYANI for all amount for which they or any of them are held liable to PROCAPUI.

WHEREFORE, the HIGGINS DEFENDANTS demand and pray judgment:

1.  Dismissing the Complaint and all claims set forth therein and this action;

2.  A money judgment in favor of G.F. HIGGINS, INC. on its counterclaims and supplemental claims against PROCAPUI and ANAVIAN in the amount of $1,390,907;

3.  A money judgment against ANAVIAN and LAYANI on their First Crossclaim and Supplemental Claim in the amount of $1,390,907;

4.  A money judgment against RUBIN and LAYANI on their Second Crossclaim in the amount of any amount for which judgment is entered in favor of PROCAPUI and against any of the HIGGINS DEFENDANTS;

5.  A judgment of foreclosure against the property covered by the Exhibit F mortgage, including an Order of Sale and payment of the proceeds of sale in an amount up to $750,000.

ALL TOGETHER with interest on such sums from December 31, 2004,

attorneys fees and the costs and disbursements of this action.

Dated: New York, NY
        November 13, 2007

                                        Yours, etc.
                                        John J. Phelan, III, P.C.


                                        By/S/ John J. Phelan, III
                                        John J. Phelan, III (JP8632)
                                        Attorney for G.F. Higgins, Inc.,
                                        Theresa Higgins, as Executrix of the
                                        Estate of Gerald Francis Higgins,
                                        Thomas Higgins and Robert Higgins
                                        1285 Avenue of the Americas,
                                            Suite 3500
                                        New York, NY 10019
                                        (212) 315-3082
                                        jphelaniii@att.net