JOHN J. PHELAN, III, P.C.

ATTORNEY AT LAW

1285 AVENUE OF THE AMERICAS, Suite 3500

NEW YORK, NY 10019

———

PHONE (212) 315-3082
Fax (212) 315-3028

e-mail: jphelaniii@ATT.Net

January 23, 2008

via email: LuigiDeMaio@netscape.net
Luigi P. DeMaio, Esq.
Crocco & DeMaio, P.C.
330 East 30th Street
New York, NY 10016

     Re: Procapui v. Layani et al.; USDC, SDNY; 07CV6627

Dear Mr. DeMaio:

     As you know, the Court, on January 11, 2008, dismissed all but one of the claims in your complaint in the above matter on pleading grounds reserving on the last claim to learn if you intend to replead.  You have said you intend to attempt to replead.

     Please see my letter to you of July 12, 2007 in which I stated that my clients intended to seek sanctions against you and the Plaintiff for violations of Rule 11 F.R.Civ.P. as well as my letter of July 31, 2007 incorporating that letter by reference.  Those two letters are now incorporated here by reference.

     We now repeat and reaffirm those admonitions.  While the discovery obtained by you to date may permit you to add details to your complaint, it is still the case that there are no facts - as distinguished from conjecture and surmise - which can be truthfully or responsibly alleged which give rise to any RICO or fraud claim against my clients.  There are no facts which create any rational inference of any such conduct on my clients' parts.

     When we were in Boston at Boston Bay Brokers, you acknowledged that you had learned that the goods imported from Procapui were not subject to import tariff and that, therefore, your allegation of attempts to defraud the Customs Service were entirely without merit.  You also acknowledged that you understood that the invoices prepared by your client and accompanying

-1-

each shipment processed by Boston Bay were never used by Boston Bay for any purpose and that the only paper in which Boston Bay was interested was the Bill of Lading which permitted it to release the goods and that your client, in the case of every shipment, provided the Bill of Lading prior to Boston Bay's receipt of the related shipment.  Thus, the invoices, prepared by your client, not mine, were of no consequence.  All payments by Higgins were made as advances.  The value of the shipments was established by the orders prepared by Higgins and approved by Procapui prior to the shipments.  The use of the orders, not the invoices, as establishing the price is specifically provided for in the contract.

I could cover a great number of other topics where the allegations in your complaint are now known to you to be at least erroneous.  Even Judge Jones, in a footnote, described how plainly absurd and inconsistent with the "evidence" your allegations of "extortion" are.

I expect that, in repleading, you will add significant detail about dates and about invoices and wire transfers, about shipments and payments, all of which is, of course, necessary.  What you will still not be able to do is to plead with particularity what each of my clients did which was unlawful or fraudulent or which damaged your client in any way, all of which is required by Judge Jones's decision and by Rule 9(b).  You will not be able to plead such facts because there is no evidence anywhere that such acts occurred and there is no such evidence because no such acts were committed.  In the best case, your client and you are acting on guesswork and surmise, not facts.  In the worst case, this action and your pleadings are entirely in bad faith, filed solely for the purpose of deflecting investigations and litigation in Brazil by commencing a litigation in which your client pretends to be trying to collect funds in which the Brazilian authorities are interested or for another similarly improper purpose.  Either way, any such pleading is forbidden by Rule 11.

Should you persist in your unfounded assertions that my clients are "racketeers" and that they engaged in a "racketeering enterprise" and that they have perpetrated a "fraud" and attempt to restate these claims and should that complaint and/or the action be dismissed, we will certainly seek sanctions against you, your firm and your client or clients who purport to authorize such a pleading.  Significant discovery has already occurred and my clients have suffered severe financial expenditures in meeting these preposterous and unfounded claims and in defending their good names.  They will seek every lawful remedy available to them to redress this wrong.

There are numerous other reasons to believe that any new pleading and this entire action are subject to Rule 11 sanctions.  By not mentioning them here, we do not intend to waive them.

                                  Very truly yours,

                                  John J. Phelan, III