UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PROCAPUI-PRODUTORES de CAMAROES de
ICAPUI LTDA.

                    Plaintiff,

        v.

MARCIAL GERALD LAYANI, G. F. HIGGINS,
INC., THERESA HIGGINS, as Executrix of
the Estate of GERALD FRANCIS HIGGINS,
THOMAS HIGGINS, ROBERT HIGGINS,
RICHARD RUBIN and NOEL BLACKMAN,

                    Defendants.
-------------------------------------------------------------------x
G.F. HIGGINS, INC., THERESA HIGGINS, as
Executrix of the Estate of GERALD FRANCIS
HIGGINS, THOMAS HIGGINS and ROBERT
HIGGINS,

                    Third Party and
                      Supplemental Plaintiffs,

        v.

JOZEF ANAVIAN,

                    Third Party and
                      Supplemental Defendant.
-------------------------------------------------------------------x

07 Civil Action
File No. 6627-BSJ
Mag. Judge Andrew
J. Peck

**MEMORANDUM OF LAW IN SUPPORT OF HIGGINS
PARTIES' MOTION FOR SANCTIONS**

**INTRODUCTION**

This Memorandum is offered in support of a Motion seeking sanctions against Plaintiff Procapui, Third Party and Supplemental Defendant, Jozef Anavian and their counsel, Luigi P. DeMaio and his law firm, DeMaio and Hughes, LLP. Pursuant to Rule 11 F.R.Civ.P.

The ground of the motion is spelled out in the Declaration of John J. Phelan, III filed in support and the exhibits thereto. The Court's attention is also respectfully directed to the Higgins Parties' motion papers seeking dismissal of the Complaint dated July 24, 2007 and their papers in support of the Higgins Parties motion to dismiss the amended complaint filed February 21, 2008 as well as to the Court's decision dismissing, in part, the first complaint.

**ARGUMENT**

In brief summary, in bringing and continuing this action, the Plaintiff, Anavian and counsel have signed pleadings which certify that their allegations have sufficient "evidentiary support" when, in fact, they do not and Plaintiff, Anavian and counsel know that they do not. Rule 11 F.R.Civ.P. reads as follows in pertinent part:

> **Rule 11. Signing of Pleadings, Motions and Other Papers; Representations to Court; Sanctions**
>
> **(a) Signature.** Every pleading, written motion and other paper shall be signed by at least one attorney of record in the attorney's individual name...
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> ...

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation; and

...

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

In this matter, it is clear that the conduct of Plaintiff, Anavian and their counsel fall within this Rule. They filed their original complaint on July 24, 2007. Even before filing Higgins' counsel wrote to Mr. DeMaio advising him that the then proposed complaint was contrary to all evidence and warning against filing such a pleading. These warnings were repeated several times. On January 11, 2008, the Court dismissed the fraud allegations on the ground that they failed to meet the particularity requirements of Rule 9(b) F.R.Civ.P. with leave to replead. While such a dismissal is not a determination that there is no evidence to support the Plaintiff's claims, it was, in this case, a careful outline of the deficiencies in the factual assertions and a description of what Plaintiff would be required in any amended pleading to plead AND PROVE.

Plaintiff had, from September, 2005 when the related state court action began until July, 2007, nearly two years, to investigate its claims and to attempt to develop evidence. Thereafter, there was a period of seven months to continue these efforts. Discovery was permitted by the Magistrate notwithstanding the pending motions beginning in November, 2007. Discovery in both the state action and in this case in the form of documents was exchanged between Plaintiff and the Higgins parties and included disks with thousands of pages of documents. In the state action Plaintiff examined the two Higgins brothers and the Higgins parties examined Anavian in

depositions. Thus, Plaintiff has had access to enormous quantities of information and documents. There can be no contention that Plaintiff has had full opportunity to learn whether or not it has evidence to support its claims. It has produced nothing probative in the slightest of its central fraud and RICO theories, except the one page conclusory letter from Michael Layani annexed to their complaints. Nothing.

The Higgins' counsel has repeatedly warned them of the insufficiency of their evidence and demanded that this charade stop. Not only have these demands been ignored, the conduct is now being repeated in the form of the amended complaint.

If Plaintiff and Anavian argue, as we expect they might, that they still need further discovery to prove their claims, they have failed to so state in their pleadings as required by Rule 11(b)(3) F.R.Civ.P. Such matters must be "specifically so identified" in the pleading. This is not an argument to be made as an afterthought. When the pleading is prepared, counsel and the client must review carefully the proposed allegations and examine what evidence they have. If they are lacking critical evidence, as here, they must affirmatively tell the court and the other parties.

> Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation (under the circumstances) of the facts and the law before signing and submitting any pleading, motion, or other paper. Attorneys and parties are required to "think first and file later," to "look before leaping." They may not file suit hoping that discovery will later show that a claim was proper or "drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation.

2 Moore's Federal Practice, 3d Ed. §11.11[2][a] and cases cited.

> An attorney or party may be sanctioned for presenting a claim that does not have "evidentiary support." ... Although it is not necessary for all discovery or investigation to be complete prior to the filing of a complaint, the pleader is required to specifically identify any factual contentions that lack an evidentiary basis.

2 Moore's Federal Practice, 3d Ed. §11.11[9][a] and cases cited.

The facts here cannot be disputed. Despite the exchange of thousands of pages of documents and the taking of several depositions, despite having had since October, 2005 to investigate the facts, Plaintiff has filed a pleading for which it has not produced a single document showing any fraudulent or illegal act on the part of the Higgins parties. There is no proof because the alleged acts did not take place. This has been brought home again and again but Plaintiff, Anavian and counsel persist in their crusade to try to make something appear out of whole cloth.

## CONCLUSION

The Higgins Parties' motion for sanctions should be granted.

Dated: New York, NY
      March 21, 2008

                    Yours, etc.,
                    John J. Phelan, III, P.C.


                    By/S/ John J. Phelan, III
                        John J. Phelan, III (JP8632)
                    Attorney for the Higgins Parties
                    1285 Avenue of the Americas
                        Suite 3500
                    New York, NY 10019
                    (212) 315-3082
                    jphelaniii@att.net


TO: Luigi P. DeMaio, Esq.
Attorney for Plaintiff and for
 Third Party Defendant Anavian
DeMaio & Hughes, LLC
330 East 30th Street
New York, NY 10016

email: luigidemaio@netscape.net

Lawrence R. Lonergan, P.C.
Attorney for Defendant Rubin
275 Seventh Avenue
New York, NY 10001
email: llonergan1@aol.com

Noel Blackman, Defendant pro se
14706 Hallwell Court
Cypress, TX 77429-2385
NoelBlackman@sbcglobal.net

## CERTIFICATE OF SERVICE

JOHN J. PHELAN, III, hereby certifies that, on March 21, 2008, he served the within Notice of Motion for Sanctions, Declaration in Support and Memorandum of Law in Support on the

following attorneys or parties by enclosing copies thereof in properly addressed postage paid envelopes and placing them in a facility under the exclusive care and custody of the United States Postal Service.

Luigi P. DeMaio, Esq.
Attorney for Plaintiff and for
  Third Party Defendant Anavian
DeMaio & Hughes, LLC
330 East 30th Street
New York, NY 10016

Lawrence R. Lonergan, P.C.
Attorney for Defendant Rubin
275 Seventh Avenue
New York, NY 10001

Noel Blackman, Defendant pro se
14706 Hallwell Ct.
Cypress, TX 77429-2385

Dated: New York, NY
       March 21, 2008

                                    /S/ John J. Phelan, III
                                    John J. Phelan, III