UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
**PROCAPUI-Productores de Camaroes de Icapui Ltda.,**

                        Plaintiffs,

    -against-                                     **Case No.**  07 Civ 6627 (BSJ)

**G.F. HIGGINS INC., THERESA HIGGINS as
Executrix of THE ESTATE OF GERALD
FRANCIS HIGGINS, THOMAS HIGGINS,
ROBERT HIGGINS,**

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS'
## MOTION FOR SANCTIONS

### Preliminary Statement

Plaintiff submits this Memorandum in opposition to defendants' motion seeking an order imposing sanctions against plaintiff and its counsel.

### FACTS

The relevant facts are set forth in the declaration of Luigi P. De Maio dated April 30, 2008 submitted herewith.

### SANCTIONS ARE WHOLLY INAPPROPRIATE HEREIN

As this Court is aware, our Courts are extremely guarded in cases where, as here, motions of this nature are used for an improper litigation purpose. It is inconceivable that defendants could have brought this motion, under the facts herein, believing, in even the remotest degree, that there was any merit to this motion whatsoever. If they had any such belief they have

obviously disregarded all of the established law in this area.  As held by the Court in ***Greenberg v. Hilton Intern. Co., 870 F.2d 926 (2d Cir., 1989)***:

>As noted in Calloway, "[a]n attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable." 854 F.2d at 1470. In this case, plaintiff's counsel initially had no reason to believe that the failure-to-promote, demotion claim was without a factual basis and was entitled to rely upon plaintiff's statements, particularly since much of the relevant information was within the control of the defendant. See Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1012 (2d Cir.1986) (attorney's reliance on client's statements reasonable under circumstances where "relevant information was largely in the control of defendants").

The standard applicable to motions of this nature is well settled.  As held in ***Gibbes v. Rose Hill Plantation Development Co., 794 F.Supp. 1327 (D.S.C.,1992)***:

>Rule 11 requires that an attorney conduct a reasonable investigation of the factual and legal basis for the claim before filing. Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir.1991). "The prefiling factual investigation must uncover some information to support the allegations in the complaint" and some basis in law to support the claims in the complaint. Id. An attorney violates Rule 11 if the complaint has "absolutely no chance of success under the existing precedent." Id. Rule 11 no longer requires a showing of bad faith. Snipes v. U.S., 711 F.Supp. 827, 832 (W.D.N.C.1989). Rather, the relevant inquiry is whether a specific filing was, if not successful, at least well founded at the time of filing. Business Guides v. Chromatic Communications Ent., 498 U.S. 533, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991). Therefore, this court will examine whether the "pleadings, motions or other papers" were based on a reasonable inquiry. Fed.R.Civ.P. 11.

Applying this standard to this matter leads inescapably to the conclusion that it is defendants not plaintiff who are acting in bad faith.  It is respectfully submitted that, given the facts herein, including but not limited to the sworn confession of Layani, that no competent counsel or client could conclude that a fraud had not been perpetrated.

## CONCLUSION

For the reasons above stated, defendants motion should be in all respects denied.

                                              Respectfully submitted

                                              **DE MAIO & HUGHES, LLC.**

                                              by_____
                                              Luigi P. De Maio (LPD 4175)
                                              Attorneys for Plaintiff
                                              330 East 30th Street
                                              New York, NY 10016
                                              (212)888-8300

TO:

John Phelan, III, Esq.
Attorney for Moving Defendants
1285 Avenue of the Americas- Suite 3500
New York, NY 10019