this declaration.

2. I make this declaration on my own knowledge so the Court will know the true facts. I do not intend to contradict every false statement in Procapui or Anavian's papers. If necessary, I will provide additional evidence later.

3. Annexed hereto as Exhibit 160 is a paper which was attached to the Complaint in this case. It contains the date of June 24, 2005 and purports to bear the signatures of myself, that of my mother, Leyla Anavian, and that of a Brazilian Notary. The signature on that document which claims to be me is NOT my signature. I did NOT sign that letter and the statements contained in it are false. Further, what is represented to be my mother's signature is NOT hers. I am familiar with and recognize my mother's signature and the Exhibit 160 letter was NOT signed by my mother.

4. In addition to the forgeries, the statements attributed to me in the Exhibit 160 letter, particularly regarding the Higgins family, are false.

- The Higginses did not participate in any claimed diversion of funds paid by them pursuant to Procapui's wire transfer instructions and they did not receive any portion of any such funds.

- There was no selling of lobsters at below market prices. The Higginses ordered lobsters from Procapui at prices they said they could reasonably pay. We were free to refuse to sell at that price or to negotiate a better price. The prices were set in orders which were faxed or emailed to me in Brazil and which I confirmed back to them. The Higginses never shared any profits or other funds resulting from their sales of shrimp or

