```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PROCAPUI-Productores de Camaroes    :
de Icapui Ltda.,                    :
                                    :
                    Plaintiff,      :
                                    :    07-CV-6627 (BSJ)
          v.                        :
                                    :           Order
G.F. HIGGINS, INC., THERESA HIGGINS as :
Executrix of THE ESTATE OF GERALD   :
FRANCIS HIGGINS, THOMAS HIGGINS, and:
ROBERT HIGGINS,                     :
                                    :
                    Defendants.     :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On July 24, 2007, Plaintiff Procapui-Productores de Camaroes de Icapui Ltda. ("Plaintiff" or "Procapui") filed a complaint (the "Complaint") commencing this action pursuant to the civil action provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), based on activities alleged to be in violation of 18 U.S.C. § 1962(c). Plaintiff also asserted a state common law fraud claim against all defendants and a state common law claim for refusal to pay for goods sold and delivered against Defendant G.F. Higgins, Inc. ("Higgins, Inc."). In an Order dated January 11, 2008, this Court dismissed Plaintiff's RICO claim and the state common law fraud claim for failure to plead with particularity, reserved judgment on the question of diversity jurisdiction with

1

respect to Plaintiff's state law claims, and granted Plaintiff forty-five days to amend. See Order dated Jan. 11, 2008 at 14. On February 21, 2008, Plaintiff filed an amended complaint (the "Amended Complaint"). Defendants Higgins, Inc., Theresa Higgins (as Executrix of the Estate of Gerald Francis Higgins), Thomas Higgins, and Robert Higgins (collectively, "the Higgins Defendants") have moved to dismiss Plaintiff's RICO and common law fraud claims as set forth in the Amended Complaint, with prejudice, under Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons below, the Higgins Defendants' motion is GRANTED.

## BACKGROUND[1]

The facts based on the original Complaint in this action have been set forth in a prior opinion, see id., familiarity with which is presumed.

In the Amended Complaint, Plaintiff no longer makes claims against Marcial Gerald Layani ("Layani"), Richard Rubin ("Rubin"), and Noel Blackman ("Blackman"), and now pursues claims only against the Higgins Defendants. Am. Compl. The Amended Complaint also omits Plaintiff's prior claim of extortion and the allegation that there was a fraud on the U.S. Customs Service. See Am. Compl. However, Plaintiff's remaining

---

[1] This factual summary is drawn from the Amended Complaint, the factual allegations of which are accepted as true for the purpose of deciding this motion.

allegations are similar—and, in some cases, nearly identical—to those in the original Complaint.  Plaintiff alleges that in or about 2000, Layani, Blackman, and Rubin introduced Procapui to Higgins, Inc.—ostensibly for the purpose of selling lobster and shrimp to Higgins, Inc.—in order to divert the assets and profits of Procapui to the Higgins Defendants and Layani.  Id. ¶¶ 17, 19.  Plaintiff alleges that Layani and the Higgins Defendants devised a scheme to sell Procapui's merchandise to Higgins, Inc. for substantial discounts, the proceeds of which would be diverted into the personal accounts of Higgins, Inc., Gerald Higgins, Thomas Higgins, and Layani and into other accounts designated by Layani.  Id. ¶¶ 20, 23(a)-(c).

Plaintiff bases its § 1962(c) RICO claims in three predicate acts: one act of mail fraud and two acts of wire fraud.  First, Plaintiff alleges that the Higgins Defendants committed mail fraud because their co-racketeer, Layani, mailed under-billed invoices to the Higgins Defendants, and the Higgins Defendants credited Procapui with only the under-billed value of the merchandise.  Id. ¶¶ 40-48.  Second, Plaintiff alleges the Higgins Defendants committed wire fraud by: (a) conspiring with Layani to have Procapui send a series of duplicate invoices to the Higgins Defendants to bill the Higgins Defendants for illegal, undersized lobsters and (b) sending wire transfers to third-party payees with the purpose of diverting funds from

3

Procapui to Layani.  Id. ¶¶ 50, 57, 61, 67.  Plaintiff's common law fraud claim recasts the above allegations as material misrepresentations, and Plaintiff's second common law claim seeks relief based on Defendant Higgins, Inc.'s failure to pay approximately $1.5 million to Procapui for goods sold and delivered.  Id. ¶¶ 79-85.  The Higgins Defendants have moved to dismiss Plaintiff's RICO and common law fraud claims.

## DISCUSSION

I.  Jurisdiction

As the Court has previously found, the Court has jurisdiction over Plaintiff's RICO claims pursuant to 28 U.S.C. § 1331.  While the Court had formerly exercised supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, diversity jurisdiction now exists with respect to the state law claims pursuant to 28 U.S.C. § 1332 because Plaintiff no longer pursues claims against Layani in the Amended Complaint.[2]  Without

---

[2] The Higgins Defendants oppose the omission of Layani in the Amended Complaint.  However, because Layani has not filed a responsive pleading, Plaintiff was entitled to amend the complaint with respect to Layani "as a matter of course." Fed.R.Civ.P. 15(a); see also Singh v. Prudential Ins. Co. of America, Inc., 200 F. Supp. 2d 193, 197 n.7 (E.D.N.Y. 2002) ("[B]efore the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties.").  Courts are permitted to drop nondiverse parties to cure a jurisdictional defect, so long as such parties are not "indispensable." See, e.g., Samaha v Presbyterian Hosp., 757 F.2d 529, 531 (2d Cir. 1985); Philan Ins., Ltd. v. Frank B. Hall & Co., 786 F. Supp. 345, 347 (S.D.N.Y. 1992).  The Higgins Defendants contend that Layani should not be dropped because he is a necessary party, but Layani was sued as a joint tortfeasor and "it is settled federal law that joint tortfeasors are not indispensable parties." Samaha v. Presbyterian Hosp. in City of N.Y., 757 F.2d 529, 531 (2d Cir. 1985).  Accordingly, Plaintiff may proceed without making claims against him.

Layani as a defendant, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.

II. Motion to Dismiss

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). A motion to dismiss a RICO claim may only be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." McLaughlin v. Arthur Anderson, 962 F.2d 187, 190

---

The Higgins Defendants also oppose Plaintiff's omission of Rubin, arguing that since Rubin has filed a responsive pleading, Rule 21 does not permit his elimination without the Court's leave. See Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Rubin has not made any motion in connection with Plaintiff's decision to omit him as a defendant. The "same standard of liberality" that governs amendment under Rule 15 also applies to the addition and elimination of parties under Rule 21. Klecher v. Metro. Life Ins. Co., 331 F. Supp. 2d 279, 283 (S.D.N.Y. 2004). The elimination of Rubin will not prejudice the Higgins Defendants because as another joint tortfeasor, Rubin is a dispensable party, see Samaha, 757 F.2d at 531, and because the Higgins Defendants can choose to pursue their cross-claim for indemnity and contribution against Rubin as a third-party claim. See Broadway & Ninety-Sixth St Realty Corp v. Loew's, Inc., 23 F.R.D. 9, 11 (S.D.N.Y. 1958) (holding that the objecting defendants would not be prejudiced by the dropping of certain co-defendants pursuant to Rule 21 because the objecting defendants may "get leave to serve a third party complaint for contribution on [those who had] formerly been co-defendants"). Thus, given the lack of prejudice to the Higgins Defendants and given the Court's "broad discretion to permit a change in the parties at any stage in the litigation pursuant to Rule 21," the Court will allow Rubin to be dropped. Charles v. N.Y. City Police Dept., No. 96 Civ. 9757, 1999 WL 717300, at *4 (S.D.N.Y. Sept. 15, 1999).

The Higgins Defendants have not objected to the elimination of Blackman as a defendant. Like Layani, Blackman has not filed a responsive pleading, so his elimination is governed by Rule 15 and may be carried out by Plaintiff "as a matter of course." Fed. R. Civ. P. 15(a).

5

(2d Cir. 1992) (citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Weisman v. Le Landais, 532 F.2d 308, 310-11 (2d Cir. 1976) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

III. Failure to Plead With Particularity

In its prior opinion, the Court reviewed the appropriate legal standard for stating a RICO claim for damages under 18 U.S.C. § 1962(c) and for alleging predicate and common law acts of fraud with the particularity required by Federal Rule of Civil Procedure 9(b). See Procapui-Productores de Camaroes de Icapui Ltda. v. Layani, No. 07 CV 6627, slip op. at 7-9 (S.D.N.Y. Jan. 11, 2008). The Court found that the original Complaint did not make it possible to determine who among the Defendants was responsible for any of the described predicate acts and common law fraud. Id. at 9-11, 14.

The Amended Complaint fails to remedy this lack of particularity. The Amended Complaint still sets forth vague

allegations that do not detail who among the defendants committed various fraudulent acts. See, e.g., Am. Compl. ¶¶ 64-65 ("[T]he Higgins defendants did not transfer all of said funds to Procapui's bank. Instead, the Higgins defendants, in concert with Layani, made a total of 52 transfers to . . . third-party payees."). Plaintiff does not make any allegations with respect to a particular Higgins Defendant and instead makes allegations against the entire group. See, e.g., id. ¶ 47 ("[W]hen the Higgins defendants received merchandise from Procapui in reduction of the advances, the Higgins defendants credited Procapui solely with the under billed value of the merchandise and not the true value thereof."). Since "[g]eneral allegations against a group of defendant[s] are insufficient" to satisfy Rule 9(b), Plaintiff has failed to adequately plead its claim of fraud. Schmidt v. Fleet Bank, No. 96 Civ. 5030, 1998 WL 47827, at *5 (S.D.N.Y. Feb. 4, 1998) (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)).

Furthermore, the Amended Complaint fails to adequately allege an enterprise. Plaintiff does not "present specific details of any hierarchy, organization, or unity" among the defendants. Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc., 165 F. Supp. 2d 514, 539 (S.D.N.Y. 2001); see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004) (finding that enterprise was not adequately

pled where plaintiffs failed to provide "any solid information regarding the 'hierarchy, organization, and activities' of [the] alleged association-in-fact enterprise from which [the court] could fairly conclude that its 'members functioned as a unit'") (citations omitted).

Accordingly, in light of the foregoing, the Court finds that Plaintiff's RICO and common law fraud claims should be dismissed with prejudice.

IV. Remaining State Law Claims

Plaintiff's remaining state law claim seeks relief from defendant Higgins, Inc. for failure to pay approximately $1.5 million to Procapui for goods sold and delivered.[3] With respect to this claim, the Higgins Defendants have requested a stay of the present proceeding or an abstention from proceeding because a related action, G.F. Higgins, Inc. v. Procapui Productores de Camaroes de Icapui Ltda and Jozef Anavian, No. 603300/05, is pending before the Supreme Court, New York County. At this time, the Court reserves judgment on the Higgins Defendants' motion for a stay of the remaining state law claim, and the parties are directed to appear at a conference before the Court

---

[3] In addition, the Higgins Defendants have previously made counter-claims against Procapui for breach of contract, money had and received, and account stated, identical claims and claims for mortgage foreclosure and interference with contract against third-party defendant Jozef Anavian ("Anavian"), cross-claims for interference with contract and indemnity and contribution against Layani, and a cross-claim for indemnity and contribution against Rubin.

to discuss the nature and status of the related state action on September 4, 2008 at 10:00 a.m. in Courtroom 18B.

## CONCLUSION

For the reasons stated herein, the Higgins Defendants' motion to dismiss Plaintiff's RICO claim and common law fraud claim is GRANTED. The parties are directed to appear at a conference before the Court regarding the Higgins Defendants' motion requesting that the remaining state law claim be stayed on September 4, 2008 at 10:00 a.m.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         August 7, 2008

9