UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PLAINTIFF-PRODUTORES de CAMAROES de
ICAPUI LTDA.

|  |  |
|---|---|
| Plaintiff, | 07 Civil Action |
|  | File No. 6627-BSJ |
|  | Mag. AJP |
| v. | FIRST AMENDED |
|  | ANSWER TO AMENDED |
| G. F. HIGGINS, INC., THERESA HIGGINS, | COMPLAINT; |
| as Executrix of the Estate of GERALD | COUNTERCLAIMS; |
| FRANCIS HIGGINS, THOMAS HIGGINS, |  |
| and ROBERT HIGGINS, | SUPPLEMENTAL AND |
|  | ADDITIONAL |
| Defendants. | CLAIMS |

-----------------------------------------------------------------x
G.F. HIGGINS, INC., THERESA HIGGINS, as
Executrix of the Estate of GERALD FRANCIS
HIGGINS, THOMAS HIGGINS and ROBERT    DEMAND FOR
HIGGINS,                                                            JURY TRIAL

                        Supplemental and
                        Additional Plaintiffs,

            v.

JOZEF ANAVIAN,

                        Supplemental and
                        Additional Defendant.
-----------------------------------------------------------------x

            DEFENDANTS G. F. HIGGINS, INC., THERESA HIGGINS, as Executrix

of the Estate of GERALD F. HIGGINS, THOMAS HIGGINS AND ROBERT

HIGGINS, ("DEFENDANTS") by their attorney, John J. Phelan, III, P.C., for their First Amended Answer to the Amended Complaint herein dated February 20, 2008 and for their Counterclaims, Third Party Claims and Supplemental and Additional Claims allege as follows:

1.  DEFENDANTS file this First Amended Answer pursuant to the direction of the Magistrate at the July 24, 2008 conference.  It is filed taking into account, to the extent practicable, the decision and Order of the Court dated August 8, 2008 which dismissed the purported RICO, Mail Fraud, Wire Fraud and Common Law Fraud claims in the Amended Complaint and which dropped DEFENDANTS Layani, Rubin and Blackman.  The allegations which relate to the now dismissed Claims are set forth in paragraphs 4 and 5, and 10 through 81 of the Amended Complaint.  This Answer will plead to all the allegations to the extent necessary to avoid admitting to any portion of the Amended Complaint or waiving any right to contest such allegations.  No waiver of the effect of the Court's dismissal of these Claims is intended is intended by responding to those allegations.

2.  With respect to the allegations of paragraph 1 of the Amended Complaint, admit that the PLAINTIFF purports to allege jurisdiction under the statutes and principles set forth but alleges that any purported claim under 18 U.S.C. § 1964 has been dismissed.

3.  With respect to the allegations of paragraph 2 of the Amended Complaint admit that PLAINTIFF purports to allege proper venue in this Court but alleges that there is no basis for laying of venue in the Southern District of New York under Title 18 U.S.C .§ 1965 as those Claims have been dismissed.  Defendants consent to venue in the Southern District of New York.

4.  With respect to the allegations of paragraph 3 of the Amended Complaint, deny knowledge or information sufficient to form a belief.

5.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 4 of the Amended Complaint, except allege, upon information and belief, that MARCIAL GERALD LAYANI ("LAYANI") is now a U.S. citizen domiciled in Brazil and deny that he is a "Co-Racketeer" with any Defendant or that such an assertion has any bearing on the remaining Claim and state that the last sentence of paragraph 4 relates solely to the now dismissed claims if it relates to anything at all.

6.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 5 of the Amended Complaint and state that any such alleged "acts" relate solely to the now dismissed claims if they relate to anything at all.

7.  Admit the allegations of paragraph 6 of the Amended Complaint except

deny that G.F. HIGGINS, INC. or anyone is a "Co-Racketeer".

8.   Admit the allegations of paragraph 7 of the Amended Complaint except deny that THE ESTATE OF GERALD FRANCIS HIGGINS or anyone is a "Co-Racketeer".

9.   Admit the allegations of paragraph 8 of the Amended Complaint except deny that THOMAS HIGGINS or anyone is a "Co-Racketeer".

10.   Admit the allegations of paragraph 9 of the Amended Complaint except deny that ROBERT HIGGINS or anyone is a "Co-Racketeer".

11.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 10 of the Amended Complaint and state that these allegations relate solely to the claims which the Court has dismissed if they relate to anything at all.

12.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 11 of the Amended Complaint, except deny any knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that these allegations relate solely to the claims which the Court has dismissed if they relate to anything at all.

13.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 12 of the Amended Complaint except deny any

knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that these allegations relate solely to the claims which the Court has dismissed if they relate to anything at all.

14. Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 13 of the Amended Complaint except deny knowledge of or participation by DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that these allegations relate solely to the claims which the Court has dismissed if they relate to anything at all.

15. Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 14 of the Amended Complaint except deny knowledge of or participation by DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that these allegations relate solely to the claims which the Court has dismissed if they relate to anything at all.

16. Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 15 of the Amended Complaint except deny knowledge of or participation by DEFENDANTS in the conduct alleged or in any wrongful conduct and except, based on information furnished by PLAINTIFF and Third Party Defendant ANAVIAN in discovery, allege, upon information and belief, that ANAVIAN was a participant in PLAINTIFF and that he participated in its affairs

and that he transferred his ownership interest to Layani, and state that the allegations of this paragraph of the Amended Complaint relate solely to the claims which the Court has dismissed if they relate to anything at all.

17.  Admit the allegations of paragraph 16 of the Amended Complaint except deny knowledge or information sufficient to form a belief with respect to the allegations of the clause "As a result thereof,...".

18.  Deny the allegations of paragraph 17 of the Amended Complaint, except admit that Mr. Blackman had a role in introducing PLAINTIFF and DEFENDANTS.

19.  Deny the allegations of paragraph 18 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to what LAYANI may or may not have said and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

20.  Deny the allegations of paragraph 19 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

21.  Deny the allegations of paragraph 20 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

22.  Deny the allegations of paragraph 21 of the Amended Complaint, except admit that the DEFENDANTS made use of wires and entered into agreements but deny such use was for the purposes alleged and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

23.  Deny the allegations of paragraph 22 of the Amended Complaint and specifically deny, upon information and belief, the authorship, execution, authenticity and delivery of the exhibit alleged and deny any knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

24.  Deny the allegations of paragraph 23 of the Amended Complaint and each of its subparts a. through f. and deny any knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

25. Deny the allegations of paragraph 24 of the Amended Complaint insofar as they allege conduct or knowledge by the DEFENDANTS, except allege that, on September 19, 2002, G.F. HIGGINS and PLAINTIFF entered into agreements

(annexed as Exhibit A to this pleading) and ANAVIAN guaranteed PLAINTIFF's performance thereof (annexed as Exhibit B to this pleading) to the terms of which writings the Court is respectfully referred and otherwise deny any knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that the allegations of this paragraph relate principally to the claims which the Court has dismissed if they relate to anything at all.

26.  Deny the allegations of paragraph 25 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

27.  Deny the allegations of paragraph 26 of the Amended Complaint, except admit that, as collateral for his guaranty, ANAVIAN freely and voluntarily executed and delivered the above Exhibit B guaranty and a mortgage on property in the State of New York (Exhibit F) and admit that the mortgage was given as security for ANAVIAN's guaranty of the full and faithful performance of the working capital and line of credit agreements alleged, respectfully refer the Court to the terms of the writings and state that the allegations of this paragraph of the Amended Complaint relate principally to the claims which the Court has dismissed if they relate to anything at all.

28.  Deny the allegations of paragraph 27 of the Amended Complaint and

state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

29.    Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 28 of the Amended Complaint as to what ANAVIAN knew and when, except allege, upon information and belief, that PLAINTIFF and ANAVIAN were at least on inquiry notice of any claimed wrongdoing years prior to commencing this action and deny any knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.                    30.  Deny the allegations of paragraph 29 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

31. Deny the allegations of paragraph 30 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to any information prepared by or received from the Bank of Brazil or as to its reliability or authenticity.

32. Deny the allegations of paragraph 31 of the Amended Complaint and deny that G.F. HIGGINS owes PLAINTIFF any amount and alleges that G.F.

HIGGINS has paid PLAINTIFF for all sums and alleges that, in fact, as alleged in the counterclaims below, PLAINTIFF owes G.F. HIGGINS, INC. in excess of $1.1 million dollars for sums advanced to PLAINTIFF and never repaid and deny that PLAINTIFF ever made any demand for payment other than the commencement of this lawsuit.

33.  Deny the allegations of paragraph 32 of the Amended Complaint, allege that all payments were made as directed by PLAINTIFF in written instructions and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

34.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 33 of the Amended Complaint and deny any knowledge of or participation by the DEFENDANTS in the conduct alleged or in any wrongful conduct or activities and deny any violation of any U.S. laws by them and any violation of any laws of Brazil by them of which they have knowledge or which oblige them to do anything or prohibit or regulate their conduct and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

35.  Deny the allegations of paragraph 34 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court

has dismissed if they relate to anything at all.

36.   Deny the allegations of paragraph 35 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

37.   Deny the allegations of paragraph 36 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

38.   Deny the allegations of paragraph 37 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

39.   Deny the allegations of paragraph 38 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

40.   In response to paragraph 39 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to the paragraphs set forth above.

41.   Deny the allegations of paragraph 40 of the Amended Complaint, except admit that PLAINTIFF transmitted invoices, which it alone prepared, to DEFENDANTS and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

42. Deny the allegations of paragraph 41 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

43. In response to the allegations of paragraph 42 of the Amended Complaint, admit that the Amended Complaint attaches a purported schedule of invoices but deny that the schedule is accurate or complete and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

44. Deny the allegations of paragraph 43 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

45. Deny the allegations of paragraph 44 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

46. Deny the allegations of paragraph 45 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

47. Admit the allegations of paragraph 46 of the Amended Complaint except deny that any such facts were "purportedly" made or done and deny that

DEFENDANTS maintain any books or records at Sovereign Bank.

48.  Deny the allegations of paragraph 47 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

49.  Deny the allegations of paragraph 48 of the Amended Complaint except admit that G.F. HIGGINS demanded the balance due to it and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

50.  In response to paragraph 49 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to the paragraphs set forth above.

51.  Deny the allegations of paragraph 50 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

52.  Deny the allegations of paragraph 51 of the Amended Complaint except admit that certain invoices, prepared by PLAINTIFF, have the letter "T" on them, deny knowledge or information as to the meaning of that letter and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

53.  With respect to the allegations of paragraph 52 of the Amended

Complaint, respectfully refer the Court to the exhibit for the information purportedly contained and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

54.  With respect to the allegations of paragraph 53 of the Amended Complaint, deny knowledge or information sufficient to form a belief with respect to what PLAINTIFF has "discovered", respectfully refer the Court to the exhibit for the information purportedly contained and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

55.  Deny the allegations of paragraph 54 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

56.  Deny the allegations of paragraph 55 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

57.  Deny the allegations of paragraph 56 of the Amended Complaint, deny knowledge or information sufficient to form a belief with respect to what invoices were or were not registered with the Central Bank of Brazil and state that the allegations of this paragraph relate solely to the claims which the Court has

dismissed if they relate to anything at all.

58.  Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 57 of the Amended Complaint as to what PLAINTIFF's intentions were when it prepared or transmitted any invoices, deny knowledge of or participation by DEFENDANTS in the conduct alleged or in any wrongful conduct or activities, deny that DEFENDANTS engaged in any transactions for illegal or undersized lobsters, allege that, if PLAINTIFF did send any illegal or undersized lobsters to DEFENDANTS (which DEFENDANTS deny), then PLAINTIFF would not be entitled to payment or credit for such and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

59.  Deny the allegations of paragraph 58 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

60.  Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 59 of the Amended Complaint, except allege that the DEFENDANTS have not been contacted by any Brazilian Authority in connection with any such alleged "investigation" and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at

all.

61.  In response to paragraph 60 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to the paragraphs set forth above.

62.  In response to the allegations of paragraph 61 of the Amended Complaint, admit that DEFENDANTS transmitted wire transfers to PLAINTIFF or, in certain cases, to other parties as advances to PLAINTIFF, all on the written instructions of PLAINTIFF, signed by its officers and authorized officials, instructing to which banks and to which accounts the wire transfers should be transmitted, all representing advances to PLAINTIFF made under the agreements between the parties, deny that any such steps were "in concert" with Layani or anyone and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

63.  Admit with respect to paragraph 62 of the Amended Complaint that the Amended Complaint contains an exhibit which purports to list the wire transfers and respectfully refer the Court to that exhibit for its contents and deny its accuracy or completeness.

64.  Admit with respect to paragraph 63 of the Amended Complaint that the wire transfers sent by DEFENDANTS were sent pursuant to the terms of the Working Capital, Line of Credit and Guaranty Agreements and deny that any of

them were made only "ostensibly".

65.  With respect to paragraph 64 of the Amended Complaint, repeat and reallege the allegations of paragraph 62 above of this Answer, deny any wrongful or illegal conduct by the DEFENDANTS and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

66.  With respect to the allegations of paragraph 65 of the Amended Complaint, repeats and realleges the allegations of paragraph 62 above of this Answer, admit that transfers were made to bank accounts apparently of Star Financing Corp., Tansy, S.A. and other third parties all on the specific written instructions of PLAINTIFF, allege that such transfers were, upon information and belief to or on behalf of PLAINTIFF, admit that PLAINTIFF attaches a schedule purporting to show certain transfers, deny the accuracy and completeness of such schedules, respectfully refer the Court to that schedule for its contents, deny that those transfers "had nothing whatsoever to do with Procapui" and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

67.  With respect to paragraph 66 of the Amended Complaint, admit that PLAINTIFF attaches a schedule purporting to show certain transfers, deny the

accuracy and completeness of such schedules, respectfully refer the Court to that schedule for its contents and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

68. Deny the allegations of paragraph 67 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

69. Deny the allegations of paragraph 68 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

70. In response to paragraph 69 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to the paragraphs set forth above.

71. Deny the allegations of paragraph 70 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

72. Deny the allegations of paragraph 71 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

73. Deny the allegations of paragraph 72 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court

has dismissed if they relate to anything at all.

74. In response to paragraph 73 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to the paragraphs set forth above.

75. Deny the allegations of paragraph 74 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

76. Deny the allegations of paragraph 75 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

77. Deny the allegations of paragraph 77 of the Amended Complaint (there is no paragraph 76) and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

78. In response to paragraph 78 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to the paragraphs set forth above.

79. Deny the allegations of paragraph 79 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

80. Deny the allegations of paragraph 80 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court

has dismissed if they relate to anything at all.

81. Deny the allegations of paragraph 81 of the Amended Complaint and state that the allegations of this paragraph relate solely to the claims which the Court has dismissed if they relate to anything at all.

82. In response to paragraph 82 of the Amended Complaint, DEFENDANTS repeat and reallege the responses to paragraphs 1 through 71 `set forth above.

83. Admit the allegations of paragraph incorrectly numbered 73 which follows paragraph numbered 82, except allege that the sales were pursuant to several agreements between the parties, including the guaranty of JOZEF ANAVIAN.

84. Deny the allegations of paragraph 84 of the Amended Complaint except allege that G,F. HIGGINS advanced to PLAINTIFF more than it has received and is owed substantial additional sums as hereinafter alleged.

85. Deny the allegations of paragraph 85 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

86. The Amended Complaint fails to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
(Action is Ultra Vires and Unauthorized)

87.  The PLAINTIFF is, upon information and belief, and was at the time of the institution of this action owned by MARCIAL LAYANI.  LAYANI, upon information and belief, has not authorized the commencement of this action and, therefore, the commencement of the action is unauthorized and *ultra vires*. Accordingly, neither JOZEF ANAVIAN nor counsel for the PLAINTIFF have authority to bring this action it is commenced by persons who lack the legal capacity to sue.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

88.  On June 3, 2004, PLAINTIFF and Defendant G.F. HIGGINS, INC. reached an accord and satisfaction of the transactions, accounts and disputes between them under which PLAINTIFF acknowledged and agreed that PLAINTIFF owed G.F. HIGGINS $1,150,000 and, by implication, G.F. HIGGINS owed PLAINTIFF nothing.  (A copy of the letter acknowledging this is annexed as Exhibit C.)

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
(Payment)

89.  If G.F. HIGGINS ever owed anything to PLAINTIFF, it has paid everything it owed and owes PLAINTIFF nothing.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

(Illegality and *in pari delicto*)

90.  If, as alleged, any transactions between PLAINTIFF and G.F. HIGGINS was, in fact, illegal under U.S. or Brazilian law and if the Court permits proof of such purported illegality, such illegality was committed entirely by PLAINTIFF and bars PLAINTIFF's claims under the doctrine of *in pari delicto*.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE
(Waiver)

91.  In a related action in the New York State Supreme Court which preceded this action, PLAINTIFF and ANAVIAN answered G.F. HIGGINS's claims without interposing any counterclaims or other claims for relief other than dismissal of G.F. HIGGINS's Complaint in that action and litigated in the State Court, including demanding extensive discovery, for a year and a half.  By so doing, PLAINTIFF has waived any claim it might have against G.F. HIGGINS.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
(Waiver; Failure of Condition Precedent)

92.  At no time prior to serving responsive papers in the earlier related State Court action in November, 2005, did PLAINTIFF or ANAVIAN ever assert that they believed that G.F. HIGGINS owed it anything.  In addition to demonstrating the contrived character of PLAINTIFF's claim in this action, such failure operates as a waiver of its claims and the failure to make any demand required.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
(Fraud and Estoppel)

93.  PLAINTIFF's claims are barred by its own fraud and is estopped from asserting claims fraud against others, including the DEFENDANTS in this action.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE
(Fraud on the Court - Estoppel)

94.  Upon information and belief the document annexed to the Amended Complaint as Exhibit E and purportedly signed by LAYANI was not, in fact, signed by him and is a forgery which has been brought forward by PLAINTIFF and attested to by it as genuine.

95.  In view of this attempted fraud on this Court, PLAINTIFF is estopped from proceeding with this action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
(Right of Offset)

96.  G.F. HIGGINS is entitled, under the terms of the Exhibit A written agreement and principles of common law, to offset any sums due from PLAINTIFF against any sums due or claimed to be due from G.F. HIGGINS to PLAINTIFF.

## AS AND FOR A FIRST COUNTERCLAIM THIRD PARTY CLAIM AND FIRST SUPPLEMENTAL AND ADDITIONAL CLAIM
(Breach of Contract - Procapui and Anavian)

97.  The DEFENDANTS repeat and reallege the allegations of paragraphs 1

through 96 of this Answer.

98.  Upon information and belief, Supplemental Defendant JOZEF

ANAVIAN ("ANAVIAN") is the uncle of MARCIAL LAYANI and is a U.S.

citizen.  He has, upon information and belief,  a residence in Columbia County, New

York State and had during the events alleged a residence in New York County.

ANAVIAN, upon information and belief, was, at the time of the Exhibit B guaranty,

a shareholder and an executive officer of PLAINTIFF.  ANAVIAN, upon

information and belief, benefitted personally from the contractual arrangements

between PLAINTIFF and G.F. HIGGINS, INC.  The Exhibit B guaranty recites and

admits this benefit to ANAVIAN.

99.  This Court has jurisdiction over the claims against Defendant ANAVIAN

pursuant to 28 U.S.C. § 1367 as the transactions and conduct alleged against him

form part of the same case or controversy as purported to be alleged in the

Amended Complaint.

100.  As alleged above, on September 19, 2002, G.F.HIGGINS and

PLAINTIFF entered into written contracts, Exhibit A to this pleading, to the terms

of which the Court is respectfully referred.

101.  Under the terms of the Exhibit A contract, G.F. HIGGINS was to

advance sums of money from time to time to PLAINTIFF and PLAINTIFF was to

sell Brazilian shrimp and lobster to G.F. HIGGINS. The price of each shipment was to be credited to PLAINTIFF against the amount of the funds advanced. The price and other terms of the shipment and the credit were to be determined by G.F. HIGGINS's purchase order (and not by any invoice generated by PLAINTIFF) which PLAINTIFF was free to accept or reject. At the end of each calendar year, PLAINTIFF was required to pay such sums as would bring its balance current. The advance payments made by G.F. HIGGINS to PLAINTIFF were to be made "... by wire transfer of immediately available funds to such account or accounts designated by PLAINTIFF in writing."

102.  Also on September 19, 2002, ANAVIAN executed and delivered a written guaranty (annexed as Exhibit B) for the "... full, faithful and timely payment and performance by PLAINTIFF of all payments, covenants and other obligations of PROCAPUI under the [Exhibit A] Agreement". On or about September 19, 2002, ANAVIAN executed a mortgage on his home in Columbia County, to secure the above guaranty (Exhibit F.).

103.  Annexed hereto as Exhibit D is a summary spreadsheet prepared by G.F. HIGGINS setting forth the history of the advances made by G.F. HIGGINS to PLAINTIFF and the shipments received and the cash repayments made by PLAINTIFF to G.F. HIGGINS. The Exhibit D schedule comes to a net of $

1,390,907 owed by PLAINTIFF to G.F. HIGGINS pursuant to the terms of the contract between the parties. Both the Exhibit A Agreement and the Exhibit B guaranty contain provisions requiring PLAINTIFF and ANAVIAN to pay all attorneys' fees and costs associated with enforcement thereof.

104. On June 27, 2005, counsel to G.F. HIGGINS made a written demand upon PLAINTIFF and upon ANAVIAN (Exhibit E).

105. Despite the demand, no sums have been paid by either PLAINTIFF or ANAVIAN and $1,390,907 remains due and owing to G.F. HIGGINS. Instead of paying the amounts owed, PLAINTIFF has falsely claimed in both the State Court action and in this action that G.F. HIGGINS owes money to PLAINTIFF.

106. PLAINTIFF and ANAVIAN have breached their written agreements with G.F. HIGGINS. HIGGINS is entitled to an award of damages in the amount of $1,390,907 plus interest and attorneys fees.

## AS AND FOR A SECOND COUNTERCLAIM AND A SECOND SUPPLEMENTAL OR ADDITIONAL CLAIM
(Money had and Received - Procapui and Anavian)

107. The DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 106 above.

108. PLAINTIFF has received from G.F. HIGGINS sums of money in connection with the various transactions alleged above as set forth on the annexed

Exhibit D schedule.

109.  PLAINTIFF is obliged to repay the aforesaid sums to G.F. HIGGINS and has failed to do so although duly demanded except as evidenced by the credits on the annexed Schedule, Exhibit D.

110.  PLAINTIFF owes to G.F. HIGGINS the sum of $1,390,907 together with interest thereon from December 31, 2004.

111.  ANAVIAN has guaranteed the payment of all sums due from PLAINTIFF to G.F. HIGGINS.

112.  G.F.HIGGINS is entitled to judgment against PLAINTIFF and ANAVIAN in the amount of $1,390,907 plus interest thereon from December 31, 2004 and attorneys' fees and the costs and disbursements of this action.

## AS AND FOR A THIRD COUNTERCLAIM AND THIRD SUPPLEMENTAL OR ADDITIONAL CLAIM
(Account Stated - Procapui and Anavian)

113.  DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 112 above.

114.  In the course of the transactions alleged above and as set forth on the annexed Exhibit D, G.F. HIGGINS rendered accounts to PLAINTIFF which were accepted and agreed to by PLAINTIFF.

115.  On June 3, 2004, PLAINTIFF executed and delivered a letter stating

that it owed G.F. HIGGINS $1,150,000 on that date (Exhibit C).

116.  No objection whatsoever was made to G.F. HIGGINS's accounts until G.F. HIGGINS commenced its State Court action when, for the first time, ANAVIAN, purporting to act on behalf of PLAINTIFF, asserted certain of the claims made in this action and objections to G.F. HIGGINS's claims.

117.  ANAVIAN has guaranteed the obligations of PLAINTIFF.

118.  An account has been stated between the parties and agreed to by both and G.F. HIGGINS is entitled to judgment in the amount against PLAINTIFF and ANAVIAN in the amount of $1,150,000 plus interest thereon from June 3, 2005 and attorneys fees and the costs and disbursements of this action.

## AS AND FOR A FOURTH SUPPLEMENTAL AND ADDITIONAL CLAIM

### (Interference with Contract - Anavian)

119.  The DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 118 above.

120.  ANAVIAN, by his actions and conduct, as alleged herein, has intentionally, wilfully and wrongfully interfered with the contractual rights which G.F. HIGGINS has with PLAINTIFF causing PLAINTIFF to breach its contracts with G.F. HIGGINS and not to honor its obligations under its contract.

121.  G.F. HIGGINS is entitled to judgment in the amount against

ANAVIAN in the amount of $1,390,907 plus interest from June 3, 2005 and attorneys fees and the costs and disbursements of this action.

## AS AND FOR A FIFTH SUPPLEMENTAL
## AND ADDITIONAL CLAIM
(Mortgage Foreclosure - Anavian)

122.  The DEFENDANTS repeat and reallege the allegations of paragraphs 1 through 121 above.

123.  Annexed hereto as Exhibit F is the mortgage given by Defendant ANAVIAN on his home in Livingston, Columbia County, New York as security for his guaranty (Exhibit B) of the obligations of PLAINTIFF under the Working Capital Agreement (Exhibit A) in an amount of up to $750,000.

124.  The Mortgage was duly recorded and the mortgage tax due was paid in the office of the County Clerk of Columbia County on November 21, 2002.

125.  As alleged above, the Working Capital Agreement (Exhibit A) has been breached by the failure of PLAINTIFF to pay sums due to DEFENDANT G.F. HIGGINS.  The guaranty has been breached by the failure of ANAVIAN to pay the sums due or otherwise to meet PLAINTIFF's obligation.  The amount due to Defendants is $1,390,907 as set forth in Exhibit D.

126.  Demand (Exhibit E) has been made on both PLAINTIFF and ANAVIAN.

127.  There are no persons other than ANAVIAN who have or claim to have any interest in or lien upon the mortgaged premises or any part of it which interest or lien is junior to or has accrued subsequent to the lien of DEFENDANT G.F. HIGGINS.

128.  DEFENDANT G.F. HIGGINS is the sole, true and rightful owner of the obligation secured by the Mortgage.

129.  An action was commenced to recover the debt alleged against PLAINTIFF and ANAVIAN in the Supreme Court, State of New York, County of New York in 2005 which action is currently stayed pending the determination of this action.  This action also seeks to collect the amounts due from ANAVIAN.  No judgment has been rendered and no amounts have been collected from either PLAINTIFF or ANAVIAN in either action. This foreclosure claim is made pursuant to Rule 18(b) F.R.Civ.P. is not intended as an election of remedies under § 1301 NY Real Property Actions and Proceedings Law.

130.  G.F. HIGGINS is entitled to foreclose on the mortgage (Exhibit F) and seeks a judgment of foreclosure and an order directing the sale of the mortgaged premises and payment of the net proceeds to G.F. HIGGINS in an amount of up to $750,000 plus interest and reasonable attorneys' fees and a judgment for any deficiency from the those amounts against ANAVIAN.

WHEREFORE, the DEFENDANTS demand and pray judgment:

1.  Dismissing the Amended Complaint and all claims set forth therein and this action;

2.  A money judgment in favor of G.F. HIGGINS, INC. on its counterclaims and supplemental claims against PLAINTIFF and ANAVIAN in the amount of $1,390,907 plus interest and attorneys' fees;

3.  A money judgment against ANAVIAN on the and Supplemental and Additional Claims in the amount of $1,390,907 plus interest and attorneys' fees;

4.  A judgment of foreclosure against the property covered by the Exhibit F mortgage, decreeing the amounts due the DEFENDANT and that ANAVIAN and all persons claiming under him, subsequent to the commencement of this action and every other person or corporation whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, interest or equity of redemption in the mortgaged premises;

Further, that the mortgaged premises, or any part of the premises as may be necessary to raise the amounts due for principal, interest, costs, allowances and disbursements together with any moneys advanced and paid, may be decreed to be sold according to law; out of the moneys arising from the sale of the premises, that DEFENDANT may be paid the amounts due which are secured by the Mortgage

and any sum which may be paid by DEFENDANT to protect the lien of
DEFENDANT's Mortgage as set forth above, with interest on the amounts from the
dates of the respective payments and advances, the costs and expenses of this
action. so far as the amount of money will pay these items.  Further, that any of the
parties may become a purchaser on the sale.

In addition, that this Court, if requested, appoint a Receiver of the rents and
profits of the premises with the usual powers and duties.  And, finally, that
ANAVIAN may be adjudged to pay any deficiency from the $750,000 amount of
the Mortgage that may remain after applying all of the applicable moneys plus
interest and attorneys' fees and that the DEFENDANT may have any further relief
in the premises as may be just and equitable.

ALL TOGETHER with interest on such sums from December 31, 2004,
attorneys' fees and the costs and disbursements of this action.

Dated: New York, NY
         August 22, 2008

                                        Yours, etc.
                                        John J. Phelan, III, P.C.


                                        By/S/ _____
_____John J. Phelan, III (JP8632)
                                        Attorney for Defendants

1285 Avenue of the Americas,
   Suite 3500
New York, NY 10019
(212) 315-3082
jphelaniii@att.net

## CERTIFICATE OF SERVICE

JOHN J. PHELAN, III, hereby certifies that he served the foregoing Answer,
Counterclaims and Supplemental and additional claims upon De Maio & Hughes,
attorneys for Plaintiff and for JOZEF ANAVIAN by filing the same with the Court
through the use of the ECF system.

August 22, 2008

/S/_____
        John J. Phelan, III