## GUARANTY

The undersigned, JOZEF ANAVIAN ("GUARANTOR"), c/o Shawn B. Pratt, Esquire, P.O. Box 1369, Millbrook, New York 12545, as an inducement to G.F. HIGGINS, INC., a Massachusetts corporation ("G.F. HIGGINS"), c/o Christopher C. Cassara, Esquire, 180 South Main Street, Providence, Rhode Island 02903, to advance funds to PROCAPUI PRODUTORES DE CAMAROES DE ICAPUI LTDA., a Brazilian corporation ("PROCAPUI"), pursuant to that certain Working Capital Advances and Product Revolving Line of Credit Agreement of even date herewith between G.F. HIGGINS and PROCAPUI (the "Agreement"), hereby covenants and agrees as follows:

A. GUARANTOR will receive substantial benefits from the Agreement, as GUARANTOR is an executive officer and the principal shareholder and owner of PROCAPUI, and GUARANTOR acknowledges that G.F. HIGGINS would not enter into the Agreement but for G.F. HIGGINS' receipt of this Guaranty from GUARANTOR.

B. GUARANTOR does hereby guarantee to G.F. HIGGINS the full, faithful and timely payment and performance by PROCAPUI of all payments, covenants and other obligations of PROCAPUI under the Agreement. If PROCAPUI shall default at any time in the payment or in the performance of any of the covenants and obligations of PROCAPUI under the Agreement or upon the occurrence of an Event of Default (as defined in the Agreement), then, after notice of default and an opportunity to cure such default as provided herein, GUARANTOR shall, at GUARANTOR'S sole expense, fully and promptly pay and perform all of the covenants and obligations to be performed by PROCAPUI under the Agreement.

C. The obligations of GUARANTOR hereunder are independent of the obligations of PROCAPUI. After notice of default and an opportunity to cure such default as provided herein, a separate action or actions may, at G.F. HIGGINS' option, be brought and prosecuted against GUARANTOR, whether or not any action is first or subsequently brought against PROCAPUI, or whether or not PROCAPUI is joined in any such action, and GUARANTOR may be joined in any action or proceeding commenced by G.F. HIGGINS against PROCAPUI arising out of, in connection with or based upon the Agreement. GUARANTOR waives any right to require G.F. HIGGINS to proceed against PROCAPUI or pursue any other remedy prior to exercising its rights against GUARANTOR hereunder.

D. This Guaranty is a continuing guaranty and shall remain and continue in full force and effect irrespective of the invalidity or unenforceability of the Agreement or of any interruptions in the business relations of G.F. HIGGINS and PROCAPUI so long as any payments, covenants and obligations of PROCAPUI remain unpaid or unperformed to G.F. HIGGINS. Further, this Guaranty shall remain and continue in full force and effect and shall not be discharged in whole or in part notwithstanding (whether prior or subsequent to the execution hereof) any alteration, renewal, extension, restatement, modification or amendment of the Agreement. GUARANTOR hereby waives notices of any of the foregoing, and agrees that the liability of GUARANTOR hereunder shall be based upon the



EXHIBIT B

obligations of PROCAPUI set forth in the Agreement as the same may be altered, renewed, extended, restated, modified or amended from time to time. Without limiting the generality of the foregoing, GUARANTOR'S obligations hereunder shall remain fully binding although G.F. HIGGINS may have extended the time of performance by PROCAPUI under the Agreement.

E. As additional security for the performance of GUARANTOR'S obligations hereunder, and in addition to and not in lieu of any other remedy available to G.F. HIGGINS at law or in equity, GUARANTOR shall execute and deliver to G.F. HIGGINS a mortgage in the principal amount of $750,000 on the real estate and improvements thereon located at Walkers Mill Road, Town of Livingston, Columbia County, State of New York (the "Real Estate"). GUARANTOR agrees that G.F. HIGGINS may, after notice of default and an opportunity to cure such default as provided herein, foreclose upon the Real Estate by public or private sale or in any other manner authorized by law. GUARANTOR agrees that foreclosure upon the Real Estate shall not relieve GUARANTOR of any liability hereunder to the extent the amount realized by G.F. HIGGINS in connection therewith shall not satisfy the obligations owed by PROCAPUI under the Agreement and/or arising hereunder including, without limitation, the costs and expenses of collection, enforcement and/or foreclosure.

F. GUARANTOR warrants and represents that G.F. HIGGINS shall at all times have a second priority mortgage in and to the Real Estate in an amount not to exceed $750,000, free and clear of any other claim with respect thereto other than the lien created by said mortgage granted to G.F. HIGGINS and the first priority mortgage granted by GUARANTOR to First Union National Bank in the principal amount not to exceed $606,000 and recorded in the Columbia County Registry of Deeds at Book 398, Page 939. This first mortgage in favor of First Union National Bank may be refinanced, consolidated, modified, replaced, and/or assigned at any time without restriction other than the amount of the first priority lien shall not exceed $606,000. In the event said first mortgage in favor of First Union National Bank is refinanced, consolidated, modified, replaced, and/or assigned, G.F. HIGGINS agrees to promptly execute and deliver a subordination agreement in form and substance reasonably acceptable to G.F. HIGGINS and its counsel upon reasonable request of GUARANTOR. In addition, GUARANTOR agrees to pay all costs and expenses of a Mortgage Title Insurance Policy in favor of G.F. HIGGINS (not to exceed $750,000) insuring title to the Real Estate subject to the aforesaid mortgages, to be issued in connection with the granting of the mortgage by GUARANTOR to G.F. HIGGINS. GUARANTOR acknowledges and agrees that G.F. HIGGINS shall have no obligation to proceed against the Real Estate in lieu of bringing any other action hereunder.

G. This Guaranty shall remain in full force and effect notwithstanding the institution by or against GUARANTOR and/or PROCAPUI of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of this Guaranty and/or the Agreement in any such proceedings or otherwise.

H. This Guaranty shall be applicable to and binding upon the heirs, personal representatives, successors and assigns of G.F. HIGGINS, PROCAPUI and GUARANTOR.

I. G.F. HIGGINS shall be entitled to recover its costs and expenses including, without limitation, reasonable attorneys' fees, incurred in connection with any action or proceeding against GUARANTOR for violation of or to enforce any of the covenants or conditions of this Guaranty or to enforce any right of G.F. HIGGINS hereunder.

J. The execution of this Guaranty prior to or after the execution and delivery of the Agreement shall not invalidate this Guaranty or lessen the obligations of GUARANTOR hereunder.

K. THIS GUARANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS, U.S.A., WITHOUT REFERENCE TO PRINCIPLES OF CONFLICTS OF LAW THEREOF. IN THE EVENT THAT G.F. HIGGINS BRINGS ANY ACTION OR PROCEEDING IN CONNECTION HEREWITH IN ANY COURT OF RECORD OF THE COMMONWEALTH OF MASSACHUSETTS, OR THE UNITED STATES IN SUCH COMMONWEALTH, GUARANTOR HEREBY IRREVOCABLY CONSENTS TO AND CONFERS PERSONAL JURISDICTION OF SUCH COURT OVER GUARANTOR. IN ANY SUCH ACTION OR PROCEEDING, GUARANTOR HEREBY WAIVES PERSONAL SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER PROCESS AND AGREES THAT SERVICE THEREOF MAY BE MADE UPON GUARANTOR BY MAILING A COPY OF SUCH SUMMONS, COMPLAINT OR OTHER PROCESS BY UNITED STATES CERTIFIED MAIL, RETURN RECEIPT REQUESTED, POSTAGE PREPAID, TO GUARANTOR AT THE ADDRESS SET FORTH ABOVE. GUARANTOR AND G.F. HIGGINS MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION HEREWITH

L. The invalidity or unenforceability of any provision, or any portion of any provision of this Guaranty, shall not render the remaining provisions of this Guaranty (or the remaining portions of any provisions held invalid or unenforceable in part) invalid or unenforceable, but the remaining provisions of this Guaranty (and the remaining portions of any provisions held invalid or unenforceable in part only) shall be given effect to the greatest extent possible.

M. As referred to in this Guaranty, notice of default shall be given by G.F. HIGGINS to GUARANTOR in writing to the address set forth above and shall set forth with reasonable specificity the nature of such default and a thirty (30) day opportunity to cure such default.

N. In the event of any litigation or arbitration proceedings between the parties hereto with regard to the subject matter hereof, the prevailing party shall be entitled to recover its costs and expenses incurred in connection with such suit or proceeding, including its reasonable attorneys' fees.

IN WITNESS WHEREOF, GUARANTOR has executed this Guaranty this ___ day of September, 2002.

WITNESS:                                    GUARANTOR:

_____             _____
                                            Jozef Anavian, Individually

STATE OF NEW YORK
COUNTY OF New York

In 401 B'way, in said County, on this ___ day of September, 2002, before me personally appeared the above-named Jozef Anavian, to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument by him so executed to be his free act and deed.

_____
Notary Public
My Commission Expires:
STANLEY TISCHLER
COMMISSIONER OF DEEDS
CITY OF NEW YORK-NO. 1-3961
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 1, 200_