```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
PROCAPUI-Productores de Camaroes      :
de Icapui Ltda.,                      :
                                      :
                    Plaintiff,        :
                                      :         07-CV-6627 (BSJ)
        v.                            :
                                      :
                                      :            Order
G.F. HIGGINS, INC., THERESA HIGGINS as:
Executrix of THE ESTATE OF GERALD     :
FRANCIS HIGGINS, THOMAS HIGGINS, and  :
ROBERT HIGGINS,                       :
                                      :
                    Defendants.       :
-------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/08

COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): X
COUNSEL FOR DFT(S): X
PLTFF PRO SE: _____
DFT. PRO SE: _____
DATE: 9/3/08
BY: _____

By order dated August 8, 2008 (the "Order"), pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), this Court dismissed, with prejudice, Plaintiff Procapui-Productores de Camaroes de Icapui Ltda.'s ("Plaintiff" or "Procapui") RICO and common law fraud claims as pleaded in Plaintiff's Amended Complaint. Plaintiff's state law claim, seeking relief for Defendant G.F. Higgins, Inc.'s (Higgins, Inc.) alleged failure to compensate Plaintiff for goods sold and delivered, remains. Plaintiff now orally moves this Court for entry of final judgment, as to those dismissals, under Fed. R. Civ. P. 54(b).

In addition, Plaintiff orally requests leave to amend his amended complaint in order to once again attempt to plead the dismissed claims; Defendants oppose that request. For the

1

reasons set forth below, Plaintiff's motion for an entry of final judgment under Rule 54(b) is DENIED at this time; Plaintiff's request for leave to amend and replead its complaint is also DENIED.

## DISCUSSION

The facts relevant to this action were set forth in the prior Order, as well as this Court's January 11, 2008 order. Familiarity with these opinions is presumed.

A. <u>Rule 54(b) Certification</u>

Pursuant to Rule 54(b), Plaintiff requests certification of the Order as final and appealable. Plaintiff argues that such a certification would preclude the possibility of a costly and duplicative trial on the dismissed claims.

Rule 54(b) provides, in pertinent part, that, "[w]hen an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims … only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The "historic federal policy against piecemeal appeals" dictates that this Court exercise its power to enter a final judgment as to fewer than all remaining claims in an action "sparingly." <u>Advanced Magnetics, Inc. v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 16 (2d Cir. 1997)(internal quotation marks and citations omitted). Generally, "a district court may properly make a Rule

54(b) determination only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. (internal quotation marks and citations omitted).

Plaintiff has indicated that it will appeal this Court's dismissal of its RICO and fraud claims. In the event that that dismissal is reversed after the trial on the remaining claims, Plaintiff argues, the parties would face the prospect of a second trial involving similar and interrelated issues. In light of that prospect, Plaintiff contends that a 54(b) determination would preclude the possibility of a duplicative and financially prohibitive second trial.

The parties are not yet ready for trial; the discovery process remains ongoing. Upon its conclusion at the end of October, one or both of the parties may move for summary judgment. Under this circumstance, Plaintiff's request for a 54(b) determination is premature. Should the Court grant summary judgment for Defendants, for instance, a final judgment would be entered, and the entire case could be appealed. In view of that possibility, the certification of the prior order for immediate appeal would only foster the type of "piecemeal appeal" against which federal policy counsels.

Accordingly, the Court DENIES Plaintiff's request for an entry of final judgment as to the Court's disposition of

Plaintiff's RICO and common law fraud claims. Plaintiff may renew its request upon the conclusion of the discovery process and the resolution of summary judgment motions, if any.

B. <u>Plaintiff's Request for Leave to Amend its Complaint</u>

In hopes of satisfying the requisites of Fed. R. Civ. P. 9(b) and 12(b)(6), Plaintiff seeks leave to replead its dismissed RICO and common law fraud claims. Plaintiff has submitted neither a written motion for leave to amend nor a proposed pleading.

This Court has the discretion to grant or deny a motion to amend. See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Krumme v. WestPoint Stevens, Inc.</u>, 143 F.3d 71, 88 (2d Cir. 1998). Fed R. Civ. P. 15(b) provides that leave to amend should be given freely "when justice so requires." But "considerations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." <u>Barrows v. Forest Laboratories</u>, 742 F.2d 54, 58 (2d Cir. 1984). Further, "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of this action." <u>H.L. Hayden Co. v. Siemens Medical Systems</u>, 112 F.R.D. 417, 419 (S.D.N.Y. 1986)(collecting cases).

Ordinarily, dismissal based on failure to plead fraud with particularity under Fed. R. Civ. P. 9(b) is without prejudice to

a plaintiff's filing an amended complaint to cure the deficient pleading. Salinger v. Projectavision, Inc., 972 F. Supp. 222, 236 (S.D.N.Y. 1997). A grant of leave to amend is less appropriate, however, with regard to claims that were dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted. Id. (denying leave to amend).

At bar, Plaintiff has twice attempted to sufficiently plead its RICO and common law fraud claims. Both attempts have failed. This Court dismissed the first iteration of Plaintiff's RICO and common law fraud claims pursuant to Rule 9(b) and granted leave to amend. But Plaintiff's amended pleadings suffered the same infirmities as its original complaint, and the amended claims were dismissed, with prejudice, under 12(b)6). Justice does not require that Plaintiff receive a third bite at the apple. See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 168 (2d Cir.2003) (holding that "the District Court did not abuse its discretion in denying ... leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed'")(citing Dluhos v. Floating & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998)); Kampfer v. County of Fulton, No. 94-9110, 94-9201, 1997 U.S. App. LEXIS 653, 5-6 (2d Cir. Jan. 15, 1997) (affirming

denial of leave to amend "where the plaintiff has already been given one opportunity to amend his complaint … Having been granted a second opportunity to correct the defects in his complaint, Kampfer filed an amended complaint that suffers from at least as many difficulties as the original complaint"); Salinger, 972 F. Supp. at 236 (denying leave to amend plaintiff's third complaint because "[t]hree bites at the apple is enough").

Plaintiff's request is therefore DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for an entry of final judgment under Rule 54(b) is DENIED. Plaintiff's request for leave to amend its amended complaint is also DENIED.

**SO ORDERED:**

                                     _____
                                     BARBARA S. JONES
                                     UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         September 3, 2008